# SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into as of this 10th day of October, 2019, by and between Plaintiffs Cara Centko, Jenn Lazar, Christopher Stanczak, Rose Creps, James Kinnick, Wallace Coats, Maryanne Brogan, Andrea Smolek, Danny Dickerson, Robert Fockler, Amy Franklin, Donald House, Dave Loomis, Joseph McCallister, Arron Miller, Ricky Montoya, Lynn North, Mark Rice, Reid Schmitt, James Smith, and Chris Stackhouse (the "Plaintiffs" or "Class Representatives"), individually and as representatives of the Class defined below, and Defendants Hyundai Motor America ("HMA"), Hyundai Motor Company ("HMC"), Kia Motors Corporation ("KMC") and Kia Motors America ("KMA") (collectively the "Parties").

WHEREAS, Plaintiffs Centko and Lazar filed the proposed nationwide class action lawsuit *Centko and Lazar v. Kia Motors America, Inc.*, No. 8:17-cv-00838 (C.D. Cal.) on May 10, 2017; Plaintiffs Stanczak and Creps filed the proposed nationwide class action lawsuit *Stanczak and Creps v. Kia Motors America, Inc. et al.,* No. 8:17-cv-1365 (C.D. Cal.) on August 8, 2017; Plaintiffs Kinnick and Coats filed the proposed nationwide class action lawsuit *Kinnick and Coats v. Hyundai Motor Company, et al*., No. 8:17-cv-02208 (C.D. Cal.) on December 19, 2017; Plaintiff Brogan filed the proposed nationwide class action lawsuit *Brogan v. Hyundai Motor America, et al.*, No. 8:17-cv-00622 (C.D. Cal) on January 23, 2018; and Plaintiff Smolek filed the proposed nationwide class action lawsuit *Smolek v. Hyundai Motor America, et al.*, No. 2:18-cv-05255 (C.D. Cal.) on April 16, 2018;

WHEREAS, on August 7, 2018, the Court ordered these cases consolidated as *In re: Hyundai and Kia Engine Litigation*, No. 8:17-cv-00838 (C.D. Cal.);

WHEREAS, these cases arise from Plaintiffs' allegations that certain Kia and Hyundai vehicles equipped with Theta II 2.0-liter and 2.4-liter gasoline direct injection engines were manufactured, marketed, sold, and leased with an engine defect that can result in sudden engine seizure, engine failure and/or engine fire;

WHEREAS, HMA, HMC, KMC and KMA deny Plaintiffs' allegations, deny all liability and culpability, and maintain that they have meritorious defenses;

WHEREAS, following consolidation of the cases, counsel for the Parties met and conferred several times, including with an engineering representative from HMA, HMC, KMC and KMA present, regarding Plaintiffs' allegations, HMA's, HMC's, KMC's and KMA's defenses, and potential resolution of the litigation;

WHEREAS, as part of these discussions, and in the context of a potential classwide resolution, HMA, HMC, KMC and KMA informed plaintiffs they planned to conduct a product improvement campaign of some of the vehicles at issue in these actions, in accordance with procedures reviewed by the National Highway Traffic Safety Administration;

WHEREAS, Defendants in *In re: Hyundai and Kia Engine Litigation* moved to dismiss the claims of the plaintiffs on September 4, 2018, and plaintiffs opposed the motion October 9, 2018;

WHEREAS, on December 14, 2018, Plaintiffs Fockler, House, Loomis, Miller, Moore, Rice, and Smith, along with other plaintiffs not subject to this Settlement (defined below), filed the proposed nationwide class action lawsuit *Flaherty v. Hyundai Motor Company, et al.*, No. 18-cv-02223 (C.D. Cal.), alleging similar claims to those in *In re: Hyundai and Kia Engine Litigation*; *Flaherty* was amended twice, on January 10, 2019, and May 1, 2019, to add Plaintiffs Dickerson, McCallister, Montoya, Franklin, North, Schmitt, and Stackhouse, along with other plaintiffs not subject to this Settlement;

WHEREAS, Defendants and the Plaintiffs in *In re: Hyundai and Kia Engine Litigation* mediated on December 21, 2018, with the assistance of Hon. Ronald M. Sabraw (Ret.) of JAMS, at which time they reached a settlement in principle to resolve the class allegations, subject only to Hyundai and Kia management approval;

WHEREAS, the Parties, including counsel in *Flaherty,* continued settlement discussions over the next several months, resulting in certain modifications and enhancements to the proposed settlement;

WHEREAS, the Parties have continued to negotiate the final portions of this Settlement Agreement including fees and administrative matters;

WHEREAS, Class Counsel (defined below) have investigated the facts and law relating to Plaintiffs' claims and HMA's, HMC's, KMC's and KMA's defenses, and have concluded that a settlement with HMA, HMC, KMC and KMA according to the terms set forth below is in the best interests of Plaintiffs and the Class;

WHEREAS, despite their denial of any liability or culpability and their belief that they have meritorious defenses to the claims alleged, HMA, HMC, KMC and KMA nevertheless decided to enter into the Settlement described herein as a benefit to their customers and to avoid further litigation;

WHEREAS, Plaintiffs have and will continue to take reasonable confirmatory discovery, including deposition(s) of a corporate designee(s), to the extent that additional information is reasonably required to support the terms of the Settlement Agreement. Any such discovery shall be subject to limitations negotiated by Class Counsel and HMA's, HMC's, KMC's and KMA's counsel.

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein, and intending to be legally bound, it is agreed by and among the undersigned that this Action be settled, compromised, and judgment entered on the terms and conditions set forth below.

## I.    DEFINITIONS

### A.    "Action"

"Action" refers to the consolidated litigation titled *In re: Hyundai and Kia Engine Litigation,* No. 8:17-cv-00838 (C.D. Cal.), inclusive of the underlying cases that were consolidated, and the claims of Plaintiffs Danny Dickerson, Robert Fockler, Amy Franklin, Donald House, Dave Loomis, Joseph McCallister, Arron Miller, Ricky Montoya, Lynn North, Mark Rice, Reid Schmitt, James Smith, Chris Stackhouse and Class members from *Flaherty v. Hyundai Motor Company, et al.*, No. 18-cv-02223 (C.D. Cal.). *Flaherty* is not settled in its entirety, and the claims of *Flaherty*'s named plaintiffs and putative class members not explicitly named, identified, or encompassed in this Settlement Agreement are subject to ongoing litigation.

### B.    "Claim"

A "Claim" is a request for reimbursement under this Settlement.

### C.    "Claimant"

"Claimant" is a Class member or other person or entity eligible to make a Claim pursuant to this Settlement Agreement (*e.g.*, a subsequent purchaser of a Class Vehicle under the terms of the Lifetime Warranty, described in Section II).

### D.    "Claim Form"

"Claim Form" refers to a form used to make a Claim under this Settlement, substantially in the form attached hereto as Exhibit B.

### E.    "Settlement Class" or "Class"

"Settlement Class" or "Class" refers to:

*All owners and lessees of a Class Vehicle who purchased or leased a Class Vehicle in the United States, including those that were purchased while the owner was abroad on active U.S. military duty, but excluding those purchased in U.S. territories and/or abroad.*

Excluded from the claims of the Class (and not released by this Settlement) are all claims for death, personal injury, property damage (other than damage to a Class Vehicle that is the subject of a Qualifying Repair), and subrogation.  Also excluded from the Class are HMA, HMC, KMC and KMA; any affiliate, parent, or subsidiary of HMA, HMC, KMC or KMA; any entity in which HMA, HMC, KMC or KMA has a controlling interest; any officer, director, or employee of HMA, HMC, KMC or KMA; any successor or assign of HMA, HMC, KMC or KMA; any judge to whom this Action is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons; (c) individuals and/or entities who validly and timely opt-out of the settlement; (d) consumers or businesses that have purchased Class Vehicles previously deemed a total loss (*i.e*., salvage or junkyard vehicles) (subject to verification through Carfax or other means); and (e) current or former owners of a Class Vehicles that previously released their claims in an individual settlement with HMA, HMC, KMC and KMA with respect to the issues raised the Action (for the purpose of clarity, individual owners of 2011-2014 Hyundai Sonatas who released claims against HMA and HMC in the settlement reached in *Mendoza v. Hyundai Motor Company Ltd., et. al.*, Case No. 15-cv-01685-BLF (C.D. Cal.) are not excluded from the claims of the Class).

**F.**      **"Class Counsel"**

"Class Counsel" means Matthew D. Schelkopf of Sauder Schelkopf, Adam Gonnelli of The Sultzer Law Group, and Bonner Walsh of Walsh PLLC, as per the Order of Judge Staton of June 16, 2018 in *In re: Hyundai and Kia Engine Litigation* (Dkt. 80), and also Steve Berman of Hagens Berman Sobol Shapiro LLP.

**G.**      **"Class Vehicles"**

"Class Vehicles" refer to all 2011, 2012, 2013, 2014, 2015, 2016, 2017, 2018, and certain 2019 model year Hyundai Sonata vehicles, all 2013, 2014, 2015, 2016, 2017, 2018, and certain 2019 model year Hyundai Santa Fe Sport vehicles, all 2014, 2015, 2018, and certain 2019 model year Hyundai Tucson vehicles, all 2011, 2012, 2013, 2014, 2015, 2016, 2017, 2018, and certain 2019 model year Kia Optima vehicles, all 2011, 2012, 2013, 2014, 2015, 2016, 2017, 2018, and

certain 2019 model year Kia Sorento vehicles, and all 2011, 2012, 2013, 2014, 2015, 2016, 2017, 2018, and certain 2019 model year Kia Sportage vehicles, originally equipped with or replaced with a genuine Theta II 2.0 liter or 2.4 liter gasoline direct injection engine within OEM specifications, that were purchased or leased in the United States, excluding the territories, and including those that may have been purchased while the owner was abroad on active U.S. military duty.  For 2019 model year vehicles listed above, the Class shall include those vehicles that were manufactured before the Knock Sensor Detection System technology described in this agreement was incorporated into their production.

 **H.** **"Court"**

"Court" means the United States District Court for the Central District of California.

 **I.** **"Effective Date"**

"Effective Date" means the first date after the Court's entry of final approval ("Final Approval Order") and entry of Judgment is entered, if no appeal is timely filed or if no motion to extend the time for filing an appeal has been filed.  If there is an appeal, the Effective Date of Settlement shall be the date on which all appellate rights with respect to the Final Approval Order and Judgement in the Action have expired or been exhausted in such a manner as to render the Final Approval Order and Judgment non-appealable.

 **J.** **"Exceptional Neglect"**

"Exceptional Neglect" means (a) when the vehicle clearly evidences a lack of maintenance or care for a significant period of time of not less than one (1) year, such that the vehicle appears dilapidated, abandoned, and/or beyond repair unless such lack of maintenance was due to a Loss Event; or (b) failure of a Settlement Class member to have the KSDS ("Knock Sensor Detection Software") installed pursuant to the KSDS Product Improvement Campaign by a Hyundai or Kia dealer within 60 days of the Notice Date, or within 60 days of the mailing of the KSDS campaign notice, whichever is later.  Diagnostic costs associated with establishing Exceptional Neglect will be borne by Defendants.

 **K.** **"Fairness Hearing" and/or "Final Approval Hearing"**

"Fairness Hearing" and/or "Final Approval Hearing" means the final hearing to be conducted by the Court on such date as the Court may order to determine the fairness, adequacy, and reasonableness of the Settlement in accordance with applicable jurisprudence, to be held after notice has been provided to the Settlement Class in accordance with this Settlement, and

where the Court will: (a) determine whether to grant final approval to the certification of the Settlement Class; (b) determine whether to designate Plaintiffs as the representatives of the Settlement Class; (c) determine whether to designate Class Counsel as counsel for the Settlement Class; (d) determine whether to grant final approval to the Settlement; (e) rule on Class Counsel's Application for a Fee and Expense Award; (f) rule on Class Representatives' Application for Class Representative Service Awards;  and (g) consider whether to enter the Final Approval Order.

### L.       "Knock Sensor Detection Software"

"Knock Sensor Detection Software" (or "KSDS") refers to the engine monitoring technology developed by Defendants that, with software innovations, leverages existing hardware on the subject Class Vehicles to continuously monitor engine performance for symptoms that may precede engine failure and that is being offered as a software update to Class members free of charge pursuant to the product improvement campaigns referenced herein.

### M.       "Lifetime Warranty"

"Lifetime Warranty" refers to the extension of the existing Powertrain Warranty to cover the short block assembly, consisting of the engine block, crankshaft and bearings, connecting rods and bearings, and pistons, in those Class Vehicles owned by individual consumers that have completed the KSDS update in connection with Defendants' now-ongoing product improvement campaigns described herein.  The Lifetime Warranty shall also apply to any damage caused to the long block assembly due to connecting rod bearing failure.   With the exception of cases of Exceptional Neglect and subject to the existing terms, limitations, and condition of the Class Vehicles' original Powertrain Warranty, the Lifetime Warranty shall otherwise endure irrespective of the Class Vehicle's mileage or duration of ownership.  The Lifetime Warranty shall not apply or be available to commercial entities such as used car dealers, franchisees, or automobile auction houses.  For Class Vehicles that may otherwise need a new engine pursuant to this warranty at or above 150,000 miles and more than eight (8) years from the original in-service date, Defendants shall have the option, in lieu of replacing the engine under warranty, to either, at the vehicle owner's election, (i) repurchase the vehicle at Bluebook value (very good/private party) or (ii) pay the owner $2,000.00 in lieu of an engine replacement, provided that the owner has installed the KSDS, and which payment will require that the owner agree in writing to assume all risk going forward and to void the vehicle's remaining Lifetime Warranty.

N.     **"Long Form Notice"**

"Long Form Notice" refers to the notice to be sent to the Class as detailed below, substantially in the same form as Exhibit A.

O.     **"Loss Event"**

"Loss Event" means any Class Vehicle incident that would have led to a Qualifying Repair (including, but not limited to, an engine fire) but either the cost of the repair was too great or other circumstances led the Class member to dispose of the Class Vehicle at a loss.  This includes events in which there was insurance coverage, but where the Class member was still not made whole by such insurance payments.

P.     **"Notice Date"**

"Notice Date" refers to the date 90 days after the Court enters an order preliminarily approving this Settlement.

Q.     **"Pamphlet"**

"Pamphlet" refers to the separate, color-printed document that will be provided after the Effective Date, substantially in the same form as attached as Exhibit C.  The Pamphlet shall be designed to be kept with the owner's manual for Class Vehicles.  The Pamphlet shall (i) prominently warn of the risk that Class Vehicles may suffer engine stalling while driving, (ii) list all warning signs known by HMA and HMC (for Hyundai Class Vehicles) and KMA and KMC (for Kia Class Vehicles) that potentially precede such an engine seizure or stall, such as engine knocking and illumination of the Class Vehicle's oil lamp; (iii) recommend that any Class member who has not already done so, should promptly present their Class Vehicle to an authorized Hyundai or Kia dealership (as appropriate depending on the vehicle) for a free inspection and, if appropriate, repair; (iv) describe the warranty and reimbursement benefits provided by this Settlement; and (v) describe HMA's, HMC's, KMC's or KMA's (as the case may be) product improvement campaign for the Class Vehicles, including the free knock sensor detection software update.

R.     **"Parties"**

"Parties" (or "Party" individually) means Plaintiffs and Defendants.

S.     **"Plaintiffs' Counsel"**

"Plaintiffs' Counsel" (as distinct from "Class Counsel") means Matthew D. Schelkopf of Sauder Schelkopf, Adam Gonnelli of The Sultzer Law Group, Bonner Walsh of Walsh PLLC,

Daniel C. Levin and Adam B. Cohen of Levin Sadran and Berman LLP, Jason S. Rathod, Nicholas Migliaccio, and Esfand Nafisi of Migliaccio & Rathod LLP, Steve Berman and Christopher Pitoun of Hagens Berman Sobol Shapiro LLP, and Robert Hilliard of Hilliard Muñoz Gonzales LLP.

**T.    "Preliminary Approval Order"**

"Preliminary Approval Order" means the proposed order to accompany the motion for preliminary approval, substantially in the form attached hereto as Exhibit D.

**U.    "Proof of Loss Event"**

"Proof of Loss Event" means the original or a copy of any document(s) generated pertaining to the loss that was incurred.

**V.    "Proof of Repair Expense"**

"Proof of Repair Expense" means the original or a copy of any document(s) generated at or around the time expense was incurred for a Qualifying Repair that identifies the Qualifying Repair's nature, date performed, and cost incurred by the Class member for the Qualifying Repair. For Class members who had the Qualifying Repair performed at a Hyundai or Kia dealership, the cost incurred by the Class member for the Qualifying Repair shall be substantiated as set forth in Section II.C.3.

**W.    "Proof of Repair-Related Expense"**

"Proof of Repair-Related Expense" means the original or a copy of any document(s) generated at or around the time that expense was incurred for a rental car, towing service, or other out-of-pocket expense in direct conjunction with obtaining a Qualifying Repair, and which identifies the nature of the expense, the date the cost was incurred, and the dollar amount.

**X.    "Qualifying Repair"**

"Qualifying Repair" refers to any type of repair, replacement, diagnosis, or inspection of the Class Vehicle short block assembly consisting of the engine block, crankshaft and bearings, connecting rods and bearings, and pistons, due to a connecting rod bearing failure or symptoms associated with connecting rod bearing failure, but excluding Exceptional Neglect. Diagnostic costs associated with establishing Exceptional Neglect will be borne by Defendants. For purposes of reimbursement of repairs that occurred before the Class member received notice of this Settlement, "Qualifying Repair" also includes any other Class Vehicle components, including but not limited to the Class Vehicle long block (and the long block's components),

battery, or starter, provided that the corresponding Proof of Repair Expense reflects that the work was conducted in an attempt to address engine seizure, engine stall, engine noise, engine compartment fire, illumination of the oil lamp, or otherwise repair mechanical or cosmetic damage to the Class Vehicle that are the natural and probable consequence of a connecting rod bearing failure or symptoms associated with connecting rod bearing failure, but excluding Exceptional Neglect, except for any repairs for which the Proof of Repair Expense reflects that the repairs were plainly unrelated to the engine short block assembly issues (for example, a stall caused by a fuel pump, oxygen sensor, or the electrical system).  Any repairs or replacement of a Class Vehicle oil filter in an attempt to address engine seizure, engine stall, engine noise, or illumination of the oil lamp, caused by a connecting rod bearing failure, but excluding Exceptional Neglect, will be presumed to be included within the definition of a Qualifying Repair.  Nothing in this definition shall require HMA, HMC, KMC or KMA to provide repairs caused by a collision involving a Class Vehicle, unless such collision is directly caused by a Class Vehicle failure otherwise subject to a Qualifying Repair, such as an engine fire.

Y.      **"Releasees"**

"Releasee[s]" shall refer jointly and severally, individually and collectively to entities that marketed the Class Vehicles, entities that designed, developed, and/or disseminated advertisements for the Class Vehicles, HMA, Hyundai America Technical Center, Inc. (also doing business as Hyundai-Kia America Technical Center), HMC, KMA, KMC, all affiliates of the Hyundai Motor Group, and each of their respective future, present, and former direct and indirect parents, subsidiaries, affiliates, divisions, predecessors, successors, assigns, dealers, distributors, agents, principals, suppliers, vendors, issuers, licensees, and joint ventures, and their respective future, present, and former officers, directors, employees, partners, general partners, limited partners, members, managers, agents, shareholders (in their capacity as shareholders) and legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.  As used in this paragraph, "affiliates" means entities controlling, controlled by, or under common control with a Releasee.

Z.      **"Releasors"**

"Releasor[s]" shall refer jointly and severally, individually and collectively to the Class Representatives, the Class members, and their future, present, and former direct and indirect parents, subsidiaries, affiliates, divisions, predecessors, successors, and assigns, and their

respective future, present, and former officers, directors, employees, partners, general partners, limited partners, members, managers, agents, shareholders (in their capacity as shareholders) and legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.  As used in this paragraph, "affiliates" means entities controlling, controlled by or under common control with a Releasor.

### AA.    "Settlement"

"Settlement" means the settlement into which the Parties have entered to resolve the Action.  The terms of the Settlement are as set forth in this Settlement Agreement and attached exhibits.

### BB.    "Settlement Administrator" or "Claims Administrator"

"Settlement Administrator" or "Claims Administrator" means Defendants or their administrators selected to administer the Settlement and approved by the Court.

Capitalized terms in this Settlement Agreement not defined in this section shall have the meanings ascribed to them elsewhere in this Agreement.

## II.    SETTLEMENT CONSIDERATION

In consideration for the Settlement, entry of judgment, and dismissal, and for the mutual release provided herein, HMA and KMA agree to provide the following consideration to the Class:

### A.    Lifetime Warranty Coverage For Engine Short Block

1.    Effective beginning on the Notice Date, HMA and KMA shall extend and sustain into full effect the Lifetime Warranty for all eligible Class Vehicles.

2.    For the 90-day period immediately following the Notice Date, all Class Vehicles that have not received a recall inspection under at least one of the campaigns referenced below will be eligible under the Lifetime Warranty for free inspections and, as needed on a vehicle-by-vehicle basis, short block assembly repairs, irrespective of the Class Vehicles' mileage, duration of ownership, or prior repairs.

3.    The Lifetime Warranty shall cover all costs associated with inspections and repairs including, without limitation, the costs associated with replacement parts, labor, diagnoses, and mechanical or cosmetic damage to the Class Vehicle caused by the engine malfunction (*e.g.,* engine failure or fire).

4.      Notwithstanding any provision(s) to the contrary in any express warranty provided by HMA or KMA in conjunction with the sale or lease of Class Vehicles, the Lifetime Warranty shall persist in its full duration regardless of any transfer in ownership or lease of a Class Vehicle.

5.      In conjunction with any Qualifying Repair, HMA (for Class members who own(ed) or leas(ed) Hyundai Class Vehicles, *i.e.* "Hyundai Class members") and KMA (for Class members who own(ed) or leas(ed) Kia Class Vehicles, *i.e.* "Kia Class members") shall, through authorized Hyundai or Kia dealerships, provide a comparable class of loaner vehicle, as may be available at a dealer location, at no cost if requested.  To the extent no loaner vehicle is reasonably available through HMA's or KMA's authorized Hyundai or Kia dealerships at the time of the request, HMA and KMA will provide reimbursement of reasonable rental car expenses up to $40 per day until engine replacement or repair is completed and submitted pursuant to section II.D.1.  No Lifetime Warranty inspections or repairs shall be denied for a Class Vehicle on the grounds that the Qualifying Repair was necessitated by the owner or lessor failing to properly service or maintain the vehicle, except in instances of Exceptional Neglect. Upon request, HMA (for Hyundai Class members) and KMA (for Kia Class members) will reasonably promptly furnish a list of all such cases of Exceptional Neglect, if any, to Class Counsel.  This Settlement shall not be construed as obligating HMA, KMA, or their dealerships to repair engines or provide new engines under the Lifetime Warranty, or provide any other compensation or reimbursement for otherwise inoperative vehicles (*e.g.*, branded, salvage, or junkyard vehicles not otherwise roadworthy) unless such inoperability is directly caused by a Class Vehicle failure originating from a connecting rod bearing failure and otherwise subject to a Qualifying Repair, such as an engine fire.

6.      Class members shall not be required to present the Long Form Notice, Pamphlet, Claim Form, or any other Settlement-related document in order to receive Lifetime Warranty inspections or repairs at an authorized Hyundai or Kia dealership. Class members are suggested to retain all vehicle maintenance records after the Notice Date, and may be required to provide records for vehicle maintenance performed after the Notice Date to receive Lifetime Warranty repairs.

7.      All rights otherwise available to owners and lessees under preexisting warranties will continue to remain available to Class members notwithstanding the implementation of this

Settlement.  Nothing in this Settlement will be construed as diminishing or otherwise affecting any express or implied warranty, duty, or contractual obligation of HMA or KMA in connection with Class Vehicles.

8.      HMA and KMA may implement or continue to implement any additional customer satisfaction or goodwill policy, program, or procedure at their discretion, and may extend goodwill consideration to individual Class members on a case-by-case basis, without regard to their entitlement to relief under the Settlement.  No such goodwill decision by HMA or KMA, however, shall act to deprive a Class member or Claimant of the benefits available under the Settlement.

9.      Any dispute concerning coverage under the Lifetime Warranty shall be resolved through a Better Business Bureau ("BBB") administered alternative dispute resolution process. The Claimant must provide written notice to HMA (for Hyundai Class Vehicles) or KMA (for Kia Class Vehicles) requesting alternative dispute resolution.  After receipt of the written notice, HMA or KMA shall be permitted a 30-day good faith period in which HMA or KMA can confer with the Class member in an attempt to resolve the claim.  If the claim cannot be resolved during this period, Claimant shall initiate a BBB administered alternative dispute resolution process. Class Counsel shall be notified of—through monthly reports provided by HMA--and have the right to participate in any such process.  Class Counsel, however, shall not be obligated to participate.  The BBB administered alternative dispute resolution fees and expenses shall be borne by HMA or KMA (as the case may be) unless the mediator or arbitrator finds that the Claimant's claims were brought in bad faith.  HMA and KMA will not bear the costs of the Claimant's attorneys' fees by Class Counsel or other counsel selected by the Claimant, if any.

10.     As set out in the Long Form Notice, any repairs performed pursuant to the Lifetime Warranty before the notice date shall preclude the Class members who received such repairs from opting out of the Class.  For sake of clarity, a class member who received a lifetime warranty under a previous KMA recall is not precluded from opting out of this Settlement.

**B.      Recall and Product Improvements**

1.      HMA acknowledges that the consideration provided in conjunction with its voluntary safety recall of certain model year 2011 and 2012 Sonata vehicles in or about September 2015 (NHTSA Campaign Number 15V-568) and its voluntary safety recall of certain model year 2013 and 2014 Hyundai Sonata and Santa Fe Sport vehicles in or about March 2017

(NHTSA Campaign Number 17V226), represent part of the consideration to the Class in exchange for the settlement in this Action.

2.      HMA and KMA acknowledge that in December 2018 and January 2019, they issued a subsequent recall of the same vehicles identified in the paragraph above to inspect and confirm proper reinstallation of the fuel tube in order to address car engines at risk of fire (NHTSA Campaign number 18V934000 as to HMA; NHTSA Campaign Number 18V907000 as to KMA).  HMA and KMA further acknowledge that, as required by existing law, they are each conducting the voluntary recalls in accordance with NHTSA mandates.

3.      HMA and KMA acknowledge that by January 2019, they each had initiated product improvement campaigns in which knock sensor detection technology could be added through a free software update to the Class Vehicles.

4.      HMA and KMA acknowledge that Class Counsel sought relief for some of the Class Vehicles subject to this agreement before any NHTSA inquiry or recall.  As a result, recalls were issued for more than 227,000 Class Vehicles.

   **C.**  **Repair Reimbursements**

1.      To the extent any Claimant, before receiving notice of this Settlement, obtained a Qualifying Repair for a Class Vehicle, the Claimant will be entitled to full reimbursement by HMA (for Hyundai Class Vehicles) or KMA (for Kia Class Vehicles) of any and all such expenses incurred for the Qualifying Repair, regardless of whether the Claimant was an original owner, lessee or subsequent purchaser or whether (for Class members with 2013 and 2014 Hyundai Sonata and Santa Fe Sport vehicles and 2011, 2012, 2013, and 2014 Kia Optima, Sorento, or Sportage vehicles) the Qualifying Repair was completed before or after receiving notification of NHTSA Campaign Numbers 17-V226 and 17-V224 unless the Claimant was previously reimbursed for any and all such expenses incurred, provided that:

    a.      A Claim is submitted no later than 90 days after the Notice Date;

    b.      The Claim contains a completed Claim Form;

    c.      The Claim contains a Proof of Repair Expense incurred by the Claimant; and

    d.      The Proof of Repair Expense reflects that the work was conducted in an attempt to address a Qualifying Repair.

2.      Class members who were also members of the prior settlement class of 2011-2014
Hyundai Sonatas (*i.e. Mendoza v. Hyundai Motor Co.*, No. 15-cv-01685-BLF (C.D. Cal.) class
population) are also eligible for repair reimbursements under the terms of this section for
Qualifying Repairs that arose after the claims period expired under the terms of that settlement.

3.      For Claims submitted for reimbursement for Qualifying Repairs performed at
authorized Hyundai or Kia dealerships, HMA (for Hyundai Class Vehicles) and KMA (for Kia
Class Vehicles) shall take all reasonably available steps to acquire from the dealership the
information reasonably necessary to approve the Claim—namely, the date, nature, and cost
charged for the Qualifying Repair. In connection with entering into this Settlement, HMA (for
Hyundai Class Vehicles) and KMA (for Kia Class Vehicles) acknowledge and represent that
they should be able to acquire that information in many instances, except for proof that cost for
the Qualifying Repair was paid by the Claimant. Claimants shall substantiate the cost for the
Qualifying Repair that they paid in a manner consistent with the method of payment the
Claimant used.

4.      Claimants who paid for the Qualifying Repair with a credit card shall substantiate
the cost for the Qualifying Repair that they paid with a repair receipt from the dealership
showing their payment, a credit card receipt from the dealership, or a credit card statement
showing a payment to the dealership.  Claimants who paid for the Qualifying Repair with a debit
card or check shall substantiate the cost for the Qualifying Repair with a repair receipt from the
dealership showing their payment, debit card receipt from the dealership, cleared check showing
their payment to the dealership, or a bank statement showing a payment to the dealership.
Claimants who paid for the Qualifying Repair with cash shall substantiate the cost for the
Qualifying Repair with a repair receipt from the dealership showing their payment, or if they do
not have such a repair receipt, the Claimant shall attest under penalty of perjury that they do not
have a repair receipt from the dealership showing their payment and as to the specific dollar
amount they paid in cash to the dealership.

5.      Consistent with the above provisions, repair reimbursements shall be provided
irrespective of whether Qualifying Repairs were incurred at an authorized Hyundai or Kia
dealership or elsewhere.

6.      Except in instances of Exceptional Neglect, reimbursements shall be provided to
Claimants even if warranty coverage was initially denied for the Qualifying Repair on the

grounds that it was necessitated by a failure to properly service or maintain the vehicle. Customers who presented to a Hyundai or Kia dealership, were denied an in-warranty repair prior to receiving notice of this Settlement, and obtained their Qualifying Repair elsewhere, are entitled to claim an additional $140 goodwill payment.

7.     Claimants previously reimbursed in full or in part for the expense incurred in connection with a Qualifying Repair (*e.g.*, through an HMA, KMA, or dealership goodwill payment) shall not be entitled to a reimbursement under this Settlement for that portion of the expense for which they have already been reimbursed. Instead, they will be entitled to only that amount to fully reimburse them for a Qualifying Repair, if any.

**D.     Other Repair-Related Reimbursements**

1.     To the extent any Claimant incurs expenses, such as for a rental car or towing service, or other out-of-pocket expenses reasonably related to obtaining a Qualifying Repair for a Class Vehicle, the Claimant shall be entitled to full reimbursement of any towing expenses or other out-of-pocket expense reasonably related to obtaining a Qualifying Repair, and up to $40 per day for rental car expenses if a loaner vehicle was not originally provided by HMA or KMA provided that:

    a.     A Claim is submitted within 90 days after the later of (i) the Notice Date, (ii) the date on which the expense is incurred, or (iii) the date the expense is paid;

    b.     The Claim contains a completed Claim Form;

    c.     The Claim contains a Proof of Repair-Related Expense; and

    d.     The Claim contains a Proof of Repair Expense that reflects a Qualifying Repair performed within 30 days of the incurred rental car or towing expense.

2.     With respect to the reimbursements available pursuant to the above paragraph, Claimants shall not be entitled to receive compensation apart from their out-of-pocket costs incurred.  For example, the above paragraph shall not entitle Claimants to lost wages allegedly incurred due to an inability to get to or from a place of employment or to recover other forms of consequential damages.

3.     Claimants previously reimbursed in full or in part for rental car or towing expenses following an engine seizure, engine stall, engine noise, engine compartment fire, or

illumination of the oil lamp diagnosed as requiring repair of the engine (*e.g.,* through an HMA, KMA, or dealership goodwill payment) shall not be entitled to a reimbursement under this Settlement for that portion of the expense for which they have already been reimbursed.

### E.    Inconvenience Due to Repair Delays

1.    To the extent any Claimant is or was inconvenienced by prolonged delays (exceeding 60 days) obtaining any Qualifying Repair from an authorized Hyundai or Kia dealership, the Claimant shall be entitled to a goodwill payment based on the length of the delay provided that:

> a.    A Claim is submitted within 90 days after the later of (i) the Notice Date, or (ii) the date on which the repair is completed;
>
> b.    The Claim contains a statement under oath by the Claimant attesting that he or she felt inconvenienced by the delay;
>
> c.    The Claim specifies the number of days the repair was delayed and provides supporting documentation.

2.    The goodwill payment will be calculated as follows: $50 for delays lasting between 61 and 90 days, and $25 for each additional 30-day period of delay or fraction thereof (*e.g.*, a Class member may receive $50 for delays lasting 61-90 days, $75 for delays lasting 91-120 days, etc.).

3.    A Class member may elect to receive his or compensation in the form of a dealer service card valued at 150% of the amount that would otherwise be paid under this provision as a cash debit card.  The dealer service debit card may only be used at any authorized Hyundai dealer (for Hyundai Class Vehicles) or any authorized Kia dealer (for Kia Class Vehicles) in payment towards any merchandise, parts, or service.

4.    Class members who were also members of the prior settlement class of 2011-2014 Hyundai Sonatas (*i.e. Mendoza v. Hyundai Motor Co.*, No. 15-cv-01685-BLF (C.D. Cal.) class population) are also eligible for compensation for the inconvenience of delayed repairs under the terms of this section in connection with Qualifying Repairs that arose after the claims period expired under the terms of that settlement.

5.    Claimants that have already received a goodwill payment by HMA, KMA, or any authorized Hyundai or Kia dealerships for any delay due to a Qualifying Repair will be ineligible for this inconvenience payment.

**F.     Loss of Value for Sold or Traded-In Vehicles due to a Loss Event**

1.      Claimants who before notice of this Settlement experienced a Loss Event may recover for the loss.  Those Claimants who: (i) had a Class Vehicle experience an engine seizure, engine stall, engine noise, engine compartment fire, or illumination of the oil lamp diagnosed as requiring repair of the engine block, and (ii) sold or traded-in the Class Vehicle without first procuring the recommended repair, will be entitled to reimbursement by HMA (for Hyundai Class Vehicles) or KMA (for Kia Class Vehicles) of the baseline Black Book value (*i.e.,* wholesale used vehicle value) of the sold or traded-in Class Vehicle plus $140.00 at the time of loss minus actual amount received from the sale or trade-in provided that:

      a.      A Claim is submitted no later than 90 days after the Notice Date;

      b.      The Claim contains a completed Claim Form; and

      c.      The Claim contains a proof of sale or trade-in and value received for sale or trade-in as well as any additional Proof of Loss Event.

2.      A Claimant's maintenance history or lack thereof before the repair diagnosis (except limited Exceptional Neglect circumstances), shall not be a basis for denying or limiting compensation under this section.  The notice, cure, and arbitration provisions of Section III shall apply and be available to Claimants who notify HMA (for Hyundai Class Vehicles) or KMA (for Kia Class Vehicles) of their circumstances under this section.

3.      To the extent a Claimant contends that the actual damages incurred exceed the reimbursement amount as provided in this section, the Claimant must provide written notice to HMA (for Hyundai Class Vehicles) or KMA (for Kia Class Vehicles) requesting alternative dispute resolution.  After receipt of the written notice, HMA and KMA shall be permitted a 30-day good faith period in which HMA or KMA can confer with the Claimant in an attempt to resolve the claim.  If the claim cannot be resolved during this period, Claimant shall initiate a BBB administered alternative dispute resolution process.  The mediator or arbitrator shall have the ability to make the final determination regarding the amount to be paid to any Claimant who elects this process.  Class Counsel shall be notified of—through monthly reports provided by HMA or KMA—and have the right to participate in any such process.  Class Counsel, however, shall not be obligated to participate.  The BBB administered alternative dispute resolution fees and expenses shall be borne by HMA or KMA (as the case may be) unless the mediator or arbitrator finds that the Claimant's claims were brought in bad faith.  HMA and KMA will not

bear the costs of Claimant's attorneys' fees by Class Counsel or other counsel selected by the
Claimant, if any.

4.      Class members who were also members of the prior settlement class of 2011-2014
Hyundai Sonatas (*i.e. Mendoza v. Hyundai Motor Co.*, No. 15-cv-01685-BLF (C.D. Cal.) class
population) are also eligible for compensation under the terms of this section for Loss Events
that arose after the claims period expired under the terms of that settlement.

5.      Claimants previously reimbursed in full or in part in connection with a sale or
trade-in following an engine seizure, engine stall, engine noise, engine compartment fire, engine
compartment fire, or illumination of the oil lamp, caused by a connecting rod bearing failure or
symptoms associated with connecting rod bearing failure, but excluding Exceptional Neglect,
diagnosed as requiring repair of the engine (*e.g.,* through an HMA, KMA, or dealership goodwill
payment) shall not be entitled to a reimbursement under this Settlement for that portion of the
expense for which they have already been reimbursed.  It shall be Defendants' burden to
establish that any prior reimbursements were directly related to a connecting rod bearing failure
or symptom.

**G.      Loss of Vehicle By Engine Fire**

1.      To the extent any Claimant suffers a loss of vehicle by engine fire directly caused
by the Class Vehicle's failure arising from a vehicle condition that would have otherwise been
addressed by a Qualifying Repair, the Claimant will be entitled to payment by HMA (for
Hyundai Class Vehicles) or KMA (for Kia Class Vehicles) of the maximum Black Book value
(*i.e.,* private party/very good) of the Class Vehicle at the time of loss minus actual value received
(if any) plus an additional $140 goodwill payment provided that:

a.      A Claim is submitted no later than 90 days after the Notice Date or, for
losses incurred after the Notice Date, no later than 90 days after the engine
compartment fire occurred;

b.      The Claim contains a completed Claim Form;

c.      The Claimant submits Proof of Loss Event for the Class Vehicle; and

d.      The Claim contains documentation establishing that the fire originated
from the engine compartment and was unrelated to any sort of collision.

2.      To the extent a Claimant contends that the actual damages incurred exceed the
total reimbursement amount as provided in this section, the Claimant must provide written notice

to HMA (for Hyundai Class Vehicles) or KMA (for Kia Class Vehicles) requesting alternative dispute resolution.  After receipt of the written notice, HMA and KMA shall be permitted a 30-day good faith period in which HMA or KMA can confer with the Claimant in an attempt to resolve the claim.  If the claim cannot be resolved during this period, Claimant shall initiate a BBB administered alternative dispute resolution process.  The mediator or arbitrator shall have the ability to make the final determination regarding the amount to be paid to any Class member who elects this process.  Class Counsel shall be notified of—through monthly reports provided by HMA or KMA—and have the right to participate in any such process.  Class Counsel, however, shall not be obligated to participate.  The BBB administered alternative dispute resolution fees and expenses shall be borne by HMA or KMA (as the case may be) unless the mediator or arbitrator finds that the Claimant's claims were brought in bad faith.  HMA and KMA will not bear the costs of Claimant's attorneys' fees by Class Counsel or other counsel selected by the Claimant, if any.

3.      Any reimbursement for loss of vehicle by engine fire under this section shall not be construed as a waiver or release of claims for death or personal injury.

4.      Nothing in this section shall require HMA or KMA to provide for the loss of a Class Vehicle due to an engine fire caused by a collision or a source other than the engine.

**H.      Rebate Program**

1.      To the extent any Class member loses faith in their Class Vehicle as a result of this Settlement, the Class member may present a claim for a rebate after selling the Class Vehicle in an arm's length transaction provided that:

a.      The Class member (a) experienced an engine failure or engine compartment fire, and (b) purchases a replacement Hyundai vehicle (for Hyundai Class members) or Kia vehicle (for Kia Class members);

b.      A Claim is submitted within 90 days of the Notice Date;

c.      The Claim contains a completed Claim Form;

d.      The Claim contains a statement under oath that the Claimant lost faith in the Class Vehicle;

e.      The Claim contains a proof of sale or trade-in and value received for sale or trade-in;

  f. The Claim contains proof of purchase of a replacement Hyundai or Kia vehicle.

 2. This rebate is also available to any Class member who, after the Notice Date, experiences an engine failure or fire in a Class Vehicle, loses faith in their Class Vehicle, and completes all other steps to qualify for the rebate, including the purchase of a replacement Hyundai or Kia vehicle, provided that the Class member submits a Claim within 90 days of the engine failure or fire.

 3. The amount of the rebate shall be calculated as actual loss by comparing sales documentation to the maximum Black Book value (*i.e.,* private party/very good) of the Class Vehicle at the time of the Knock Sensor Detection System campaign launch up to the following amounts:

  a. For model year 2011-2012 Class Vehicles: $2,000

  b. For model year 2013 and 2014 Class Vehicles: $1,500

  c. For model year 2015 and 2016 Class Vehicles: $1,000

  d. For model year 2017, 2018, and 2019 Class Vehicles: $500

 **I.** **Costs of Administration and Notice**

HMA and KMA shall be responsible for all costs of Class notice and settlement administration.  In no event shall Plaintiffs' Counsel or the Class be responsible for any costs associated with Class notice or settlement administration.  Class Counsel retains the right to audit and review the administration of Claims.

## III. CLAIMS ADMINISTRATION

 1. HMA and KMA have the option of self-administrating or electing a third-party administrator to process submitted claims.

 2. Claims submitted pursuant to this Settlement may be submitted, at the election of the Claimant, by U.S. mail, email, or through the dedicated settlement website discussed below. The mailing address and email address to which Claimants may submit Claims, as well as Claimants' right to submit their Claims through the settlement website, shall be posted prominently in each of the following locations: the Long Form Notice, the Pamphlet (once prepared and as made available before the Effective Date on the settlement website), the Claim Form, and the dedicated settlement website.  The www.hyundaiusa.com/myhyundai website shall provide a link to the dedicated settlement website for Hyundai Class Vehicles accessible

from its homepage.  The www.owners.kia.com website shall provide a link to the dedicated
settlement website for Kia Class Vehicles accessible from its homepage.

3.     The Claim Form shall provide an option for Claimants to indicate a preference for
communication via regular U.S. mail instead of email.  If HMA or KMA has an email address
for a Claimant and the Claimant did not indicate on the claim form that he or she prefers to
communicate via regular U.S. mail, HMA and KMA shall respond by email.  In instances in
which U.S. mail is used, HMA and KMA shall respond using the address provided on the
corresponding Claim Form.

4.     Upon receipt of a Claim, Defendants or their Settlement Administrators shall
review the Claim to determine whether the Claim meets all qualifications for payment set forth
in this Settlement Agreement and, if so, the amount of the reimbursement owed.

5.     Within 60 days of receiving a Claim, Defendants or their Settlement
Administrators shall provide written notice to the Claimant who submitted it, notifying the
Claimant of:

  a. the amount, if any, that HMA or KMA proposes to reimburse the Claimant
   under this Settlement;

  b. the basis for HMA's or KMA's decision to either deny or pay less than a
   full reimbursement (if applicable); and

  c. the Claimant's right to attempt to cure any deficiency that led to HMA's
   or KMA's proposal to award less than full reimbursement.

6.     In response to receiving the written notice under section III.5, Claimants may:

  a. Attempt to cure the deficiency stated as justification for not awarding a
   full reimbursement, by submitting the information and/or documentation
   identified by HMA or KMA as lacking in the Claim, within 35 days of
   receipt of the written notice.  Defendants or their Settlement
   Administrators shall have 35 days from the date of the cure attempt to
   provide written notice to the Claimant stating its final determination as to
   the total reimbursement to be paid to the Claimant and the reasons for the
   reimbursement amount if less than requested; or

b.      Accept the partial reimbursement offered by HMA or KMA, which acceptance will be presumed if no cure attempt is received by HMA or KMA within 35 days of the date of the written notice.

7.      Within 60 days of receipt of HMA's or KMA's final determination of a Claim, any Claimant dissatisfied with HMA's or KMA's determination may seek arbitration through a BBB administered alternative dispute resolution process by notifying HMA or KMA (as the case may be) in writing that the Claimant requests arbitration.  HMA and KMA shall promptly provide copies of all such requests to Class Counsel.  After receipt of the Claimant's written notice, HMA and KMA shall be permitted a 30-day good faith period in which to confer with the Claimant in an attempt to resolve the claim.  If the claim cannot be resolved during this period, Claimant shall initiate arbitration proceedings through a BBB administered alternative dispute resolution process.  The arbitration shall take place by written submission with a telephonic hearing to occur if the arbitrator determines it is needed.  The arbitrator shall have the ability to make the final determination regarding the amount to be paid to any Claimant who elects this process.  HMA and KMA shall provide Class Counsel with copies of any communications concerning such arbitration review, and Class Counsel shall have the right to participate in any written submission or telephonic hearing.  Class Counsel, however, shall not be obligated to participate.  The expense for each such arbitration review shall be borne by HMA (for Hyundai Class Vehicles) or KMA (for Kia Class Vehicles) unless the arbitrator finds that the Claimant's claims were brought in bad faith.  HMA and KMA will not bear the costs of Claimant's attorneys' fees by Class Counsel or other counsel selected by the Claimant (if any).

8.      On a monthly basis beginning 30 days after the Notice Date, HMA and KMA shall provide Class Counsel with a copy of each final determination notice sent by HMA and KMA pursuant to section III.5., along with the Claim Form and all other documentation associated with the Claim.

9.      For each Claim qualifying for a reimbursement payment under this Settlement Agreement, HMA (for Hyundai Class Vehicles) and KMA (for Kia Class Vehicles) shall mail to the Claimant, at the address on the Claim Form, no later than 30 days after the Effective Date, a check or a reimbursement debit card, at the Class member's request.  The debit cards provided under this Settlement shall be redeemable for at least one year, without any fees charged by

HMA, KMA, or the debit card issuer, at ATMs and merchants that accept Visa cards.  The debit cards shall indicate their "use by" dates on their face.

10.     The value of any debit card shall remain the property of HMA or KMA unless and until it is expended by the Claimant.  Upon expiration of any debit card, any unexpended funds shall become the permanent property of HMA or KMA.

11.     The Parties acknowledge and agree that any and all provisions, rights, or benefits conferred by any law of any state or territory of the U.S., or any principle of common law, that provides for how residual amounts in a settlement fund should be distributed, including, but not limited to, California Code of Civil Procedure section 384(b), are not applicable to this Settlement Agreement.  Although the Parties expressly agree that this Settlement is not governed by California Code of Civil Procedure section 384(b) or other similar laws and does not create a settlement fund nor any "unpaid residue," the Class Representatives on behalf of themselves and the Class members nonetheless expressly acknowledge and agree that, to the extent permitted by law, they are waiving any protections of California Code of Civil Procedure section 384(b) and of any comparable statutory or common law provision of any other jurisdiction.

12.     The Parties acknowledge and agree that the forms of compensation set forth in sections II.C, II.D, II.E, II.F, II.G, and II.H do not constitute gift cards, gift certificates, or member rewards cards under any federal and/or state laws.

13.     Nothing in this Settlement Agreement shall be read to prevent HMA or KMA from electing, at its sole discretion and on a case-by-case basis, to implement or to continue to implement any customer satisfaction or goodwill policy, program, or procedure at its discretion, that provides consideration to Class members over and above that required by this Settlement, without regard to the Class members' entitlement to relief under the Settlement.  No such election by HMA or KMA, however, shall act to deprive a Class member or Claimant of any of the benefits available under the Settlement.

14.     Unless otherwise specified, all terms of this Settlement Agreement apply to class members of the prior settlement class of 2011-2014 Hyundai Sonatas (*i.e. Mendoza* class population).

## IV.    NOTICE TO THE CLASS

### A.    CAFA Notice

1.      In compliance with the attorney general notification provision of the Class Action Fairness Act, 28 U.S.C. § 1715, HMA and KMA shall provide notice of this Settlement to the Attorney General of the United States, and the attorneys general of each state or territory in which a Class member resides.

### B.    Notice Deadline

1.      No later than the Notice Date, HMA and KMA shall cause notice to the Class to be disseminated by U.S. mail, email, and the dedicated settlement website (with a link to the dedicated settlement website from www.hyundaiusa.com/myhyundai (for Hyundai Class Vehicles) or www.owners.kia.com (for Kia Class Vehicles)).  The form and substance of all notices provided by HMA and KMA to Class members shall be subject to prior input and approval from Class Counsel.

### C.    Individual Class Notice Methods

1.      Following the Court granting preliminary approval of this Settlement, Defendants or their Settlement Administrators shall provide by direct U.S. mail, to all reasonably identifiable Class members, each of the following: (i) the Long Form Notice and (ii) a Claim Form.  For purposes of identifying the requisite names and addresses, Defendants or their Settlement Administrators agree to provide, to the extent they have not already done so, all names and addresses of Class Vehicle owners, along with Class Vehicle VINs, to R.L. Polk & Company, or a similar third-party entity, who shall be authorized to use that information to obtain the names and most current addresses of Class Vehicle owners through state agencies.  Because some states require a prior court order before vehicle owner and lessee information can be released, such information may not be available until after the preliminary approval order is entered.  Prior to mailing individual notice, Defendants or their Settlement Administrators shall conduct an address search through the United States Postal Service's National Change of Address database to update the address information for Class Vehicle owners.  For each individual notice that is returned as undeliverable, Defendants or their Settlement Administrators shall use its best efforts to conduct an advanced address search using HMA's and KMA's customer database information regarding the Class Vehicle owner to obtain a deliverable address.

2.      Additionally, Defendants or their Settlement Administrators shall provide by email, to all Class members for which HMA and KMA maintain email addresses, a hyperlink to the dedicated settlement website discussed below and electronic versions of the Long Form Notice and Claim Form following the Court granting preliminary approval of this Settlement.

3.      Defendants or their Settlement Administrators shall each maintain a dedicated settlement website— the content and domain name of such are subject to prior Class Counsel approval—which will contain: (i) instructions on how to obtain reimbursements; (ii) a mechanism by which Claimants can submit Claims electronically; (iii) instructions on how to contact Defendants or their Settlement Administrators for assistance with their Claims; (iv) the Long Form Notice; (v) the Pamphlet; (vi) the Claim Form; (vii) this Settlement Agreement; (viii) any orders issued in this Action approving or disapproving of the proposed settlement; and (ix) any other information the Parties determine is relevant to the Settlement.  Defendants or their Settlement Administrators shall make the same information available to Class members through www.hyundaiusa.com/myhyundai and www.owners.kia.com via links to the dedicated settlement websites (apart from the mechanism for submitting Claims).

4.      Defendants or their Settlement Administrators shall be prepared, through Defendants' customer service departments, to respond to questions regarding the status of submitted Claims, how to submit a Claim, and other aspects of this Settlement.  Defendants or their Settlement Administrators shall maintain a dedicated toll-free telephone number for Class members to call.  The telephone numbers shall be listed on the Long Form Notice, Pamphlet, Claim Form, and the dedicated settlement websites.

5.      For a period ending 90 days after the Notice Date, Defendants or their Settlement Administrators shall provide Class Counsel with reasonable periodic reports of the total number of notices sent to Class members by U.S. mail and email, along with the numbers of notices returned as undeliverable.  The Claims Administrator shall communicate with Class Counsel regarding delivery of notice and the number of Class members who have responded to the notice.

6.      Following the Effective Date of the Settlement Agreement, Defendants or their Settlement Administrators shall provide a copy of the company's version of the Pamphlet by direct U.S. mail to all of HMA's and KMA's respective reasonably identifiable Class members. Defendants or their Settlement Administrators shall use the name and address information

compiled through the steps described in section IV.C.1 and the claims process pursuant to the
Settlement Agreement.

7.      Additionally, following the Effective Date of the Settlement Agreement,
Defendants or their Settlement Administrators shall each provide an electronic version of the
Pamphlet by email to all of its Class members for which HMA and KMA maintain email
addresses.  The Parties may publically release and announce the fact and terms of the settlement,
subject to the Parties reaching mutual written consent on the contents of the press release prior to
filing for preliminary approval.  Excepting such announcement and the Exhibits to this
agreement, neither the Parties nor their Counsel shall issue (or cause any other Person to issue)
any other press release concerning this Agreement or the settlement set forth herein, unless
otherwise agreed to in writing and neither the Parties or their Counsel shall make (or cause any
other Person to make) any statements of any kind to the press concerning this Agreement or the
settlement set forth herein, except that a Party or Party's counsel may respond to an inquiry from
a member of the press by (a) directing the member of the press to a public resource to review or
obtain a copy of this Agreement or the Class Notice or (b) by supplying additional information to
the member of the press, provided that the responding Party will provide such additional
information to the other Parties as promptly as practicable.  A Party or Party's counsel shall
provide notice to the other Parties before responding to a press inquiry whenever reasonably
possible.  If such notice cannot reasonably be provided before responding to a press inquiry, the
responding Party or Party's Counsel shall notify the other Parties promptly after responding to
the press inquiry.  This paragraph does not prevent Class Counsel from communicating with
individual class members about the Settlement.

8.      Beginning no later than two weeks after the Effective Date, HMA and KMA shall
provide—in both hard copy and electronic form— the Pamphlet to each of its authorized
dealerships, with instruction to disseminate the Pamphlet to any person who presents a Class
Vehicle for maintenance or service of any type and information regarding HMA's and KMA's
product improvement campaign, including the free knock sensor detection software update.

## V.      ATTORNEYS' FEES AND SERVICE PAYMENTS

1.      Plaintiffs, through Class Counsel, shall petition the Court for an attorneys' fee
award, cost award, and for Class Representative service payments.  Any petition by Plaintiffs,
through Class Counsel, shall be inclusive of an attorneys' fee and cost award sought on behalf of

Plaintiffs' Counsel, including any attorneys currently or previously affiliated with those law firms.

2.    The total amount of attorneys' fees requested will be negotiated by the parties at a later date.  If the parties are unable to agree on the requested amount of attorneys' fees, the parties will submit the issue to the Court.

3.    Subject to entry of the Final Approval Order and Judgment pursuant to section VII.C, HMA and KMA will not oppose, undermine, or solicit others to oppose or undermine Class Representative service payments in the amount of each.

4.    HMA and KMA agree to pay the attorneys' fees, costs, and service payments separate and apart from, and in addition to, the relief provided to the Class.

5.    HMA and KMA shall pay Class Counsel the fees, expenses, and service payments awarded by the Court within the later of thirty (30) days following (i) the Effective Date or (ii) the first date after the Court enters an order awarding fees, expenses, and service payments, and all appellate rights with respect to said order have expired or been exhausted in such a manner as to affirm the order.  Within three (3) days following (i) the Effective Date or (ii) the first date after the Court enters an order awarding fees, expenses, and service payments, and all appellate rights with respect to said order have expired or been exhausted in such a manner as to affirm the order, Class Counsel shall provide HMA and KMA, for each payee, a W-9, wire instructions on their firm letterhead for the payment to Class Counsel of fees, expenses, and service payments awarded by the Court.

## VI.    MUTUAL RELEASE

1.    Upon entry of a Court order granting final approval of the Settlement and entering judgment pursuant to section VII.C below, Releasors irrevocably release, waive, and discharge any and all past, present, and future liabilities, claims, causes of action, legal claims, damages, costs, attorneys' fees, losses, or demands that have been brought or could have been brought, whether known or unknown, existing or potential, or suspected or unsuspected relating to Class Vehicles against Releasees, whether or not specifically named herein, asserted or unasserted, under or pursuant to any statute, regulation, common law, or equitable principle, based on (i) the facts alleged in any complaint filed in the Action and all legal claims of whatever type or description arising out of, that may have arisen as a result of, or which could have been brought based on, any of the facts, acts, events, transactions, occurrences, courses of conduct,

representations, omissions, circumstances or other matters pleaded in complaints filed in the Action, (ii) oil consumption, oil maintenance, engine repairs or replacement related to oil maintenance for the Class Vehicles, engine durability related to oil maintenance for the Class Vehicles, or vehicle fire originating in the engine compartment or (iii) marketing or advertising for the oil consumption, oil maintenance, engine repairs or replacement related to oil maintenance for the Class Vehicles, engine durability related to oil maintenance for the Class Vehicles, or vehicle fire originating in the engine compartment.  The Settlement Agreement and release do not release claims for (i) death, (ii) personal injury, (iii) damage to tangible property other than a Class Vehicle, or (iv) subrogation.

The release effected by this Settlement Agreement is intended to be a specific release and not a general release.  If, despite, and contrary to the Parties' intention, a court construes the release as a general release under California law and determines that Section 1542 of the California Civil Code is applicable to the release, the Class Representatives, on behalf of themselves and all Class members, hereby expressly waive and relinquish to the fullest extent permitted by law, the rights provided by Section 1542 of the California Civil Code, which provides:

> *Certain Claims Not Affected By General Release:*  *A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.*

Each of the Class Representatives expressly acknowledges that the Class Representative has been advised by Class Counsel of the contents and effects of Section 1542, and with knowledge, each of the Class Representatives hereby expressly waives, on behalf of the Class Representative and all Class members, whatever benefits the Class Representatives and the Class members may have had pursuant to such section.  Each of the Class Representatives hereby expressly waives, on behalf of the Class Representative and all Class members, the benefit of any law of any state or territory of the United States, federal law or principle of common law, or of international or foreign law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

2.      Plaintiffs and the Class members recognize that, even if they later discover facts in addition to or different from those which they now know or believe to be true, they nevertheless agree that, upon entry of the Final Approval Order and Judgment, Releasors fully, finally, and forever settle and release any and all legal claims against Releasees.  The Parties acknowledge that this waiver and release were bargained for, and are material elements of the Settlement.

3.      By this Settlement Agreement, HMA, KMA, HMC, and KMC, release the Plaintiffs and Plaintiffs' Counsel from any and all claims or causes of action that were, or could have been, asserted by HMA, KMA, HMC, and KMC, pertaining to this Action or Settlement. HMA, KMA, HMC, and KMC, recognize that, even if they later discover facts in addition to or different from those which they now know or believe to be true, both entities nevertheless agree that, upon entry of an order granting final approval to this Settlement and entering judgment, HMA, KMA, HMC, and KMC, fully, finally, and forever settle and release any and all such claims.  The Parties acknowledge that this waiver and release were bargained for, and are material elements of the Settlement.

4.      This Settlement and the release in the preceding paragraph do not affect the rights of Class members who timely and properly request exclusion from the Class, or anyone encompassed within the class definitions set forth in the complaints in this Action who are not a member of the Class defined in this Settlement Agreement, including but not limited to the named plaintiffs and putative class members in *Flaherty* that are not expressly named, identified, or encompassed in this Settlement Agreement.  The Parties do not intend this Settlement Agreement and release to affect any legal claims that arise out of a consumer's purchase or use of any vehicle other than a Class Vehicle.  The Settlement Agreement and release do not release claims for (i) death, (ii) personal injury, (iii) damage to tangible property other than a Class Vehicle, or (iv) subrogation.

5.      The administration and consummation of the Settlement shall be under the authority of the Court.  The Court shall retain jurisdiction to protect, preserve, and implement the Settlement.  The Court retains jurisdiction to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement, including, but not limited to, orders enjoining Class members from prosecuting claims that are released pursuant to the Settlement and allowing for discovery related to objectors.

6.      Upon issuance of the Final Approval Order and Judgment: (i) the Settlement shall be the exclusive remedy for Class members; (ii) Releasees shall not be subject to liability or expense of any kind to any Class member(s) for reasons related to the Action except as set forth herein; and (iii) Class members shall be permanently barred from initiating, asserting, or prosecuting any and all released claims against the Releasees.

## VII.    SETTLEMENT APPROVAL PROCESS

### A.      Intention to Complete Settlement.

1.      The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement, shall promptly perform their respective obligations hereunder, and shall promptly take any and all actions and execute and deliver any and all additional documents and all other materials and/or information reasonably necessary or appropriate to carry out the terms of this Settlement and the transactions contemplated hereby.  Plaintiffs shall prepare all preliminary approval and final approval papers.

2.      If the preliminary approval order or the Final Approval Order and Judgment is not obtained from the Court in the form contemplated by this Settlement or Final Approval Order and Judgment is reversed or materially modified on appeal this Settlement should be null and void *ab initio* upon election of any of the Parties and have no further force and effect with respect to any of the Parties in this Action.  Nothing in this provision shall affect HMA and KMA's obligation to pay all costs reasonably incurred by the settlement administration process.

### B.      Preliminary Court Approval

1.      Promptly after execution of this Settlement by the Parties, counsel for the Parties shall present this Settlement to the Court for review and jointly seek entry of an order that certifies the Class as a settlement class, grants preliminary approval of this Settlement, and directs HMA and KMA to provide notice of the Settlement in the manners listed herein.

2.      No later than twenty (20) days before the Court hearing on final approval of the Settlement, HMA and KMA shall provide affidavits for the Court, with a copy to Class Counsel, attesting that notice was disseminated in a manner consistent with the terms of this Settlement Agreement, or as otherwise required by the Court.

### C.      Final Court Approval

1.      Once the Court enters a preliminary approval order, counsel for the Parties shall use their best efforts to promptly obtain entry of a Final Approval Order and Judgment that:

a.      Finds the Settlement to be fair, reasonable, and adequate;

b.      Finds that the Class notice given constitutes the best notice practicable;

c.      Approves the release specified in Section VI as binding and effective as to all Class members who have not properly excluded themselves from the Class;

d.      Directs that judgment be entered on the terms stated herein; and

e.      Provides that the Court will retain jurisdiction over the Parties and Class members to enforce the terms of the final order and judgment.

2.      Upon entry of the final order and judgment, this Action shall be dismissed, on its merits and with prejudice, with respect to all Plaintiffs and all Class members who have not properly excluded themselves from the Class, and without prejudice as to anyone else, subject to the continuing jurisdiction of the Court, including but not limited to the claims of the named plaintiffs and putative class members in *Flaherty* that are not expressly named, identified, or encompassed in this Settlement Agreement.

## VIII.   REQUESTS FOR EXCLUSION

1.      The provisions of this section shall apply to any request by a Class member for exclusion from the Class.

2.      Any Class member may make a request for exclusion by submitting such request in writing as set forth in the Class notice.

3.      Any request for exclusion must be submitted not later than the date specified in the Court's preliminary approval order.

4.      Any request for exclusion shall (i) state the Class member's full name and current address, (ii) provide the model year and Vehicle Identification Number ("VIN") of his/her/its Class Vehicle(s) and the approximate date(s) of purchase or lease, and (iii) specifically and clearly state his/her/its desire to be excluded from the Settlement and from the Class.

5.      Failure to comply with these requirements and to timely submit the request for exclusion will result in the Class member being bound by the terms of the Settlement Agreement.

6.      Any Class member who submits a timely request for exclusion may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

7.      HMA and KMA shall report the names of all Class members who have submitted a request for exclusion to Class Counsel on a weekly basis, beginning 30 days after the Notice Date.

8.      Class Counsel represent and warrant that they have no other agreements with other counsel respecting Class members, including any agreements with respect to referring, soliciting, or encouraging any Class members to request to be excluded (or "opt out") from this agreement.

9.      Upon certification of the Class in connection with the Preliminary Approval of this agreement, Class Counsel agree to seek in the Preliminary Approval Order from the Court a provision encouraging all written communications to multiple Class members with respect to this Agreement to be reviewed and approved by Class Counsel and the Court, and Class Counsel agree to abide by that provision as may be required by the Court.

## IX.    OBJECTIONS

1.      The Parties will request that the Court enter an order requiring any Class member who wishes to enter an objection to be considered, to submit a written notice of objection to HMA and KMA by the deadline set in the Court's preliminary approval order.

2.      To state a valid objection to the Settlement, an objecting Class member must provide the following information in his, her, or its written objection: (i) the case name and number, *In re: Hyundai and Kia Engine Litigation*, No. 8:17-cv-00838 (C.D. Cal.); (ii) his/her/its full name, current address, and current telephone number; (iii) the model year and VIN of his/her/its Class Vehicle(s); (iv) a statement of the objection(s), including all factual and legal grounds for the position; (v) copies of any documents the objector wishes to submit in support; (vi) the name and address of the lawyer(s), if any, who is representing the objecting Class member in making the objection or who may be entitled to compensation in connection with the objection; (vii) a statement of whether the Class member objecting intends to appear at the Final Approval Hearing, either with or without counsel; (viii) the identity of all counsel (if any) who will appear on behalf of the Class member objecting at the Final Approval Hearing and all persons (if any) who will be called to testify in support of the objection; and (ix) the signature of the Class member objecting, in addition to the signature of any attorney representing the Class member objecting in connection with the objection, and date the objection.  In addition, any Class member objecting to the Settlement shall provide a list of any other objections submitted

by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five years.  If the Class member or his or her counsel has not made any such prior objection, the Class member shall affirmatively so state in the written materials provided with the objection.

3.      If the objecting Class member intends to appear, in person or by counsel, at the final approval hearing, the objecting Class member must so state in the objection.  Any Class member who does not state his or her intention to appear in accordance with the applicable deadlines and other specifications, or who has not filed an objection in accordance with the applicable deadlines and other specifications, will be deemed to have waived any objections to the Settlement and can be barred from speaking or otherwise presenting any views at the final approval hearing.

4.      The Parties will request that the Court enter an order providing that the filing of an objection allows Class Counsel or counsel for HMA and KMA to notice such objecting person for and take his, her, or its deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to seek any documentary evidence or other tangible things that are relevant to the objection.  Failure by an objector to make himself/herself/itself available for a deposition or comply with expedited discovery requests may result in the Court striking the objection and otherwise denying that person the opportunity to be heard.  The Court may tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or made for improper purpose.

5.      Any objector who seeks a fee for their objection shall do so as prescribed under Federal Rule of Civil Procedure 23(e)(5)(B).

6.      These procedures and requirements for objecting are intended to ensure the efficient administration of justice and the orderly presentation of any Class member's objection to the Settlement, in accordance with the due process rights of all Class members.

7.      Any Class member who fails to file and serve timely a written objection containing all of the information listed in paragraphs 2 and 3 above, including notice of his/her intent to appear at the Final Approval Hearing, shall not be permitted to object to the Settlement and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by any means, including but not limited to an appeal.

8.      The Parties shall promptly inform the Court of any consideration sought by an objector and the circumstances of such a request.

## X.      MISCELLANEOUS

### A.      Choice of Law

This Settlement Agreement shall be governed by and construed in accordance with the substantive laws of the State of California without giving effect to any choice or conflict of law provision, or rule that would cause the application of the laws of any other jurisdiction.

### B.      Not Evidence

1.      The Parties understand and acknowledge that this Settlement Agreement constitutes a compromise and settlement of disputed claims.  No action taken by the Parties, either previously or in connection with the negotiations or proceedings connected with this Settlement Agreement, shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made or an acknowledgment or admission by any party of any fault, liability or wrongdoing of any kind whatsoever to any other party.

2.      Neither this Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of it: (a) is, or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any legal claim made by Plaintiffs or Class members, or of any wrongdoing or liability of HMA and/or KMA, or (b) is, or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of Releasees in any proceeding in any court, administrative agency, or other tribunal.

3.      This provision shall survive the expiration or voiding of the Settlement Agreement.

### C.      Headings

The headings of the sections and paragraphs of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Agreement or to affect its construction.

### D.      Effect of Exhibits

The exhibits to this Settlement Agreement are an integral part of the Settlement and are expressly incorporated and made a part of this Settlement Agreement.

### E.        Entire Agreement

This Settlement Agreement represents the entire agreement and understanding among the Parties and supersedes all prior proposals, negotiations, agreements, and understandings relating to the subject matter of this agreement.  The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part or all of the subject matter of this agreement has been made or relied on except as expressly set forth in this Settlement Agreement.  No modification or waiver of any provisions of this Settlement Agreement shall in any event be effective unless the same shall be in writing and signed by the person or Party against whom enforcement of the Agreement is sought.

### F.        Counterparts

This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original as against any Party who has signed it, and all of which shall be deemed a single agreement.

### G.        Arm's-Length Negotiations

1.        The Parties have negotiated all of the terms and conditions of this Settlement Agreement at arm's length.  The provisions for attorneys' fees and costs and service awards set forth herein were negotiated separately from and after agreement on the provisions for relief to Plaintiffs and the Class.

2.        All terms, conditions, and exhibits in their exact form are material and necessary to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement.

3.        The determination of the terms of, and the drafting of, this Settlement Agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel.  Since this Settlement Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. The Parties were represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Agreement.

### H.    Public Statements.

1.      The Parties and their Counsel agree to keep the substance of this agreement confidential until the date on which the agreement is filed with the Court, provided that this Section shall not prevent HMA or KMA from disclosing such information, prior to the date on which the agreement is filed, to state and federal agencies, independent accountants, actuaries, advisors, financial analysts, insurers, or attorneys, nor shall it prevent the Parties and their Counsel from disclosing such information to persons or entities (such as experts, courts, co-counsel, and/or administrators) to whom the Parties agree disclosure must be made in order to effectuate the terms and conditions of the agreement; provided further that HMA and KMA may disclose publicly the terms of the agreement that it deems necessary to meet its regulatory obligations or fiduciary duties; and provided further that Plaintiffs may disclose the terms to their expert(s).  Neither the Parties nor their Counsel shall issue (or cause any other Person to issue) any press release concerning the existence or substance of this agreement, excepting the jointly-created press release described previously in Section IV.C.7.

### I.    Good Faith

The Parties acknowledge that prompt approval, consummation, and implementation of this Settlement is essential.  The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement, shall promptly perform their respective obligations hereunder, and shall attempt to resolve any dispute that may arise under this Settlement in a good faith and expeditious manner.

### J.    Continuing Jurisdiction

The Parties agree the Court may retain continuing and exclusive jurisdiction over them, and all Class members, for the purpose of the administration and enforcement of this Settlement.

### K.    Extensions of Time

The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement without further notice (subject to Court approval as to court dates).

### L.    Service of Notice

Whenever, under the terms of this Settlement Agreement, written notice is required to HMA, HMC, KMC, or KMA or Class Counsel, such service or notice shall be directed to the

individuals and addresses specified below, unless those individuals or their successors give

notice to the other parties in writing:

As to Plaintiffs:          Matthew Schelkopf (pro hac vice)
                           Sauder Schelkopf
                           555 Lancaster Ave.
                           Berwyn, PA 19312
                           Telephone: (610) 200-0581
                           Email: mds@sstriallawyers.com

                           Adam Gonnelli, Esq. (pro hac vice)
                           THE SULTZER LAW GROUP
                           85 Civic Center Plaza, Suite 104
                           Poughkeepsie, NY 12601
                           Tel: (845) 483-7100
                           Fax: (888) 749-7747
                           Email: gonnellia@thesultzerlawgroup.com

                           Bonner Walsh (pro hac vice)
                           WALSH PLLC
                           1561 Long Haul Road
                           Grangeville, ID 83530
                           Telephone: (541) 359-2827
                           Facsimile: (866) 503-8206
                           Email: bonner@walshpllc.com

                           Steve W. Berman
                           HAGENS BERMAN SOBOL SHAPIRO LLP
                           1301 Second Avenue, Suite 2000
                           Seattle, WA 98101
                           Telephone: (206) 623-7292
                           Fax: (206) 623-0594
                           Email: steve@hbsslaw.com


As to HMA, HMC,
KMC and KMA:               Shon Morgan
                           **QUINN EMANUEL URQUHART**
                           **& SULLIVAN, LLP**
                           865 S. Figueroa St. 10th Floor
                           Los Angeles, California 90017


IN WITNESS HEREOF, each of the Parties hereto has caused this agreement to be

executed, as of the day(s) set forth below.

Dated:  October __10__, 2019

By: _____

Matthew Schelkopf
Sauder Schelkopf
555 Lancaster Ave.
Berwyn, PA 19312
Telephone: (610) 200-0581
Email: mds@sstriallawyers.com

Adam Gonnelli, Esq.
THE SULTZER LAW GROUP
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
Email: gonnellia@thesultzerlawgroup.com
Co-Lead Counsel

Bonner Walsh
WALSH PLLC
1561 Long Haul Road
Grangeville, ID 83530
Telephone: (541) 359-2827
Facsimile: (866) 503-8206
Email: bonner@walshpllc.com
Executive Committee

*Counsel for Plaintiffs, In re: Hyundai and Kia Engine Litigation*, No. 8:17-cv-00838 (C.D. Cal.)

Dated:  October __10__, 2019

By: _____

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Fax: (206) 623-0594
Email: steve@hbsslaw.com

Christopher R. Pitoun
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Ave., Suite 920
Pasadena, CA 91101
Tel: (213) 330-7150

Fax: (213) 330-7152
Email: christopherp@hbsslaw.com

Robert Hilliard
HILLIARD MUNOZ GONZALES L.L.P.
719 S Shoreline Blvd, Suite #500
Corpus Christi, TX 78401
Tel: (361) 882-1612
Fax: (361) 882-3015
Email: bobh@hmglawfirm.com

*Counsel for Plaintiffs, Flaherty v. Hyundai Motor
Company, et al.*, No. 18-cv-02223 (C.D. Cal.)

Dated:  October   9  , 2019          By: _____

Shon Morgan
**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
865 S. Figueroa St. 10th Floor
Los Angeles, California 90017

*Counsel for Defendants Hyundai Motor America, Hyundai
Motor Company, Kia Motors Company and Kia Motors
America*

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

# NOTICE OF PROPOSED CLASS SETTLEMENT

## If you bought or leased a 2011-2019 model year Hyundai Sonata, 2013-2019 Hyundai Santa Fe Sport, a 2014-2015 or 2018-2019 Hyundai Tucson, a 2011-2019 Kia Optima, a 2011-2019 Kia Sorento or a 2011-2019 Kia Sportage equipped with a 2.0L or 2.4L Gasoline Direct Injection engine you may benefit from a class action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

*Your rights are affected whether you act or don't act.  Read this notice carefully.*

- The purpose of this Notice is to inform you of a proposed settlement of a class action lawsuit known as In re: Hyundai and Kia Engine Litigation, No. 8:17-cv-00838-JLS-JDE and Flaherty v. Hyundai Motor Company, et al., No. 18-cv-02223 (C.D. Cal.).  You are receiving this Notice because Hyundai Motor America, Inc.'s ("HMA"), Hyundai Motor Company ("HMC"), Kia Motors Corporation ("KMC") and Kia Motors America, Inc.'s ("KMA") records indicate that you may be entitled to claim certain financial benefits offered by this Settlement.

- These lawsuits allege that the Class Vehicles suffer from a defect that can cause engine seizure, stalling, engine failure, and engine fire, that engine seizure or stalling can be dangerous if experienced and that some owners and lessees have been improperly denied repairs under the vehicle's warranty.  Neither HMA, HMC, KMC, or KMA have been found liable for any of the claims alleged in these lawsuits.  The parties have instead reached a voluntary settlement in order to avoid a lengthy litigation. The individuals who owned or leased Class Vehicles are known as "Class Members."  Settlement Class Members may be entitled to compensation if they submit valid and timely claims that are approved pursuant to the review process described in this Notice and approved by the Court.

- Under the proposed settlement, and subject to proof, HMA, HMC, KMC, and KMA will provide financial and other benefits for certain engine related repairs.

- The settlement extends the Powertrain Warranty to a Lifetime Warranty for the engine short block assembly, upon completion of the Knock Sensor Detection System Update.  It also provides a free recall inspection for any recalled vehicles not yet inspected, regardless of current mileage or prior repairs, and rental car reimbursement or loaner vehicles for any vehicles that undergo engine replacement.

- The settlement provides cash reimbursements for qualifying past out-of-pocket repairs and repair-related expenses, such as rental cars and towing, and cash reimbursements for certain trade-ins and sales of unrepaired vehicles.

- The settlement provides compensation for inconvenience due to repair delays while the vehicle was serviced by Hyundai or Kia dealers.

- The settlement provides compensation for vehicles lost due to certain engine fires.  In some instances, the settlement also provides a cash rebate if you lost faith in the vehicle after experiencing engine troubles related to the defect and you purchased another Hyundai or Kia vehicle within a specified timeframe.

- To qualify you must have bought or leased a "Class Vehicle," which are 2011-2019 Hyundai Sonata, 2013-2019 Hyundai Santa Fe Sport, 2014-2015 and 2018-2019 Hyundai Tucson, 2011-2019 Kia Optima, 2011-2019 Kia Sorento, and 2011-2019 Kia Sportage vehicles equipped with or replaced with a genuine Theta II 2.0 liter or 2.4 liter gasoline direct injection engine within OEM specifications.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | The <u>only</u> way to get a reimbursement.  It is not necessary to submit a claim form to benefit from the Lifetime Warranty, as long as you have installed the Knock Sensor Detection System Update.  The deadline to submit a claim is XXXX. |
| EXCLUDE YOURSELF | Get no payment and for Hyundai vehicles, no Lifetime Warranty, (any lifetime warranty offered under a previous service campaign will remain in effect).  This is the only option that allows you to ever file or be part of any other lawsuit against Hyundai or Kia about the legal claims in this case.  The deadline to submit a request for exclusion is XXXX. |
| OBJECT | In order to object to the Settlement, you must remain a member of the lawsuit—you cannot ask to be excluded. You may object to the Settlement by writing to the Court and indicating why you do not like the Settlement. The deadline to object is XXXX. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the Settlement. |
| DO NOTHING | Get no reimbursement.  Receive only the Lifetime Warranty upon installation of the Knock Sensor Detection System software. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still must decide whether to approve the Settlement.  Payments will be made if the Court approves the Settlement and after appeals are resolved. The Court approval process may take some time, so please be patient.

- Please visit [website] for a copy of this notice in Spanish.Visite [sitio web] para obtener una copia de este aviso en español.

**BASIC INFORMATION**.............................................................................................1

1.  Why did I get this notice package?.................................................. 1

2.  What are  these lawsuits about?....................................................... 1

3.  Why is this a class action?.............................................................. 1

4.  Why is there a settlement?............................................................... 1

**WHO IS IN THE SETTLEMENT?** ................................................................2

5.  How do I know if I am part of the Settlement? .............................. 2

6.  Which vehicles are included?.......................................................... 2

7.  If I bought or leased a Class Vehicle that has not had problems, am I included?.............................. 2

8.  I am still not sure if I'm included. .................................................. 2

**SETTLEMENT BENEFITS – WHAT YOU GET** ..........................................3

9.  What does the Settlement provide? ................................................ 3

**HOW YOU GET A REIMBURSEMENT – SUBMITTING A CLAIM FORM** ................................7

10.  How do I make a claim? ................................................................. 7

11.  When would I get my reimbursement?........................................... 7

12.  What if my claim is found to be deficient?..................................... 7

13.  What am I giving up to stay in the Settlement Class? .................... 7

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ...............................8

14.  How do I get out of the Settlement? ............................................... 8

15.  If I don't exclude myself, can I sue for the same thing later?......... 9

16.  If I exclude myself, can I get the benefits of this Settlement?........ 9

**THE LAWYERS REPRESENTING YOU** ...................................................10

17.  Do I have a lawyer in this case?.................................................... 10

18.  How will the lawyers be paid and will the Settlement Class representatives receive service payments? ............................ 10

**OBJECTING TO THE SETTLEMENT** ......................................................10

19.  How do I tell the Court if I do not like the Settlement?................ 10

20.  What is the difference between objecting and excluding?............. 12

**THE COURT'S FAIRNESS HEARING** .....................................................12

21.  When and where will the Court decide whether to approve the Settlement? ................................ 12

22.  Do I have to come to the Fairness Hearing?................................. 12

23.  May I speak at the Fairness Hearing? ........................................... 12

**IF YOU DO NOTHING** ...........................................................................13

24.  What happens if I do nothing at all?............................................. 13

**GETTING MORE INFORMATION**........................................................................................**13**

25.    Are there more details about the Settlement? ............................................................ 13

26.    How do I get more information?................................................................................. 13

| BASIC INFORMATION |
|---|

**1.       Why did I get this notice package?**

According to the records of HMA, HMC, KMC, or KMA, you bought or leased a Class Vehicle in the United States. This may also include a Class Vehicle you purchased while abroad on active U.S. military duty.

The Court has ordered this notice be sent to you because you have a right to know about a proposed settlement of a class action lawsuit and about your options in that lawsuit before the Court decides whether to approve the Settlement.  If the Court approves the Settlement and after objections and appeals are resolved, HMA, HMC, KMC, or KMA will provide payments and other benefits agreed to in the Settlement.  This notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

**You should read this entire notice.**

**2.       What are  these lawsuits about?**

The people who filed these lawsuits are called Plaintiffs, and the companies they sued, HMA, HMC, KMC, and KMA, are called Defendants.  The Plaintiffs allege that the Class Vehicles suffer from a defect that can cause engine seizure, stalling, engine failure, and engine fire.  The Plaintiffs also allege that engine seizure or stalling can be dangerous if experienced.  The Plaintiffs also allege that some owners and lessees have been improperly denied repairs under the vehicle's warranty.  HMA, HMC, KMC, and KMA all deny Plaintiffs' allegations.

**3.       Why is this a class action?**

In a class action lawsuit, one or more persons, called "Class Representatives" (in this case Cara Centko, Jenn Lazar, Christopher Stanczak, Rose Creps, James Kinnick, Wallace Coats, Maryanne Brogan, Andrea Smolek, Danny Dickerson, Robert Fockler, Amy Franklin, Donald House, Dave Loomis, Joseph McCallister, Arron Miller, Ricky Montoya, Lynn North, Mark Rice, Reid Schmitt, James Smith, and Chris Stackhouse), sue on behalf of people who have similar claims.  All of these people and those similarly situated are a "Settlement Class" or "Settlement Class Members."  One court resolves the issues for all Class Members, except those who exclude themselves from the Settlement Class.  The court in charge of the cases is the United States District Court for the Central District of California, and the cases are known as *In re: Hyundai and Kia Engine Litigation*, No. 8:17-cv-00838-JLS-JDE and *Flaherty v. Hyundai Motor Company, et al.*, No. 18-cv-02223 (C.D. Cal.).  District Judge Josephine Staton is presiding over this class action.

**4.       Why is there a settlement?**

The Class Representatives and Defendants agreed to a Settlement to avoid the cost and risk of further litigation, including a potential trial, and so that the Class Members can get payments and other benefits, in exchange for releasing Defendants from liability.  The Settlement does not mean that Defendants broke any laws and/or did anything wrong, and the Court did not decide which side was right.

The Class Representatives and Defendants entered into a Settlement Agreement that was preliminarily approved by the Court, which authorized the issuance of this notice.  The Class Representatives and the

lawyers representing them (called "Class Counsel") believe that the Settlement is in the best interest of the Settlement Class Members.

This notice summarizes the essential terms of the Settlement. The Settlement Agreement along with all exhibits and addenda sets forth in greater detail the rights and obligations of all the parties and are available at [settlement website]. If there is any conflict between this notice and the Settlement Agreement, the Settlement Agreement governs.

## WHO IS IN THE SETTLEMENT?

### 5.   How do I know if I am part of the Settlement?

Judge Staton decided that, for the purposes of this proposed settlement, everyone who fits this description is covered by the Settlement:  All owners and lessees of a Class Vehicle who purchased or leased the Class Vehicle in the United States including those that were  purchased while the owner was abroad on active U.S. military duty, but excluding those purchased in the U.S. territories and/or abroad.

However, the Class excludes all claims for death, personal injury, property damage, and subrogation. The Class also excludes HMA, HMC, KMC, and KMA; any affiliate, parent, or subsidiary of Hyundai Motor America or Kia Motors America; any entity in which HMA, HMC, KMC, or KMA has a controlling interest; any officer, director, or employee of HMA, HMC, KMC, or KMA; any successor or assign of HMA, HMC, KMC, or KMA; any judge to whom this Action is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons; individuals and/or entities who validly and/or have opt-out of the settlement; consumers or businesses that have purchased Class Vehicles previously deemed a total loss (i.e., salvage) (subject to verification through Carfax or other means); and current or former owners of a Class Vehicle that previously released their claims against HMA, HMC, KMC, or KMA with respect to the same issues raised in this class action.

### 6.   Which vehicles are included?

The "Class Vehicles," for the purposes of the description in section 5 above, are 2011-2019 model year Hyundai Sonata, 2013-2019 model year Hyundai Santa Fe Sport, 2014-2015 and 2018-2019 model year Hyundai Tucson, 2011-2019 model year Kia Optima, 2011-2019 model year Kia Sorento, and  2011-2019 model year Kia Sportage vehicles equipped with 2.0 liter and 2.4 liter  genuine Theta II gasoline direct injection engines within OEM specifications.

### 7.   If I bought or leased a Class Vehicle that has not had problems, am I included?

Yes.  You did NOT have to experience stalling, engine seizure, engine failure, or a vehicle fire to be included in this Settlement.  If you still own or lease a Class Vehicle you will be eligible to take advantage of the Settlement's extension of the Powertrain Warranty to a Lifetime Warranty, as well as certain other benefits of the Settlement.

### 8.   I am still not sure if I'm included.

If you are still not sure whether you are included, you can ask for free help.  You can visit the website at [settlement website].  You can also call [Hyundai phone number; or Kia phone number] and ask whether

your vehicle is included in the Settlement.  Whether you visit the website or call the toll-free number, you will need to have your Vehicle Identification Number ("VIN") ready.  The VIN is located on a small placard on the top of the dashboard and is visible through the driver's side corner of the windshield.  It also appears on your vehicle registration card and probably appears on your vehicle insurance card.  Your VIN should have 17 characters, a combination of both letters and numbers.

| SETTLEMENT BENEFITS – WHAT YOU GET |
| --- |

**9.     What does the Settlement provide?**

The Settlement provides the following benefits:

1.     <u>Warranty Extension</u>

HMA is extending the Powertrain Warranty to a Lifetime Warranty for Hyundai Class Vehicles.  The extension of the warranty will cover the short block assembly, consisting of the engine block, crankshaft and bearings, connecting rods and bearings, and pistons, in those Class Vehicles owned by individual consumers that have completed the knock sensor program software update.  With the exception of cases of exceptional neglect (defined below) and subject to the existing terms, limitations, and condition of the Class Vehicles' original Powertrain Warranty, the Limited Warranty shall otherwise endure irrespective of the Class Vehicle's mileage, duration of ownership, or prior warranty engine repairs and/or warranty replacements.

The extension of the warranty covers all costs of inspections and repairs including, parts, labor, and diagnosis, for the engine short block assembly.   Class members are suggested to retain all vehicle maintenance records after the Notice Date, and may be required to provide records for vehicle maintenance performed after the Notice Date to receive Lifetime Warranty repairs.

The warranty extension may be denied for "Exceptional Neglect" of the vehicle, which means (a) when the vehicle clearly evidences a lack of maintenance or care for a significant period of time of not less than one (1) year, such that the vehicle appears dilapidated, abandoned, and/or beyond repair unless such lack of maintenance was due to a Loss Event, as defined in the settlement agreement; or (b) where a class member has failed to have the KSDS ("Knock Sensor Detection Software") installed in the vehicle pursuant to the KSDS Product Improvement Campaign by a Hyundai or Kia dealer within 60 days from Notice Date, or within 60 days of mailing of KSDS campaign notice, whichever is later.

Hyundai and Kia will provide a free recall inspection for up to 90 days after the Notice Date for any vehicle where recall inspections were not completed, regardless of current mileage or prior repairs.

Hyundai and Kia dealerships will provide a free loaner vehicle of comparable value if requested, until repairs are completed.  If no loaner vehicle is available, Hyundai and Kia will provide full reimbursement of reasonable rental car expenses up to $40 per day.  (See below for how to make a claim for rental car reimbursements.)

Any repairs to Hyundai Class Vehicles performed pursuant to the Lifetime Warranty will preclude class members from opting out of the class.

You do <u>NOT</u> need to submit a Claim Form to receive this extension of the Powertrain Warranty for the engine short block assembly under this Settlement.

2. <u>Reimbursement for Past Repairs</u>

Money you spent on certain Class Vehicle repairs will be reimbursed in full, and in certain instances, you may receive an additional $140 goodwill payment and/or inconvenience payment based on the following requirements:

**(a) DATE OF REPAIRS**

- Any Qualifying Repairs completed prior to the date that the Settlement was signed or within 90 days of the Notice Date.

**(b) TYPES OF "QUALIFYING REPAIRS"**

- Any repair to the engine short block assembly, which includes the engine block, crankshaft and bearings, connecting rods and bearings, and pistons.

- Repairs to any other components (such as the long block assembly, battery, or starter) <u>if</u> paperwork shows the work was an attempt to address (i) engine seizure, (ii) engine stalling, (iii) engine noise, or (iv) illumination of the oil lamp. (Repair costs will not be reimbursed if the paperwork reflects that the repairs were plainly unrelated to the short block assembly).

- Any replacement of an oil filter based on Hyundai TSB No. 12-EM-006 necessitated by an engine short block assembly issue.

- It does not include repairs caused by a collision involving a Class Vehicle, unless the collision was directly caused by a Class Vehicle failure otherwise subject to a Qualifying Repair, such as an engine fire

**(c) GOODWILL PAYMENT FOR PREVIOUSLY DENIED WARRANTY REPAIRS**

- If before receiving notice of this Settlement you presented a Qualifying Repair to a Hyundai or Kia dealership and were denied an in-warranty repair and subsequently obtained the Repair elsewhere, you are eligible to receive an additional $140 goodwill payment.

**(d) COMPENSATION FOR INCONVENIENCE DUE TO REPAIR DELAYS**

- If you experienced prolonged delays (exceeding 60) days obtaining any Qualifying Repair from an authorized Hyundai or Kia dealership you are eligible to receive a goodwill payment based on the length of the delay.

- This compensation is also available to Settlement Class Members who were also members of the prior settlement class of 2011-2014 Hyundai Sonatas (*i.e. Mendoza v. Hyundai Motor Co.*, No. 15-cv-01685-BLF (C.D. Cal.) class population) for the inconvenience of delayed repairs under the terms of this section in connection with Qualifying Repairs that arose after the claims period expired under the terms of that settlement.

- ▪ If you had delays between 61 and 90 days you will be entitled to $50, and an additional $25 for each additional 30-day period of delay.  (E.g., a Class Member may receive $50 for delays lasting 61-90 days, $75 for delays lasting 91-120 days, etc.).

- ▪ A class member may elect to receive this compensation in the form of a dealer service card valued at 150% of the amount that would otherwise be paid.

### (e)  MAKE A TIMELY CLAIM

- ▪ See section 10 for how to make your claim using the Claim Form.

\* \* \*

Class members are eligible for a reimbursement even if warranty coverage was denied on grounds of improper service or maintenance (excepting limited Exceptional Neglect circumstances), and even if the repairs were performed at an independent mechanic. Exceptional Neglect means (a) when the vehicle clearly evidences a lack of maintenance or care for a significant period of time of not less than one (1) year, such that the vehicle appears dilapidated, abandoned, and/or beyond repair unless such lack of maintenance was due to a Loss Event, as defined in the settlement agreement; or (b) where a class member has failed to have the KSDS ("Knock Sensor Detection Software") installed in the vehicle pursuant to the KSDS Product Improvement Campaign by a Hyundai or Kia dealer within 60 days from Notice Date, or within 60 days of mailing of KSDS campaign notice, whichever is later.

  3.  <u>Reimbursement for Rental Cars, Towing, Etc.</u>

Money you spent on rental cars, towing services, and similar services will also be reimbursed in full, based on the following requirements:

- ▪ The expense was reasonably related to obtaining one of the Qualifying Repairs listed above, <u>and</u>

- ▪ You make a timely claim using the Claim Form.  (See section 10 for how to do so.)

  4.  <u>Compensation If You Sold or Traded-In a Class Vehicle</u>

If your Class Vehicle (i) experienced an engine seizure, engine stall, engine noise, engine compartment fire, or illumination of the oil lamp diagnosed as requiring repair of the engine block, AND  (ii) you sold or traded-in the Class Vehicle without first procuring the recommended repair, you may receive compensation for any effect on fair market value of the Class Vehicle that resulted.  You may also receive an additional goodwill payment of $140.00.

The amount of compensation will be based on the sale or trade-in transaction as a whole (among other considerations).  The vehicle's maintenance history or lack thereof before the repair diagnosis will <u>not</u> be a basis for denying or limiting compensation under this section (excepting limited Exceptional Neglect circumstances). Exceptional Neglect means (a) when the vehicle clearly evidences a lack of maintenance or care for a significant period of time of not less than one (1) year, such that the vehicle appears dilapidated, abandoned, and/or beyond repair unless such lack of maintenance was due to a Loss Event, as defined in the settlement agreement; or (b) where a class member has failed to have the KSDS ("Knock Sensor Detection Software") installed in the vehicle pursuant to the KSDS Product Improvement Campaign by a Hyundai or Kia dealer within 60 days from Notice Date, or within 60 days of mailing of KSDS campaign notice, whichever is later.

To be considered for compensation, submit a claim using the Claim Form.  Instructions are provided in section 10 below.  After you submit your claim, you will be contacted by HMA or KMA and advised of the process for evaluation of your transaction and proposed compensation.  If you are unhappy with the proposal, you can elect telephone arbitration through the Better Business Bureau ("BBB").

5.      Compensation for Vehicle involved in Engine Fire

If your Class Vehicle suffered an engine fire that would have otherwise been addressed by a Qualifying Repair that caused you to lose the vehicle because either the cost of the repair was too great or you had to dispose your vehicle at a loss, you may receive compensation for the value of the vehicle, and an additional $140 goodwill payment.

The amount of compensation will be based on the maximum Black Book value of the vehicle, provided that you submit a claim demonstrating the fire originated from the engine compartment and was unrelated to any sort of collision.

The vehicle's maintenance history or lack thereof before the repair diagnosis will not be a basis for denying or limiting compensation under this section (excepting limited Exceptional Neglect circumstances). Exceptional Neglect means (a) when the vehicle clearly evidences a lack of maintenance or care for a significant period of time of not less than one (1) year, such that the vehicle appears dilapidated, abandoned, and/or beyond repair unless such lack of maintenance was due to a Loss Event, as defined in the settlement agreement; or (b) where a class member has failed to have the KSDS ("Knock Sensor Detection Software") installed in the vehicle pursuant to the KSDS Product Improvement Campaign by a Hyundai or Kia dealer within 60 days from Notice Date, or within 60 days of mailing of KSDS campaign notice, whichever is later.

To be considered for compensation, submit a claim using the Claim Form.  Instructions are provided in section 10 below.  After you submit your claim, you will be contacted by HMA or KMA or Kia Motors America and advised of the process for evaluation of your transaction and proposed compensation.  If you are unhappy with the proposal, you can elect telephone arbitration through the Better Business Bureau ("BBB").

6.      Rebate Program

If you have lost faith in your Class Vehicle as a result of an engine failure or engine compartment fire and you purchase a replacement Hyundai vehicle (for Hyundai Class members) or Kia vehicle (for Kia Class members) you may be entitled to a rebate.  You must complete the claim form to be entitled to any rebate, but may qualify for the following amounts: for model year 2011-2012 Class Vehicles $2,000; for model year 2013 and 2014 Class Vehicles $1,500; for model year 2015 and 2016 Class Vehicles: $1,000; and for model year 2017 and 2018 Class Vehicles $500.

7.      Informational Pamphlet

The Settlement provides that HMA and KMA will distribute an informational pamphlet to Class Members that provides further recommended guidance on the maintenance of the engines in the Class Vehicles and that reminds Class Members of the available inspections and repairs.

## HOW YOU GET A REIMBURSEMENT – SUBMITTING A CLAIM FORM

**10.     How do I make a claim?**

▪   Fill out the Claim Form (paper or online), <u>and</u>

▪   Include the documentation specified on the Claim Form, <u>and</u>

▪   Submit online, by mail, or email the Claim Form to the address listed on the Claim Form, <u>and</u>

▪   Do so by [DATE] unless your claim is for rental car or towing costs incurred in the future, in which case you have 90 days from the date those costs were incurred.

Please keep a copy of your completed Claim Form and all documentation you submit for your own records.

If you fail to submit a Claim Form and supporting documents by the required deadline, you will not get paid.  Sending in a Claim Form late will be the same as doing nothing.

**11.     When would I get my reimbursement?**

In general, valid claims will be paid as they are approved after the Effective Date.  The Effective Date for the Settlement will be the date of the Court's Order giving final approval to the Settlement if there are no objections or appeals.  If there are objections or appeals, the date will be later.  When the date becomes known it will be posted at www._____.com

The Hon. Josephine Staton, U.S. District Court Judge, will hold a Fairness Hearing on [DATE] at the U.S. District Court for the Central District of California, Los Angeles Courthouse, 411 W. Fourth St., Santa Ana, CA 92701, to decide whether to approve the Settlement. (The hearing may be rescheduled without further notice.  To obtain updated scheduling information, see the [settlement website].)  If the Court approves the Settlement, there may be appeals afterwards.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Please be patient.

You may continue to check on the progress of the Settlement by visiting the website [settlement website] or calling [Hyundai phone number or Kia phone number].  **Payments under the Settlement will begin once the Settlement has been finally approved by the Court and any appeals from that decision are completed.**

**12.     What if my claim is found to be deficient?**

If a claim is found to be deficient and is rejected during the review process by the Settlement Administrator, the Settlement Class Member will be notified of the deficiency. The Settlement Class Member will then have an opportunity to remedy the deficiency within (60) days of the notice.

**13.     What am I giving up to stay in the Settlement Class?**

Unless you exclude yourself in writing as described in the answer to Question 13, you will be treated as part of the Settlement Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against HMA, HMC, KMC, KMA or other related entities or individuals (listed in the Settlement

Agreement, which you can view at [settlement website]) about the legal issues in *this* case if the
Settlement is approved.  It also means that all of the Court's orders will apply to you and legally bind
you.

However, nothing in this Settlement will prohibit you from pursuing claims for:  (i) personal injury;
(ii) damage to property other than to a Class Vehicle; or (iii) any and all claims that relate to something
other than a Class Vehicle and the alleged defect here.

If you have any questions about the scope of the legal claims you give up by staying the Settlement
Class, you may view Section VI of the Settlement Agreement (available at [settlement website]) or you
can contact the lawyers representing the Settlement Class for free or speak with your own lawyer at your
own expense:

| | |
|---|---|
| Matthew D. Schelkopf<br>Sauder Schelkopf<br>555 Lancaster Avenue<br>Berwyn, Pennsylvania 19312<br>mds@sstriallawyers.com<br>www.sauderschelkopf.com<br><br><br>Bonner Walsh<br>WALSH PLLC<br>1561 Long Haul Road<br>Grangeville, ID 83530<br>bonner@walshpllc.com | Steve Berman<br>Hagens Berman Sobol Shapiro<br>LLP<br>1301 Second Avenue<br>Suite 2000<br>Seattle, WA 98101 |

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want the benefits or reimbursements provided in this settlement, and you want to keep the
right to sue or continue to sue HMA, HMC, KMC, KMA, or other related entities or individuals, on your
own, about the legal issues in this case, then you must take steps to get out of the Settlement Class.  This
is called excluding yourself—or is sometimes referred to as opting out of the Settlement Class.

**14.    How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must send a letter by U.S. mail (or an express mail carrier)
saying that you want to "opt-out of" or "be excluded from" the Class Settlement in *In re: Hyundai and
Kia Engine Litigation*, No. 8:17-cv-00838-JLS-JDE and *Flaherty v. Hyundai Motor Company, et al.*,
No. 18-cv-02223 (C.D. Cal.).  Be sure to include (i) your full name and current address, (ii) the model
year, approximate date(s) of purchase or lease, and Vehicle Identification Number ("VIN") of your
vehicle (which is located on a placard on the top of the dashboard visible through the driver's side
corner of the windshield), and (iii) clearly state your desire to be excluded from the settlement and from
the Class.  You must mail your exclusion request postmarked no later than [DATE] to:

| **Defense Counsel &** |
|:---:|
| **KMA's Settlement Administrator** |
| Shon Morgan |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 865 S. Figueroa St., 10th Floor |
| Los Angeles, California 90017 |
| |
| |
| Epiq Class Action & Claims Solutions, Inc. |
| 10300 SW Allen Blvd. |
| Beaverton, OR 97005 |

You can't exclude yourself on the phone, on any website, or by e-mail.  Please keep a copy of any exclusion (or opting out) letter for your records.

If you ask to be excluded, you cannot receive any benefits under this Settlement, and you cannot object to the Settlement.  If you choose to be excluded or opt out, you will be excluded for all claims you have that are included in the Settlement.  You will not be legally bound by anything that happens in this lawsuit.  Depending on the laws in your state, you may be able to sue (or continue to sue) HMA, HMC, KMC, KMA, or other related entities or individuals in the future about the legal issues in this case.

With respect to Hyundai Class Vehicles only, any repairs performed pursuant to the Settlement's extension of the Powertrain Warranty on your Hyundai Class Vehicle shall preclude you from excluding yourself from the Class or opting out.

### 15.    If I don't exclude myself, can I sue for the same thing later?

No.  Unless you exclude yourself (opting out), you give up the right to sue HMA, HMC, KMC, KMA, and other related entities or individuals for the claims that this Settlement resolves.

If you have a pending lawsuit against HMA, HMC, KMC, KMA, or the related entities listed in the prior paragraph, speak to your lawyer in that lawsuit immediately.  You must exclude yourself from *this* Settlement Class to continue your own lawsuit if it concerns the same legal issues in this case.  Remember, the exclusion deadline is [DATE].

If you are a Settlement Class Member and you do nothing, you will remain a Settlement Class Member and all of the Court's orders will apply to you, you will be eligible for the Settlement benefits described above as long as you satisfy the conditions for receiving each benefit, and you will not be able to sue Defendants over the issues in this lawsuit.

### 16.    If I exclude myself, can I get the benefits of this Settlement?

No.  If you exclude yourself, do not send in a Claim Form to ask for any reimbursement and, with respect to Hyundai vehicles only, do not seek repairs under the Settlement's extension of the Powertrain Warranty.  But, you may sue, continue to sue, or be part of a different lawsuit against HMA, HMC, KMC, KMA, and other related entities or individuals for the claims that this Settlement resolves.

| THE LAWYERS REPRESENTING YOU |
|---|

**17.    Do I have a lawyer in this case?**

The Court has appointed Matthew D. Schelkopf of Sauder Schelkopf, Adam Gonnelli of The Sultzer Law Group, Steve Berman of Hagens Berman Sobol Shapiro LLP, and Bonner Walsh of Walsh PLLC to represent you and other Settlement Class Members.  Together these lawyers are called Class Counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own cost.

**18.    How will the lawyers be paid and will the Settlement Class representatives receive service payments?**

At a later date, Class Counsel will ask the Court for attorneys' fees, expenses,  and service payments to each of the named Settlement Class representatives, Cara Centko, Jenn Lazar, Christopher Stanczak, Rose Creps, James Kinnick, Wallace Coats, Maryanne Brogan, Andrea Smolek, Danny Dickerson, Robert Fockler, Amy Franklin, Donald House, Dave Loomis, Joseph McCallister, Arron Miller, Ricky Montoya, Lynn North, Mark Rice, Reid Schmitt, James Smith, and Chris Stackhouse.  It will be up to the Court to decide whether Defendants will be ordered to pay any of those fees, expenses, and service payments.  The Court may award less than the amounts requested by Class Counsel.  Defendants will separately pay the fees and expenses and service payments that the Court awards.  These amounts will not come out of the funds for payments to Settlement Class Members. You may continue to check on the progress of Class Counsel's request for attorneys' fees, expense and service awards by visiting the website [settlement website]

Defendants will also separately pay the costs to administer the settlement.  The payment of settlement administration costs will not come out of the funds for payments to Settlement Class Members.

| OBJECTING TO THE SETTLEMENT |
|---|

You can tell the Court that you don't agree with the Settlement or some part of it.

**19.    How do I tell the Court if I do not like the Settlement?**

If you are a member of the Settlement Class, you can object to the Settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.

To object, you must mail a letter saying that you object to the addresses below:

| Defense Counsel & KMA's Settlement Administrator | Class Counsel | Court |
|---|---|---|
| Shon Morgan<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br><br>Epiq Class Action & Claims Solutions, Inc.<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005 | Matthew D. Schelkopf<br>Sauder Schelkopf<br>555 Lancaster Avenue<br>Berwyn, Pennsylvania 19312 | Clerk of the Court<br>Ronald Reagan Federal Building and U.S. Courthouse<br>411 West 4th Street, Room 1053<br>Santa Ana, CA 92701-4516 |

Your objection letter must include:

1) The name and title of the lawsuit, *In re: Hyundai and Kia Engine Litigation*, No. 8:17-cv-00838-JLS-JDE and *Flaherty v. Hyundai Motor Company, et al.*, No. 18-cv-02223 (C.D. Cal.);
2) A detailed written statement of each objection being made, including the specific reasons for each objection, and any evidence or legal authority to support each objection;
3) Your full name, address, and telephone number;
4) The model year and VIN of your Class Vehicle;
5) A statement whether you or your lawyer will ask to appear at the Fairness Hearing to talk about your objections, and if so, how long you will need to present your objections;
6) Any supporting papers, materials, exhibits, or briefs that you want the Court to consider when reviewing the objection;
7) The identity of all counsel who represent you, including any former or current counsel who may be entitled to compensation for any reason related to your objection;
8) The number of times in which you, your counsel (if any), or your counsel's law firm (if any) have objected to a class action settlement within the five years preceding the date that the objector files the objection and the caption of each case in which such objection was made;
9) A statement disclosing any consideration that you, your counsel (if any), or your counsel's law firm (if any) has received in connection with the resolution or dismissal of an objection to a class action settlement within the five years preceding the date that the objector files the objection; and
10) Your signature and that of your attorney, if you have one.

Submitting an objection allows Class Counsel or counsel for Defendants to notice your deposition and to seek any documentary evidence or other tangible things that are relevant to your objection.  Failure to make yourself available for such a deposition or comply with expedited discovery requests may result in the Court striking your objection or denying you the opportunity to be heard.  The Court may require you or your counsel to pay the costs of any such discovery should the Court determine the objection is frivolous or made for improper purpose.

Objections must be sent by first class mail to each of the above addresses and postmarked no later than [DATE].  Objections submitted after this date will not be considered.

If you do not state your intention to appear in accordance with the applicable deadlines and specifications, or you do not submit an objection in accordance with the applicable deadlines and specifications, you will waive all objections and can be barred from speaking at the final approval hearing.

**20.      What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the Settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and the Settlement.  If you exclude yourself, you have no basis to object because the case no longer affects you.

| |
|---|
| **THE COURT'S FAIRNESS HEARING** |

The Court will hold a hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, subject to the requirements above, but you don't have to.

**21.      When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing at [Time] in [DATE] at the U.S. District Court for the Central District of California, Los Angeles Courthouse, 411 W. Fourth St., Santa Ana, CA 92701.  At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay Class Counsel and whether to approve the class representatives' service awards.  After the hearing, the Court will decide whether to finally approve the Settlement.  We do not know how long these decisions will take.

The hearing may be rescheduled without further notice to you, so it is recommended you periodically check [settlement website] for updated information.

**22.      Do I have to come to the Fairness Hearing?**

No.  Class Counsel will answer any questions Judge Staton may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it.  You may also attend or pay your own lawyer to attend, but it's not necessary.  Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

**23.      May I speak at the Fairness Hearing?**

You may ask the Court's permission to speak at the Fairness Hearing.  To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *In re: Hyundai and Kia Engine Litigation*, No. 8:17-cv-00838-JLS-JDE and *Flaherty v. Hyundai Motor Company, et al.*, No. 18-cv-02223 (C.D. Cal.)" or state in your objections that you intend to appear at the hearing.  Be sure to include your name, address, telephone number, the model year and VIN for your Class Vehicle(s), and signature, as well as the identities of any attorneys who will represent you.  Your Notice of Intention to Appear must be postmarked no later than [DATE], and be sent to Class Counsel and Defense Counsel, at the following addresses:

| Defense Counsel | Class Counsel |
|---|---|
| Shon Morgan<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017 | Matthew D. Schelkopf<br>Sauder Schelkopf<br>555 Lancaster Avenue<br>Berwyn, Pennsylvania 19312 |

## IF YOU DO NOTHING

**24.    What happens if I do nothing at all?**

If you do nothing, you'll get no reimbursements from this Settlement, though you will be entitled to the benefits of the Lifetime Warranty (if you continue to own or lease your Class Vehicle).  But, unless you exclude yourself, you won't be able to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against HMA, HMC, KMC, KMA, or other related entities or individuals about the legal issues in this case, ever again.

However, even if you take no action, you will keep your right to sue Defendant for any other claims not resolved by the Settlement.

## GETTING MORE INFORMATION

**25.    Are there more details about the Settlement?**

This notice summarizes the proposed Settlement.  More details are in a Settlement Agreement, which you can view at [settlement website].

Neither Defendants nor the Class Representatives make any representation regarding the tax effects, if any, of receiving any benefits under this Settlement.  Consult your tax adviser for any tax questions you may have.

**26.    How do I get more information?**

You can call [Hyundai's phone number or Kia's phone number] toll free or visit [settlement website], where you will find information and documents about the settlement, a Claim Form, plus other information.  You may also contact Class Counsel listed in response to Question 12.

**Other than a request to review the Court's files at the Clerk of the Court's Office, please do not contact the Clerk of the Court or the Judge with questions.**

# EXHIBIT B

# CLAIM FORM – Six Steps to Make a Claim

*In re: Hyundai and Kia Engine Litigation*, No. 8:17-cv-00838 (C.D. Cal.)
*Flaherty v. Hyundai Motor Company, et al.*, No. 18-cv-02223 (C.D. Cal.)

**[1] Verify the below information is correct.  If it is incorrect or missing, please provide the information in the spaces below:**

[Auto Fill Name]
[Auto Fill Address 1]
[Auto Fill Address 2]
[Auto Fill City],  [Auto Fill State]  [Auto Fill Zip Code]

First Name:

Last Name:

Address 1:

Address 2:

City:                                                                                                                State:

Zip Code:

**[2] (Optional) - Please provide your email address:**

**Email:**

If you choose to provide your email address, Hyundai or Kia will contact you about the settlement by email.  If not, Hyundai or Kia will contact you about the settlement at the postal address above.

**[3] Please provide your Vehicle Identification Number ("VIN").**  The VIN is located on a small placard on the top of the dashboard and is visible through the driver's side corner of the windshield.  It also appears on your vehicle registration card and probably appears on your vehicle insurance card.  Your VIN should have 17 characters, a combination of both letters and numbers.

**VIN:**

**[4] Indicate the Reimbursement(s) You Are Claiming, The Amount of the Reimbursement You are Requesting, and Enclose The Required Documents. NOTE: More Than One Type of Reimbursement May Apply to You.**

☐  I AM REQUESTING REIMBURSEMENT FOR REPAIRS PERFORMED AT A HYUNDAI OR KIA DEALERSHIP FOR ENGINE STALLING, KNOCKING, ENGINE FAILURE, ENGINE FIRE, ILLUMINATION OF THE OIL LAMP OR OTHER ENGINE SHORT BLOCK ASSEMBLY REPAIR

Please provide the amount of the repairs for which you are requesting reimbursement:       $

*For more information please view the Class Notice, call [Hyundai toll free no. & Kia toll free no.] or visit www.[website]com*

Claims can be submitted electronically at [settlement website].

**Documentation:** Enclose a credit card receipt, receipt from the dealership, credit card statement, OR other document showing the amount that you (or a friend or family member) paid for the repair(s). (If you paid in cash and have no receipt, your signature on the reverse side of this claim form will constitute your attestation, under penalty of perjury, that you (or a friend or family member) paid for the repair in cash and do not have a receipt or documentation for the payment.)

☐ **I AM REQUESTING REIMBURSEMENT FOR REPAIRS PERFORMED AT A THIRD-PARTY REPAIR FACILITY (UNRELATED TO HYUNDAI OR KIA) FOR ENGINE STALLING, KNOCKING, ENGINE FAILURE, ENGINE FIRE, ILLUMINATION OF THE OIL LAMP OR OTHER ENGINE SHORT BLOCK ASSEMBLY REPAIR**

Please provide the amount of the repairs for which you are requesting reimbursement:     $ ☐☐☐☐ . ☐☐

**Documentation:** Enclose a repair invoice or document that shows: (i) the repair type, (ii) the repair date, and (iii) the amount paid (e.g., credit card receipt, credit card statement, or bank statement). (If you paid in cash and have no receipt, your signature on the reverse side of this claim form will constitute your attestation, under penalty of perjury, that you (or a friend or family member) paid for the repair in cash and do not have a receipt or documentation for the payment.)

☐ **I AM REQUESTING THE $140 GOODWILL PAYMENT FOR PREVIOUSLY DENIED WARRANTY REPAIRS [If before receiving notice of this Settlement you presented a Qualifying Repair to a Hyundai or Kia dealership and were denied an in-warranty repair and subsequently obtained the Repair elsewhere, you may be eligible to receive an additional $140 goodwill payment.]**

☐ **I AM REQUESTING REIMBURSEMENT FOR RENTAL CAR / TOWING / OTHER COSTS INCURRED FOR ENGINE STALLING, KNOCKING, ENGINE FAILURE, ENGINE FIRE, ILLUMINATION OF THE OIL LAMP OR OTHER ENGINE SHORT BLOCK ASSEMBLY REPAIR**

Please provide the total amount of rental car, towing, and/or other costs for which you are requesting reimbursement:     $ ☐☐☐☐ . ☐☐

**Documentation:** Enclose a receipt or document showing all of the below:
- What was purchased (e.g., a rental car or towing service)
- Date of purchase
- Amount paid (e.g., credit card receipt, credit card statement, or bank statement). (If you paid in cash and have no receipt, your signature on the reverse side of this claim form will constitute your attestation, under penalty of perjury, that you (or a friend or family member) paid for the repair in cash and do not have a receipt or documentation for the payment.)
- The date and nature of the corresponding repair (not needed if the repair was performed at a Hyundai or Kia dealership)

☐ **I AM REQUESTING COMPENSATION FOR INCONVENIENCE DUE TO REPAIR DELAYS EXCEEDING 60 DAYS**

*For more information please view the Class Notice, call [Hyundai toll free no. & Kia toll free no.] or visit www.[website]com*

Please provide the total number of days obtaining any repairs done at an authorized Hyundai or Kia dealership.

☐ I AM REQUESTING A CASH PAYMENT [If you had delays between 61 and 90 days you will be entitled to $50, and an additional $25 for each additional 30-day period (or fraction thereof) of delay.]

☐ I AM REQUESTING A DEALER SERVICE CARD FOR 150% OF THE CASH PAYMENT I WOULD OTHERWISE BE ENTITLED TO FOR THIS BENEFIT.

**Documentation: Documents supporting the number of delayed days (e.g. repair order identifying open and close date).**

☐ I AM REQUESTING REIMBURSEMENT FOR A CLASS VEHICLE I SOLD OR TRADED-IN AFTER THE VEHICLE WAS DIAGNOSED AS REQUIRING A QUALIFYING REPAIR, BUT BEFORE THE REPAIR WAS PERFORMED

- If you check this box Hyundai or Kia will contact you about your request for compensation.
- To potentially qualify for compensation your vehicle must have experienced an engine seizure, engine stall, engine noise, or illumination of the oil lamp that was diagnosed as requiring repair of the engine, but you sold or traded-in your vehicle before the repair was performed.
- The sale or trade-in must have occurred before [insert 90 days after notice date].
- You are eligible for reimbursement by HMA (for Hyundai Class Vehicles) or KMA (for Kia Class Vehicles) of the baseline Black Book value (i.e., wholesale used vehicle value) of the sold or traded-in Class Vehicle plus $140.00 at the time of loss minus actual amount received from the sale or trade-in.
- If you have documents that you believe support your request for compensation, such as the repair facility diagnosis and paperwork showing what you received for your vehicle as a sale or trade-in, providing those documents with this claim form may assist in the processing of your claim.

☐ I AM REQUESTING REIMBURSEMENT FOR A CLASS VEHICLE THAT EXPERIENCED AN ENGINE FIRE

- If you check this box Hyundai or Kia will contact you about your request for compensation.
- To potentially qualify for compensation your vehicle must have experienced an engine fire as a result of an engine seizure, engine stall, engine noise, or illumination of the oil lamp due to a connecting rod bearing failure or symptoms associated with connecting rod bearing failure, that resulted in your loss of the vehicle.
- You must submit this claim no later than 90 days after the Notice Date or, for losses incurred after the Notice Date, no later than 90 days after the engine compartment fire occurred.
- You are eligible for payment by HMA (for Hyundai Class Vehicles) or KMA (for Kia Class Vehicles) of the maximum Black Book value (i.e., private party/very good) of the Class Vehicle at the time of loss minus actual value received (if any).
- In addition to reimbursement for the vehicle, you are eligible to receive an additional $140 goodwill payment.If you have documents that you believe support your request for compensation, such as the repair facility diagnosis and paperwork showing what you received for your vehicle (if anything), providing those documents with this claim form may assist in the processing of your claim.

☐ I LOST FAITH IN MY VEHICLE UPON RECEIPT OF THE SETTLEMENT NOTICE, SOLD MY VEHICLE, AND PURCHASED A REPLACEMENT KIA (for KIA class members) OR HYUNDAI (for Hyundai class members) VEHICLE WITHIN 90 DAYS AFTER RECEIPT OF THE SETTLEMENT NOTICE

- If you check this box Hyundai or Kia will contact you about your request for compensation.

*For more information please view the Class Notice, call [Hyundai toll free no. & Kia toll free no.] or visit www.[website]com*

Claims can be submitted electronically at [settlement website].

- ▪ To potentially qualify for this compensation, you must sell your vehicle in an arm's length transaction and purchase another vehicle from Kia (for Kia class members) or from Hyundai (for Hyundai class members).
- ▪ To potentially qualify for compensation your vehicle must have experienced an engine failure or an engine fire due to a connecting rod bearing failure or symptoms associated with connecting rod bearing failure.
- ▪ You must submit this claim within 90 days of the Notice Date, or for engine failure or fire occurring after the Notice Date, you must submit this claim within 90 days of the event.
- ▪ If you choose this option you are eligible for a rebate which shall be calculated as the actual loss by comparing sales documentation to the maximum Black Book value of the vehicle at the time the Knock Sensor Detection System campaign launch. You may be entitled to payment up to the following amounts:
  - a. For model year 2011-2012 Class Vehicles: $2,000
  - b. For model year 2013 and 2014 Class Vehicles: $1,500
  - c. For model year 2015 and 2016 Class Vehicles: $1,000
  - d. For model year 2017 and 2018 Class Vehicles: $500
- ▪ If you have documents that you believe support your request for compensation, such as the repair facility diagnosis, paperwork showing what you received for your vehicle's sale or trade-in, and paperwork showing proof of purchase of another Hyundai or Kia vehicle, providing those documents with this claim form may assist in the processing of your claim.

## [5] Sign & Date

The information on this form is true and correct to the best of my knowledge. I agree to participate in the settlement. I authorize any dealership that serviced my vehicle to release records to Hyundai or Kia to help pay my claim. To the extent I am seeking reimbursement for a dealership repair and do not have a receipt or other documentation for the corresponding cash payment, I attest under penalty of perjury that I (or a friend or family member) paid for the repair in cash and I do not have a receipt or documentation for the payment. If I am seeking to participate in the rebate program, I attest under penalty of perjury that I have lost faith in my vehicle.

Signature:_____ Date:_____

## [6] Submit:  Email the completed form and the documentation to [Hyundai email address or Kia Settlement Administrator email address] or mail it to [Hyundai postal mail address or Kia Settlement Administrator postal mail address]

# EXHIBIT C

# Pamphlet

### *[Text only; to be accompanied by color vehicle photography]*

*Cover Page*

INFORMATION ABOUT THE ENGINE IN YOUR [HYUNDAI/KIA] VEHICLE

*Please keep this brochure in your [Hyundai/Kia]  vehicle's glove box with your Owner's Manual*

*Page 1*

**Software Upgrade: Knock Sensor Detection System**

A new engine monitoring technology called a "knock sensor detection system" has been developed.  The technology enables the detection of potential early engine issues caused by excessive bearing wear, and has been evaluated by one of the world's leading engineering and scientific consulting firms.  The technology has recently been made available for your vehicle.

If you have not already done so, please take your vehicle to a [Hyundai/Kia] dealership to receive the knock sensor detection software update.  This will be provided to you at no cost.

The software is designed to detect early signs of excessive connecting rod bearing wear that are ordinarily associated with an engine knocking noise.  Once detected, the system alerts the driver, through dashboard warnings and by placing the vehicle in a reduced, engine protection mode, that the vehicle needs to be serviced immediately at a [Hyundai/Kia] dealer.  In that case, please proceed directly to a [Hyundai/Kia] dealer.

*Page 2*

**Lifetime Warranty**

Hyundai is also providing lifetime warranty coverage for certain engine repairs for original and subsequent owners of model year 2011-2019 Sonatas, 2013-2018 Santa Fe Sports, 2019 Santa Fes, and 2014, 2015, 2018 and 2019 Tucsons who obtain the software updated described above.  The lifetime warranty will cover the short block assembly, consisting of the engine block, crankshaft and main bearings, connecting rods and connecting rod bearings, and pistons.  The lifetime warranty will also apply to any damage caused to the long block assembly due to connecting rod bearing failure.

*Back Cover*

Should you have any questions regarding the information contained in this pamphlet, please contact the [Hyundai Customer Connect Center at _____] Kia Customer Assistance Center at _____].

Thank you for choosing [Hyundai/Kia].

# EXHIBIT D

1
2

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

3
4
5
6
7
8
9
10
11
12
13

*In re: Hyundai and Kia Engine Litigation*

8:17-cv-00838-JLS-JDE

Related Cases:
8:17-cv-01365-JLS-JDE
8:17-cv-02208-JLS-JDE
2:18-cv-05255-JLS-JDE
8:18-cv-00622-JLS-JDE
8:18-cv-02223-JLS-JDE

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WHEREAS, Plaintiffs Cara Centko, Jenn Lazar, Christopher Stanczak, Rose Creps, James Kinnick, Wallace Coats, Maryanne Brogan, Andrea Smolek, Danny Dickerson, Robert Fockler, Amy Franklin, Donald House, Dave Loomis, Joseph McCallister, Arron Miller, Ricky Montoya, Lynn North, Mark Rice, Reid Schmitt, James Smith, and Chris Stackhouse ("Named Plaintiffs" or "Class Representatives"), individually and as representatives of a Class defined below, and Defendants Hyundai Motor America ("HMA"), Hyundai Motor Company ("HMC"), Kia Motors Corporation ("KMC") and Kia Motors America ("KMA") (collectively the "Parties") have entered into a Settlement Agreement dated October 10, 2019, which, if approved, would resolve this class action;

WHEREAS, the Named Plaintiffs have filed a motion for preliminary approval of the proposed settlement, and the Court has reviewed and considered the motion, the supporting brief, the Settlement Agreement, and all exhibits thereto, including the proposed class notice (the "Long Form Notice"), claim form ("Claim Form"), and

pamphlet ("Pamphlet"), and finds there is sufficient basis for granting preliminary approval of the settlement, directing that notice be disseminated to the class, and setting a hearing at which the Court will consider whether to grant final approval of the settlement;

IT IS HEREBY ORDERED that:

1.    Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

2.    Under the Settlement Agreement, the Class has been defined as: All owners and lessees of a Class Vehicle who purchased or leased a Class Vehicle in the United States, including those that were purchased while the owner was abroad on active U.S. military duty, but excluding those purchased in U.S. territories and/or abroad. Excluded from the claims of the Class (and not released by this Settlement) are all claims for death, personal injury, property damage (other than damage to a Class Vehicle that is the subject of a Qualifying Repair), and subrogation. Also excluded from the Class are HMA, HMC, KMC and KMA; any affiliate, parent, or subsidiary of HMA, HMC, KMC or KMA; any entity in which HMA, HMC, KMC or KMA has a controlling interest; any officer, director, or employee of HMA, HMC, KMC or KMA; any successor or assign of HMA, HMC, KMC or KMA; any judge to whom this Action is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons; (c) individuals and/or entities who validly and timely opt-out of the settlement; (d) consumers or businesses that have purchased Class Vehicles previously deemed a total loss (i.e., salvage or junkyard vehicles) (subject to verification through Carfax or other means); and (e) current or former owners of a Class Vehicles that previously released their claims in an individual settlement with HMA, HMC, KMC and KMA with respect to the issues raised the Action (for the purpose of clarity, individual owners of 2011-2014 Hyundai Sonatas who released claims against HMA and HMC

1   in the settlement reached in *Mendoza v. Hyundai Motor Company Ltd., et. al.*, Case

2   No. 15-cv-01685-BLF (C.D. Cal.) are not excluded from the claims of the Class).

3          3.      The Court preliminarily approves the proposed settlement, finding that

4   the terms of the Settlement Agreement appear sufficiently fair, reasonable, and

5   adequate to warrant dissemination of the Long Form Notice of the proposed settlement

6   to the Class. The Court finds that the Settlement Agreement contains no obvious

7   deficiencies and that the parties entered into the Settlement Agreement in good faith,

8   following arm's-length negotiation between their respective counsel.

9          4.      The Court appoints Matthew D. Schelkopf of Sauder Schelkopf, Adam

10  Gonnelli of The Sultzer Law Group, Bonner Walsh of Walsh PLLC, and Steve W.

11  Berman of Hagens Berman Sobol Shapiro LLP as Class Counsel and Cara Centko,

12  Jenn Lazar, Christopher Stanczak, Rose Creps, James Kinnick, Wallace Coats,

13  Maryanne Brogan, Andrea Smolek, Danny Dickerson, Robert Fockler, Amy Franklin,

14  Donald House, Dave Loomis, Joseph McCallister, Arron Miller, Ricky Montoya,

15  Lynn North, Mark Rice, Reid Schmitt, James Smith, and Chris Stackhouse as Class

16  Representatives.

17         5.      The Court hereby approves the form and procedures for disseminating

18  notice of the proposed settlement to the Class as set forth in the Settlement Agreement.

19  The Court finds that the notice to be given constitutes the best notice practicable under

20  the circumstances, and constitutes valid and sufficient notice to the Class in full

21  compliance with the requirements of due process and applicable law.

22         6.      For purposes of identifying current and former owners and lessees of

23  Class Vehicles, R.L. Polk & Company, or a similar third-party entity, is hereby

24  authorized to provide the names and most current addresses of such owners and

25  lessees to HMA and/or KMA or their designee(s). Any governmental agency in

26  possession of names or addresses of current and former Class Vehicle owners or

27

28

[PROPOSED] ORDER GRANTING PLTFS.' MOTION FOR
PRELIM. APPROVAL OF CLASS ACTION SETTLEMENT - 3

1    lessees is hereby authorized and directed to release that information to R.L. Polk &

2    Company, or a similar third-party entity, upon request.

3           7.      As set forth in the Settlement Agreement, HMA, HMC, KMC and KMA

4    shall bear all costs and expenses in connection with providing notice to the Class and

5    administering the proposed settlement.

6           8.      Any Class Member shall have the right to opt out of the Class and the

7    settlement by sending a written request for exclusion from the Class to the address

8    listed in the Long Form Notice postmarked no later than the deadline provided for

9    such exclusion as set forth in the Long Form Notice. To be effective, the request for

10   exclusion must include:

11              (i)     the Class Member's full name and current address;

12              (ii)    the model year and Vehicle Identification Number ("VIN") of the Class

13                      Member's Class Vehicle(s) and the approximate date(s) of purchase or

14                      lease;

15              (iii)   a clear and specific statement of the Class Member's desire to be

16                      excluded from the Settlement and from the Class.

17   Any Class Member who does not submit a timely and valid request for exclusion shall

18   be subject to and bound by the Settlement Agreement and every order or judgment

19   entered concerning the Settlement Agreement.

20          9.      Any Class Member who intends to object to final approval of the

21   settlement and/or the amount of attorneys' fees must send a letter, postmarked no later

22   than the deadline provided for such objection to the Court, Class Counsel, and Defense

23   Counsel, as set forth in the Long Form Notice. Each objection must include:

24              (i)     the case name and number, *In re: Hyundai and Kia Engine Litig*.,

25                      No. 8:17-cv-00838 (C.D. Cal.);

26              (ii)    the objecting Class Member's full name, current address, and

27                      current telephone number;

28
—————————————————————————————
[PROPOSED] ORDER GRANTING PLTFS.' MOTION FOR
PRELIM. APPROVAL OF CLASS ACTION SETTLEMENT - 4

| | | |
|---|---|---|
| 1 | (iii) | the model year and VIN of the objecting Class Member's Class |
| 2 | | Vehicle(s); |
| 3 | (iv) | a statement of the objection(s), including all factual and legal |
| 4 | | grounds for the position; |
| 5 | (v) | copies of any documents the objecting Class Member wishes to |
| 6 | | submit in support; |
| 7 | (vi) | the name and address of the lawyer(s), if any, who is representing |
| 8 | | the objecting Class member in making the objection or who may be |
| 9 | | entitled to compensation in connection with the objection; |
| 10 | (vii) | a statement of whether the Class member objecting intends to |
| 11 | | appear at the Final Approval Hearing, either with or without |
| 12 | | counsel; |
| 13 | (viii) | the identity of all counsel (if any) who will appear on behalf of the |
| 14 | | Class member objecting at the Final Approval Hearing and all |
| 15 | | persons (if any) who will be called to testify in support of the |
| 16 | | objection; |
| 17 | (ix) | the signature of the Class member objecting, in addition to the |
| 18 | | signature of any attorney representing the Class member objecting |
| 19 | | in connection with the objection, and date the objection; and |
| 20 | (x) | a list of any other objections submitted by the objector, or the |
| 21 | | objector's counsel, to any class action settlements submitted in any |
| 22 | | court in the United States in the previous five years (or Class |
| 23 | | member shall affirmatively state in writing that the Class member |
| 24 | | or his or her counsel has not made any such prior objection); and |
| 25 | (xi) | a statement disclosing any consideration that the objector, or the |
| 26 | | objector's counsel (if any), or the objector's counsel's law firm (if |
| 27 | | any) has received in connection with the resolution or dismissal of |
| 28 | | |

[PROPOSED] ORDER GRANTING PLTFS.' MOTION FOR
PRELIM. APPROVAL OF CLASS ACTION SETTLEMENT - 5

1    |    an objection to a class action settlement within the five years

2    |    preceding the date that the objector files the objection.

3    10.    If the objecting Class member intends to appear, in person or by counsel,

4  at the final approval hearing, the objecting Class member must so state in the

5  objection.

6    11.    The Court will hold a Fairness Hearing addressing the final approval of

7  the Settlement Agreement, an award of fees and expenses to Class Counsel, and

8  incentive payments to the Class Representatives, before the undersigned judge at the

9  U.S. District Court for the Central District of California, Los Angeles Courthouse, 411

10  W. Fourth St., Santa Ana, CA 92701. At the Fairness Hearing, the Court will consider:

11  (i) whether the settlement should be approved as fair, reasonable, and adequate for the

12  class; (ii) whether a judgment granting approval of the settlement and dismissing the

13  lawsuit with prejudice should be entered; and (iii) whether Class Counsel's application

14  for attorneys' fees and expenses should be granted.

15    12.    The following schedule shall govern the class action settlement

16  proceedings:

17    (i)    HMA, HMC, KMC and KMA must cause individual notice,

18    substantially in the form attached to the Settlement Agreement as

19    Exhibit A (proposed Class Notice) and Exhibit B (the Claim

20    Form), to be mailed via first-class mail to all reasonably

21    identifiable Class Members by _____ (within 90

22    days after entry of this Preliminary Approval Order).

23    (ii)    Class Members must mail any letter objecting to the proposed

24    settlement on or before _____ (within 60 days after

25    the Notice Date).

26

27

28

1     (iii) Class Members must mail any letter electing to exclude themselves

2       from the Class on or before _____ (within 60 days

3       after the Notice Date).

4     (iv) The Parties shall submit motions for final approval of the proposed

5       settlement, including any exhibits or attachments thereto, on or

6       before _____ (14 days prior to the Fairness Hearing).

7     (v) The Fairness Hearing shall be held on _____ (165 days

8       after entry of this Preliminary Approval Order).

9 The dates established for items (ii), (iii), and (v) shall be included in the Long Form

10 Notice mailed to Class Members.

11   13. Plaintiffs shall file, on or before _____ (30 days after the

12 Notice Date), a motion for attorneys' fees and expenses. HMA, HMC, KMC and

13 KMA shall file any responses to the motion on or before _____, and, if

14 necessary, Plaintiffs shall file a reply brief in support of its motion on or before

15 _____.

16   14. The Court has the authority and duty under Rule 23 of the Federal Rules

17 of Civil Procedure to manage this class action litigation, ensure that clear and accurate

18 notices are provided to the class, and protect the class members from information and

19 communications about the proposed settlement or litigation that are coercive,

20 deceptive, false, misleading, confusing, omit material information, or otherwise

21 undermine the class action process.  The Court has approved certain forms of notice

22 that provide class members with clear, accurate, and objective information about the

23 proposed settlement.  The Court intends to carefully scrutinize any additional

24 communications with, or information directed to, class members that are brought to its

25 attention by a moving party, including communications or information provided by or

26 on behalf of persons or entities who are not named parties in this litigation. *See*

27 Manual for Complex Litigation (4th) § 21.33 ("Objectors to a class settlement or their

28

attorneys may not communicate misleading or inaccurate statements to class members about the terms of a settlement to induce them to file objections or to opt out."); *In re Gen. Motors Corp.Engine Interchange Litig.*, 594 F.2d 1106, 1140 n.60 (7th Cir. 1979) ("Solicitations to opt-out tend to reduce the effectiveness of (b)(3) class actions for no legitimate reason.").

15.    With respect to any such communications or information, the Court intends to make specific findings based on the particular circumstances, and will take appropriate action in accordance with the standards set forth in *Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981).  In order to reduce the risk of class members receiving misleading or confusing information outside the context of the forms of notice approved by the Court and to reduce the need for costly curative notice, the Court encourages any person who wishes to send or provide a written communication to multiple class members about the proposed settlement or this litigation to submit the proposed communication to the Court for review and approval prior to issuing it.

16.    Since the Court has appointed Class Counsel and preliminarily certified the class, the Court also finds that the class members are represented by Class Counsel, and the ethical rule relating to communications with represented persons applies to attorney communications with the class members. *See, e.g.*, ABA Model Rule of Professional Conduct 4.2 (and the relevant counterparts in each state or jurisdiction); *see also Jacobs v. CSAA Inter-Ins.*, No. C07-00362MHP, 2009 WL 1201996, at *3 (N.D. Cal. May 1, 2009).  Therefore, the Court reminds any lawyer wishing to communicate with class members to comply with applicable ethical rules. *See, e.g.*, ABA Model Rule of Professional Conduct 4.2 ("[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.").

1       17.    In most circumstances, communications by lawyers with class members about this class action litigation or the proposed settlement must go through Class Counsel, and direct contact is prohibited.  However, this Order is not intended to prevent an individual class member from proactively seeking the advice of a third-party attorney regarding his or her rights in the context of this class action during the opt-out period.


DATED: _____


_____
Hon. Josephine L. Staton
U.S. District Court Judge