Matthew D. Schelkopf (pro hac vice)
SAUDER SCHELKOPF
1109 Lancaster Avenue
Berwyn, Pennsylvania 19312
mds@sstriallawyers.com

Adam Gonnelli (pro hac vice)
LAW OFFICE OF ADAM R. GONNELLI, L.L.C.
7030 E. Genesee Street
Fayetteville, New York 13066
adam@arglawoffice.com

Bonner Walsh (pro hac vice)
WALSH PLLC
1561 Long Haul Road
Grangeville, ID 83530
bonner@walshpllc.com

*Attorneys for Plaintiffs and the Proposed Class*

***[LIST OF ADDITIONAL COUNSEL ON SIGNATURE PAGE]***

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re: Hyundai and Kia Engine Litigation*, | 8:17-cv-00838-JLS-JDE |
| | Related Cases:<br>8:17-cv-01365-JLS-JDE<br>8:17-cv-02208-JLS-JDE<br>2:18-cv-05255-JLS-JDE<br>8:18-cv-00622-JLS-JDE<br>8:18-cv-02223-JLS-JDE |
| | **PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR CLASS COUNSEL FEE AND EXPENSE AWARD AND CLASS REPRESENTATIVE SERVICE AWARDS** |
| | Date:  November 13, 2020<br>Time:  10:30 a.m.<br>Hon.  Josephine L. Staton<br>Courtroom:  10A |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on November 13, 2020, at 10:30 a.m. before Honorable Josephine L. Staton in Court 10A, 10th Floor, of the United States District Court for the Central District of California, located at Ronald Reagan Federal Building and United States Courthouse, 411 W. Fourth St., Santa Ana, CA, 92701, Plaintiffs Cara Centko, Jenn Lazar, Christopher Stanczak, Rose Creps, James Kinnick, Wallace Coats, Maryanne Brogan, Andrea Smolek, Danny Dickerson, Robert Fockler, Amy Franklin, Donald House, Dave Loomis, Joseph McCallister, Arron Miller, Ricky Montoya, Lynn North, Mark Rice, Reid Schmitt, James Smith, and Chris Stackhouse will and hereby do move for an order of the Court awarding Class Counsel $6,900,000 in attorneys' fees and up to $175,000 in litigation expenses, as well as $3,500 to each Class Representative as a service award.

Plaintiffs' unopposed motion is based on this notice; the accompanying Memorandum of Law; the Declarations of Matthew D. Schelkopf, Bonner C. Walsh, Adam Gonnelli, and Steve W. Berman[1] and all attachments thereto (including the Settlement Agreement); the Proposed Order Granting Plaintiffs' Motion for a Fee and Expense Award and Class Representative Service Awards; and all other papers filed and proceedings had in this Action.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on September 30, 2020.

---

[1] Declarations from Alison Bernal, Daniel Levin, Nicholas A. Migliaccio, and Jason Sultzer are also submitted herewith.

Plaintiffs' Notice of Motion and Motion for Class Counsel Fee and Expense Award
Case No.: 8:17-cv-00838

| | |
|---|---|
| 1 | Dated: September 30, 2020 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |

Dated: September 30, 2020          Respectfully submitted,

By:    /s/ Matthew D. Schelkopf
Joseph G. Sauder
Matthew D. Schelkopf
Joseph B. Kenney
**SAUDER SCHELKOPF LLC**
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0581
jgs@sstriallawyers.com
mds@sstriallawyers.com
jbk@sstriallawyers.com

Adam Gonnelli (*pro hac vice*)
**LAW OFFICE OF ADAM R. GONNELLI, L.L.C.**
7030 E. Genesee Street
Fayetteville, NY 13066
Telephone: (917) 541-7110
Facsimile:  (315) 446-7521
adam@arglawoffice.com

Bonner Walsh (*pro hac vice*)
**WALSH PLLC**
1561 Long Haul Road
Grangeville, ID 83530
Telephone: (541) 359-2827
Facsimile: (866) 503-8206
bonner@walshpllc.com

Steve W. Berman (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Fax: (206) 623-0594
steve@hbsslaw.com

2

1

# TABLE OF CONTENTS

2

**Page**

I.     INTRODUCTION ........................................................................................ 1

II.    OVERVIEW OF CLASS COUNSEL'S WORK IN THE CASE ..................... 2

    A.    Pre-Filing Investigation and Complaint Preparation ............................ 2

    B.    Case Coordination and Motion Practice ................................................. 2

    C.    Discovery ............................................................................................... 4

    D.    Mediation and Settlement Negotiations................................................. 4

    E.    Fee Negotiations.................................................................................... 5

III.   ARGUMENT ............................................................................................... 5

    A.    Plaintiffs Are Entitled to a Fee Under California Law ............................ 5

    B.    The Fee Request is Reasonable Under the Lodestar Method ................. 6

        1.    Results Achieved ........................................................................ 7

        2.    Risk of Litigation ....................................................................... 9

        3.    Skill Required ............................................................................. 9

        4.    Contingent Nature of the Fee.................................................... 10

        5.    The Sole Objection to the Attorneys' Fees Should be Overruled. .................................................................................. 11

        6.    Class Counsel's Hourly Rates are Reasonable. ........................... 11

        7.    A Lodestar Multiplier is Appropriate ........................................ 16

        8.    Class Counsel's Lodestar Multiplier is Reasonable ................... 17

        9.    The Requested Fee is Also Supported by the Common Fund Approach ......................................................................... 19

        10.   Class Counsel's Expenses Are Reasonable. ............................... 19

        11.   The Service Awards Are Reasonable ......................................... 20

IV.    CONCLUSION ........................................................................................... 21

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

## CASES

4

5

*Andrew Tyler Foster, et. al, v. L-3 Communications EOTech Inc. et. al*,
  No. 6:15-cv-03519-BCW (W.D. Mo. July 7, 2017).........................................15

6

*Bang v. BMW of N. Am., LLC*,
  No. 2:15-cv-6945 (D.N.J. Sept. 11, 2018) ....................................................15

7

8

*In re Bluetooth Headset Prod. Liability Litig.*,
  654 F.3d 935 (9th Cir. 2011) .......................................................................16

9

10

*Blum v. Stenson*,
  465 U.S. 886 (1984) ....................................................................................12

11

12

*Cameron Park, et. al, v. Zuffa, LLC et. al*,
  No. 2:17-cv-02282-APG-VCF (D. Nev. July 23, 2018) ..................................15

13

14

*In re Celebrex (Celecoxib) Antitrust Litig.*,
  No. 2:14-cv-00361-AWA-DEM (E.D. Va. April 18, 2018) ............................16

15

16

*Children's Hosp. and Med. Ctr. v. Bonta*,
  97 Cal. App. 4th 740 (2002) ........................................................................12

17

18

*In re Consumer Privacy Cases*,
  175 Cal. App. 4th 545 (2009) .........................................................................7

19

20

*Ebarle v. Lifelock, Inc.*,
  No. 15-CV-00258-HSG, 2016 WL 5076203 (N.D. Cal.
  Sept. 20, 2016).............................................................................................21

21

22

*Fath v. American Honda Motor Co., Inc.*,
  No. 18-cv-1549, ECF No. 148 (D. Minn. Sept. 11, 2020) ................................15

23

24

*Graham v. Capital One Bank (USA), N.A.*,
  No. SACV1300743JLSJPRX, 2014 WL 12579806 (C.D. Cal.
  Dec. 8, 2014)..................................................................................................8

25

26

*Graham v. DaimlerChrysler Corp.*,
  34 Cal. 4th 553 (2004) ...................................................................................6

27

28

*Hartley v. Sig Sauer, Inc.*,
   No. 4:18-cv-00267-SRB (W.D. Mo., June 25, 2020) ......................................... 16

*Henderson v. Volvo Cars of N. Am., LLC*,
   No. 09-4146, 2013 WL 1192479 (D.N.J. Mar. 22, 2013) .................................... 15

*In re Heritage Bond Litig.*,
   No. 02-ML-1475, 2005 WL 1594389 (C.D. Cal. 2005) ............................ 8, 9, 10

*Horsford v. Bd. of Trustees of California State Univ.*,
   132 Cal. App. 4th 359, 33 Cal. Rptr. 3d 644 (2005) ......................................... 17

*In re Hyundai & Kia Fuel Econ. Litig.*,
   926 F.3d 539 (9th Cir. 2019) ................................................................................ 19

*In re: Hyundai and Kia Engine Litigation. Flaherty v. Hyundai Motor Co., et al.*,
   No. 18- cv-02223 (C.D. Cal.) ............................................................................ 3, 5

*In re Hyundai and Kia Fuel Economy Litig.*,
   2:13-ml-02424-GW-FFM (C.D. Cal. Nov. 14, 2019) ........................................ 16

*Kim v. Euromotors West/The Auto Gallery*,
   149 Cal. App. 4th 170 (2007) ................................................................................. 6

*Kissel v. Code 42 Software Inc.*,
   No. 8:15-cv-01936, 2018 WL 6113078 (C.D. Cal.
   Feb. 20, 2018) .................................................................................... 7, 10, 11, 20

*Laffitte v. Robert Half Int'l Inc.*,
   376 P.3d 672 (Cal. 2016) ......................................................................................... 7

*Laguna v. Coverall North America*,
   753 F.3d 918 (9th Cir. 2014) ................................................................................ 19

*Linney v. Cellular Alaska P'ship*,
   151 F.3d 1234 (9th Cir. 1998) .............................................................................. 17

*MacDonald v. Ford Motor Co.*,
   No. 13-cv-2988, 2016 WL 3055643 (N.D. Cal. May 31, 2016) ........................ 18

*Mangold v. California Public Utilities Commission*,
   67 F.3d 1470 (9th Cir. 1995) .................................................................................. 7

*In re McKesson Corp. Derivative Litig.,*
  No. 4:17-cv-01850-CW (N.D. Cal. Apr. 22, 2020)............................................16

*Meghan Schmitt, et. al, v. Younique, LLC,*
  No. 8:17-cv-01397-jvs-jde...................................................................................16

*Moore v. Verizon Commc'ns Inc.,*
  No. C 09-1823 SBA, 2013 WL 4610764, at *10 (N.D. Cal. Aug. 28,
  2013) ........................................................................................................................11

*Musgrave v. Hyundai Motor America, Inc.,*
  No. 4:18-cv-07313-YGR (N.D. Cal.) .................................................................4

*Rodriguez v. W. Publ'g Corp.,*
  563 F.3d 948 (9th Cir. 2009) .............................................................................21

*Rutti v. Lojack Corp., Inc.,*
  No. SACV 06–350 (JCx), 2012 WL 3151077, *12 (C.D. Cal. July 31,
  2012) ........................................................................................................................20

*Schuchardt v. Law Office of Rory W. Clark,*
  314 F.R.D. 673 (N.D. Cal. 2016) ......................................................................18

*Spann v. J.C. Penney Corp.,*
  211 F. Supp. 3d 1244 (C.D. Cal. 2016)......................................................11, 19

*Thomas v. Cognizant Tech. Sols. U.S. Corp.,*
  No. SACV111123JSTANX, 2013 WL 12371622 (C.D. Cal.
  June 24, 2013).........................................................................................................16

*In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales
  Practices, and Products Liability Litig.,*
  No. 8:10-ml-02151-JVS-FMO (C.D. Cal. July 24, 2013).................................16

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales
  Practices, & Prod. Liab. Litig.,*
  No. 810ML02151JVSFMOX, 2013 WL 12327929 (C.D. Cal.
  July 24, 2013) .....................................................................................................9, 10

*Urakhchin v. Allianz Asset Mgmt. of Am., L.P.,*
  No. 8:15-cv-01614-JLS-JCG, 2018 WL 8334858 (C.D. Cal.
  July 30, 2018) .........................................................................................................15

iv

*Vandervort v. Balboa Capital Corp.*,
    8 F. Supp. 3d 1200 (C.D. Cal. 2014) ........................................................ 18, 22

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) ............................................... 9, 18, 20

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod.*
    *Liab. Litig.*, No. 2672 CRB (JSC), 2017 WL 1352859 (N.D. Cal. Apr.
    12, 2017) ............................................................................................ 18

*Yaeger v. Subaru of Am., Inc.*,
    No. 1:14-cv-4490, 2016 WL 4547126 (D.N.J. Aug. 31, 2016) ........................ 15

*Yamada v. Nobel Biocare Holding AG*,
    825 F.3d 536 (9th Cir. 2016) ................................................................ 8

## STATUTES

Cal. Code of Civ. Proc. § 1021.5 ..................................................................... 6

California Consumers Legal Remedies Act, Cal. Civ. Code § 1780(e) .................. 6

## OTHER AUTHORITIES

Fed. R. Civ. P. 23 .................................................................. 6, 17, 19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I.    INTRODUCTION

After litigating this case since May 10, 2017, on a wholly contingent basis and negotiating a settlement that creates substantial benefits for owners and lessees of approximately 4.1 million Class Vehicles, Plaintiffs seek an order that requires Defendants to pay: (1) $6,900,000 in attorneys' fees to Class Counsel, (2) actual costs up to $175,000 to Class Counsel for reimbursement of litigation expenses, and (3) $3,500 to each named Plaintiff as service awards. As described in the Settlement Agreement, the parties did not discuss attorneys' fees and service awards until after they agreed on the relief to the Class. Fee and service award negotiations concluded after the second of two mediations with Edward A. Infante (Ret.) on September 1, 2020.

The Notice disseminated to Class members stated Class Counsel would not seek more than $12,000,000 in fees and expenses, and service awards of no more than $3,500 per Plaintiff. The $6,900,000 in attorneys' fees, up to $175,000 in expenses, and $3,500 service awards are well below the parameters of the Notice. To date, one Class member objected to the attorneys' fees, but the generic objection does not comply with the requirements outlined in the Notice and should be overruled for the reasons set forth below.

Given the amount of work performed by Class Counsel, the outstanding results achieved and other applicable factors, the fee and expense requests are reasonable and should be approved. The requested Class Representative service awards are also within the range of awards approved by this Court, and are warranted here in recognition of the time and effort Plaintiffs committed to this case, which was indispensable to its successful resolution. Plaintiffs respectfully request the Court grant each of these requests.

## II.     OVERVIEW OF CLASS COUNSEL'S WORK IN THE CASE

### A.     Pre-Filing Investigation and Complaint Preparation

Before initiating this litigation, Class Counsel devoted substantial time and energy to investigating the underlying facts and developing their allegations. They conducted extensive interviews with hundreds of Class Vehicle owners and lessees. (Schelkopf Decl. ¶¶ 10-13; Berman Decl. ¶¶ 7, 9.). They reviewed hundreds of online complaints, conducted an investigation into the Class Vehicle engines, and consulted with automotive experts to discern potential root causes of the defect based on the common threads from the interviews with putative Class members. (Schelkopf Decl. ¶¶ 10-13; Berman Decl. ¶¶ 7, 9.) Collectively, Class Counsel's efforts resulted in the filing of numerous, detailed complaints with a plethora of well-researched factual allegations relating to the underlying defect. (Schelkopf Decl. ¶ 13; Berman Decl. ¶ 8.) Matthew Schelkopf also personally acquired, tore down, and inspected a failed Theta II GDI engine from a Class Vehicle to aid in his firm's pre-filing investigation. (Schelkopf Decl. ¶ 12.)

### B.     Case Coordination and Motion Practice

On May 10, 2017, Plaintiffs Cara Centko and Jen Lazar filed a proposed nationwide class action against Kia Motors America, Inc. ("KMA") alleging a defect in certain Kia vehicles that cause catastrophic engine failure. No. 8:17-cv-00838-JLS-JDE (C.D. Cal.), ECF No. 2. On August 8, 2017, Plaintiffs Christopher Stanczak and Rose Creps filed a proposed nationwide class action against KMA alleging a substantially similar defect to *Centko*. No. 8:17-cv-01365-JLS-JDE (C.D. Cal.), ECF No. 1. On December 19, 2017, Plaintiffs Wallace Coats and James Kinnick filed a proposed nationwide class action against Hyundai Motor America, Inc. ("HMA") and Hyundai Motor Company, Ltd. ("HMC") alleging a defect in certain Hyundai vehicles that cause catastrophic engine failure. No. 8:17-cv-02208 (C.D. Cal.), ECF No. 1. On January 23, 2018, Plaintiff Maryanne Brogan filed a proposed nationwide class action

against HMA, HMC, KMA, and Kia Motors Corporation ("KMC"). No. 8:18-cv-00622-JLS-JDE, ECF No 1. On June 14, 2018, Plaintiff Andrea Smolek filed proposed nationwide class action against HMA and KMA alleging a substantially similar defect to the aforementioned actions in certain Hyundai and Kia vehicles. No. 2:18-cv-05255-JLS-JDE (C.D. Cal.), ECF No. 1.

On August 7, 2018, the Court consolidated these actions and designated the master docket as *In re: Hyundai and Kia Engine Litigation*, No. 8:17-cv-00838. (ECF No. 85.)

On September 4, 2018, Defendants KMA, HMA, and HMC moved separately to dismiss Plaintiffs' claims, and Plaintiffs opposed both motions. (ECF Nos. 86-88; 93-94.) In light of possible settlement, the parties moved to stay any ruling on the pending motions to dismiss, which the Court granted. (ECF Nos. 97, 98.)

On December 14, 2018, Plaintiffs Fockler, House, Loomis, Miller, Moore, Rice, and Smith, along with other plaintiffs not subject to this Settlement,[2] filed a proposed nationwide class action alleging similar claims to those in *In re: Hyundai and Kia Engine Litigation*. *Flaherty v. Hyundai Motor Co., et al.*, No. 18- cv-02223 (C.D. Cal.). *Flaherty* was amended twice, on January 10, 2019, and May 1, 2019, to add in relevant part Plaintiffs Dickerson, McCallister, Montoya, Franklin, North, Schmitt, and Stackhouse. Over the coming months, *Flaherty* counsel and counsel for the consolidated action (collectively, "Class Counsel") began working together to prosecute and settle their respective cases together.

On April 22, 2019, while the parties were negotiating the terms of the Settlement, plaintiffs in a separate lawsuit pending in the Northern District of

---

[2] *Flaherty* is not settled in its entirety because the case includes additional Hyundai and Kia vehicles (with different engines than those of the Class Vehicles) that are not included in this Settlement, and the claims of *Flaherty*'s named plaintiffs and putative class members not explicitly named, identified, or encompassed in this Settlement are subject to ongoing litigation that is currently stayed.

Plaintiffs' Notice of Motion and Motion for Class Counsel Fee and Expense Award
Case No.: 8:17-cv-00838

California[3] filed a petition with the Judicial Panel on Multidistrict Litigation (the "Panel") attempting to transfer and coordinate or consolidate this litigation with cases filed by other plaintiffs' counsel (the "Motion"). (MDL No. 2898, ECF No. 1-1.) Class Counsel filed an opposition, arguing that consolidation was inappropriate because the proposed settlement was almost finalized. (MDL No. 2898, ECF No. 21.) Class Counsel presented oral argument to the Judicial Panel on Multidistrict Litigation, and shortly thereafter the Panel denied the motion to transfer or consolidate. (MDL No. 2898, ECF No. 58.)

**C.    Discovery**

The parties engaged in substantial discovery of Defendants related to their claims. (Schelkopf Decl. ¶¶ 14-17; Berman Decl. ¶¶ 10-11.) Class Counsel requested numerous internal engineering documents regarding Class Vehicles. The discovery included data and analyses relating to potential defects, warranty claims, customer complaints, and internal communications. After those documents were produced and analyzed, Class Counsel deposed two Hyundai Motor Co., Ltd. employees, both of whom traveled from South Korea for their deposition. (Schelkopf Decl. ¶¶ 16-17; Berman Decl. ¶ 11.) With the aid of an experienced translator, the depositions spanned two days and covered hundreds of pages of documents produced by Defendants during confirmatory discovery. (Schelkopf Decl. ¶ 16-17; Berman Decl. ¶ 11.) At the conclusion of the depositions, Class Counsel understood both the nature of the alleged defect and the scope of potential corrective actions.

**D.    Mediation and Settlement Negotiations**

After the Court entered the consolidation order on August 7, 2018, counsel in the consolidated cases met and conferred with counsel for Defendants on multiple occasions, including an in-person meeting in Los Angeles with an engineering representative from HMA and KMA present, regarding the allegations in the

---

[3] *Musgrave v. Hyundai Motor America, Inc.*, No. 4:18-cv-07313-YGR (N.D. Cal.)

consolidated action, the potential defenses of HMA and KMA, and potential resolution. These meetings between counsel culminated in a mediation session before the Honorable Ronald M. Sabraw (Ret.) on December 21, 2018, where the parties settled in principle. Counsel, including counsel in *Flaherty*, continued settlement discussions over the next several months, which resulted in additional modifications and enhancements to the proposed settlement. (Schelkopf Decl. ¶ 19; Berman Decl. ¶ 12.)

Once the Settlement was reached in principle, Class Counsel spent months drafting and revising the Settlement Agreement and conferring with defense counsel. (Schelkopf Decl. ¶¶ 18-20; Berman Decl. ¶ 13.) They briefed preliminary approval, attended the preliminary approval hearing, revised the Settlement and filed supplemental briefing as needed or at the Court's directive. ECF Nos. 112, 118-121, 125-129, 132. They also supervised Notice and creation of the Settlement websites. (Schelkopf Decl. ¶ 20; Berman Decl. ¶ 13.) Class Counsel's responsibilities are ongoing, as we field Class member inquiries and objections regarding the Settlement.

**E.    Fee Negotiations**

Only after reaching agreement on the relief to Class members did the parties turn their negotiations to attorneys' fees and expenses and service awards to the Plaintiffs. (Schelkopf Decl. ¶ 21; Berman Decl. ¶ 27.) While counsel first discussed potential attorneys' fees and service awards during the December 21, 2018 mediation with Ronald M. Sabraw (Ret.), these negotiations were not resolved until the second of two mediations with the Honorable Edward A. Infante (Ret.) on September 1, 2020. (Schelkopf Decl. ¶ 21; Berman Decl. ¶ 28.)

### III.    ARGUMENT

**A.    Plaintiffs Are Entitled to a Fee Under California Law**

Rule 23 of the Federal Rules of Civil Procedure provides that in a class action settlement, "the court may award reasonable attorney's fees and nontaxable costs that

are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Defendants' agreement to pay Class Counsel's fees is reasonable under two California fee-shifting statutes, both of which are designed to reward counsel who successfully pursue consumers' interests through publicly beneficial litigation. The first statute is the California Consumers Legal Remedies Act (CLRA), Cal. Civ. Code § 1780(e), which provides for an award of attorney fees to a prevailing plaintiff in an action brought under the CLRA (as this case was). The second statute is California's codification of the private attorney general doctrine, Cal. Code of Civ. Proc. § 1021.5, which provides attorney fees to a successful party who confers a significant benefit on the general public or large class of persons.

Plaintiffs are entitled to a fee under both of these statutes, as they succeeded in their litigation objectives: owners and lessees of Class Vehicles will receive a Lifetime Warranty on their engines, they are warned about the alleged engine defect and safeguarded with the Knock Sensor Detection System, they will receive repair reimbursements, as well as additional payments for inconvenience due to repair delays, loss of value for sold or traded-in vehicles, loss of vehicle by engine fire, and a rebate program.  It does not matter that Plaintiffs succeeded through a settlement rather than a trial judgment, it only matters that they succeeded. *See Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 566 (2004) ("[t]he critical fact is the impact of the action, not the manner of its resolution") (citation omitted); *Kim v. Euromotors West/The Auto Gallery*, 149 Cal. App. 4th 170, 178-79 (2007) (a plaintiff may be entitled to a fee under the CLRA "either because he obtained a net monetary recovery or because he achieved most or all of what he wanted by filing the action or a combination of the two.").

**B.     The Fee Request is Reasonable Under the Lodestar Method**

The parties successfully mediated Class Counsel's fee and expense award, but had they litigated the matter, the Court would determine a reasonable fee using

6

California's lodestar method. *See Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1478 (9th Cir. 1995) (in diversity cases, state law applies "in determining not only the right to fees, but also in the method of calculating the fees"). The California Supreme Court has authorized courts to use either the lodestar method or the percentage method in common fund cases, but as this is a fee-shifting case rather than a common fund case, the lodestar method remains "[t]he primary method for establishing the amount of 'reasonable' attorney fees." *In re Consumer Privacy Cases*, 175 Cal. App. 4th 545, 556 (2009); *Laffitte v. Robert Half Int'l Inc.*, 376 P.3d 672, 686 (Cal. 2016) ("We do not address here whether or how the use of a percentage method may be applied when there is no conventional common fund out of which the award is to be made.").

Using the lodestar method, the Court would first calculate Class Counsel's lodestar based on "careful compilation of the time spent and reasonable hourly compensation for each attorney . . . involved in the presentation of the case." *Laffitte*, 376 P.3d at 682. It may then adjust the lodestar figure by applying a multiplier, the primary purpose of which is to compensate counsel for prosecuting the case on a contingent basis. *Id.* at 677.

"The Ninth Circuit has identified a number of factors the Court may consider in assessing whether a fee award is reasonable, including: (1) the results achieved, (2) the risk of litigation, (3) the skill required and quality of work, and (4) the contingent nature of the fee and the financial burden carried by the plaintiffs." *Kissel v. Code 42 Software Inc.*, No. 8:15-cv-01936, 2018 WL 6113078, at *4 (C.D. Cal. Feb. 20, 2018) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002)). Each factor supports Class Counsel's fee request.

### 1.     Results Achieved

"The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award." *Graham v. Capital One Bank (USA), N.A.*, No.

SACV1300743JLSJPRX, 2014 WL 12579806, at *5 (C.D. Cal. Dec. 8, 2014); *see also In re Heritage Bond Litig.*, No. 02-ML-1475, 2005 WL 1594389, *8 (C.D. Cal. 2005) ("Courts have consistently recognized that the result achieved is a major factor to be considered in making a fee award."). Here, the Settlement confers substantial benefits on a Class involving 4.1 million vehicles. Class members will receive an engine warrantied for life, repair and miscellaneous expense reimbursements, the benefits of a robust notice and remedial program, as well as additional cash payments for inconvenience due to repair delays, loss of value for sold or traded-in vehicles, loss of vehicle by engine fire, and a rebate program. Plaintiffs secured the relief for the Class that they originally set out to recover.

Class Counsel retained an expert to value the Settlement because its benefits cannot be monetized with certainty given the claims deadline does not pass until after final approval and several components of the Settlement are difficult to quantify with precision. *See Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 546 (9th Cir. 2016) (quoting *In re Bluetooth*, 654 F.3d at 941–42) (finding lodestar method appropriate "where the relief sought and obtained is not easily monetized, ensuring compensation for counsel who undertake socially beneficial litigation"). While Defendants earmarked $760,000,000 to implement the terms of the Settlement,[4] Plaintiffs' valuation is a more precise analysis of the benefits and the actual value to Class members, as opposed to the Settlement costs to Defendants. Plaintiffs will submit this valuation in conjunction with their final approval motion.

The results achieved here are excellent, and Class Counsel's fee award should reflect this.

---

[4] https://www.reuters.com/article/us-hyundai-motor-settlement-usa/hyundai-kia-earmark-760-million-to-settle-us-lawsuits-over-engine-fires-idUSKBN1WQ0MN (last visited Sep. 30, 2020).

8

### 2.    Risk of Litigation

Another factor to consider in determining attorneys' fees is the risk counsel took of "not recovering at all, particularly in a case involving complicated legal issues." *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 810ML02151JVSFMOX, 2013 WL 12327929, at *31 (C.D. Cal. July 24, 2013) (internal alterations and citations omitted); *see also In re Heritage Bond*, 2005 WL 1594389, at *14 ("The risks assumed by Class Counsel, particularly the risk of non-payment or reimbursement of costs, is a factor in determining counsel's proper fee award."); *Vizcaino*, 290 F.3d at 1048 ("Risk is a relevant circumstance.").

Here, the litigation was fraught with numerous risks. (Schelkopf Decl. ¶¶ 22-28; Berman Decl. ¶¶ 24-25; 30-31.) Two motions to dismiss were pending, and additional motion practice, including dispositive motions, was sure to come. Further prosecution of the case would require substantial and document-heavy discovery, costly expert retention and services, *Daubert* briefing, class certification briefing, a lengthy trial, and post-trial appeals. While Class Counsel are confident in Plaintiffs' claims, there is a recognized element of risk in any litigation, particularly complex and expensive class litigation as here. (Schelkopf Decl. ¶¶ 22-28; Berman Decl. ¶¶ 24-25; 30-31.) And though improvement campaigns and recalls have been launched, Defendants maintain that Class Vehicles are not defective. The risk of the litigation supports Class Counsel's fee request.

### 3.    Skill Required

"Courts have recognized that the 'prosecution and management of a complex national class action requires unique legal skills and abilities.'" *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*, 2013 WL 12327929, at *31 (quoting *Knight v. Red Door Salons, Inc.*, No. 08-01520 SC, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009)). When evaluating this factor, the "single clearest factor reflecting the quality of class counsels' services to the class are the

1   results obtained." *In re Heritage Bond Litig.*, 2005 WL 1594389, at *12 (citations

2   omitted). As set forth above, the results achieved here confer significant benefits to the

3   Class.

4          Moreover, Class Counsel have significant experience in consumer class actions,

5   products liability, and auto defect cases. (Schelkopf Decl. ¶¶ 8; Berman Decl. ¶¶ 4-5.)

6   Through this experience, Class Counsel leveraged a high-value Settlement providing

7   lifetime benefits and significant cash reimbursements, among other benefits. Class

8   Counsel aggressively and vigorously pursued recovery for the Class consistent with

9   their class litigation experience. The skill required and utilized here supports approval

10  of Class Counsel's fee request.

11         **4.      Contingent Nature of the Fee**

12         "Attorneys are entitled to a larger fee award when their compensation is

13  contingent in nature." *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales*

14  *Practices, & Prod. Liab. Litig.*, 2013 WL 12327929, at *32 (citing *Vizcaino*, 290 F.3d

15  at 1048-50); *see also Kissel*, 2018 WL 6113078, at *5 ("Courts have long recognized

16  that the attorneys' contingent risk is an important factor in determining the fee award

17  and may justify awarding a premium over an attorney's normal hourly rates.").

18         Class Counsel litigated this class action over the last three years on a purely

19  contingent basis and the risk of non-recovery was sufficiently substantial to justify the

20  instant fee request. (Schelkopf Decl. ¶ 29; Berman Decl. ¶ 30.) Class Counsel's time

21  and resources dedicated to this matter also meant forgoing other legal work for which

22  they could have been compensated. (Schelkopf Decl. ¶¶ 29, 37; Berman Decl. ¶ 30.)

23  Because attorneys pursuing claims in contingency will sometimes lose after expending

24  thousands of hours and advancing tens of thousands of dollars in expenses, even

25  where litigating diligently and expertly, an enhancement ensures these risks do not

26  outweigh the incentive to pursue consumer claims. As such, the contingent nature of

27  the fee supports Class Counsel's request.

28

### 5.  The Sole Objection to the Attorneys' Fees Should be Overruled.

To date, just one Class member has objected to the attorney fees in this matter.[5] (Schelkopf Decl., Ex. A.) The objection contends the Settlement "produc[es] nothing of value" and that a cap of $1.2 million in fees is appropriate because the case is the "equivalent to whiting out the name of the last corporation tagged with a law[suit]." *Id.* The only elaboration provided for the proposed fee cap is that it "would be much more appropriate and congruent with what a reasonable person would consider appropriate for the intellectual and administrative work involved in this case." *Id.* This threadbare objection should be overruled. First, out of a Class involving 4.1 million vehicles, just one putative Class member objected to the potential attorneys' fees award is indicative of classes support of the proposed fee. *See Spann v. J.C. Penney Corp.*, 211 F. Supp. 3d 1244, 1257-58 (C.D. Cal. 2016) (finding low number of objections supported approval of settlement). Second, the contention that this lawsuit is without merit is directly belied by Class Counsel's work and the substantial relief offered through the Settlement. The objector also ignores 80 pages of substantive allegations included in the Consolidated Complaint. (ECF No. 54, ¶¶ 69-121.) Third, the objector fails to identify any basis for his belief that an arbitrary fee cap of $1.2 million, which would reflect a lodestar multiplier of 0.33, is appropriate, or any relief that he contends is missing from the Settlement. *See Moore v. Verizon Commc'ns Inc.*, No. C 09-1823 SBA, 2013 WL 4610764, at *10 (N.D. Cal. Aug. 28, 2013) (rejecting objections that lacked any bases other than class members subjective desires).

### 6.  Class Counsel's Hourly Rates are Reasonable.

Counsel's rates are reasonable if they are within the range charged by and awarded to attorneys of comparable experience, reputation, and ability for similar

---

[5] While additional objections have been received, none relate to the requested attorneys' fee award.  Plaintiffs will address said objections in their Motion for Final Approval. Plaintiffs will also file a supplemental brief in the event additional class members lodge objections to the proposed attorneys' fees and expenses.

11

work, *i.e.*, complex class action litigation. *Children's Hosp. and Med. Ctr. v. Bonta*, 97 Cal. App. 4th 740, 783 (2002) (affirming rates "within the range of reasonable rates charged by and judicially awarded comparable attorneys for comparable work"); *accord Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (determining reasonable rate by examining the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation"). Below are the current billing rates for each attorney or staff who contributed to this case, along with the hours billed and resulting lodestar.[6] Additional information about the work performed by each firm is provided in the declarations of Class Counsel. (Schelkopf Decl. ¶¶ 10-21, 29-41; Berman Decl. ¶¶ 4-5, 15-23.) The time committed by each firm was necessary to the successful resolution of this litigation. After Interim Class Counsel was appointed (ECF No. 80), those attorneys made sure to efficiently allocate work, coordinate assignments, and worked to prevent the unnecessary duplication of work. (Schelkopf Decl. ¶¶ 32-35; Berman Decl. ¶ 18.)

### Sauder Schelkopf LLC

| Name | Role | Rate | Hours | Lodestar |
|---|---|---|---|---|
| Joseph G. Sauder | Partner | $750 | 145.90 | $109,425.00 |
| Matthew D. Schelkopf | Partner | $700 | 881.60 | $617,120.00 |
| Lori Kier | Of Counsel | $500 | 121.6 | $60,800.00 |
| Joseph B. Kenney | Associate | $475 | 252.00 | $119,700.00 |
| **Totals** | | | **1401.1** | **$907,045.00** |

### Walsh PLLC

| Name | Role | Rate | Hours | Lodestar |
|---|---|---|---|---|
| Bonner Walsh | Partner | $650 | 674.1 | $438,165.00 |
| Carla Walsh | Partner | $500 | 33.2 | $16,600.00 |
| **Totals** | | | **707.3** | **$454,765.00** |

---

[6] Detailed billing records in Microsoft Excel format will be submitted prior to the Final Approval Hearing.

### Law Office of Adam R. Gonnelli, L.L.C.

| Name | Role | Rate | Hours | Lodestar |
|---|---|---|---|---|
| Adam Gonnelli | Partner | $795 | 115.4 | $91,742.00 |
| **Totals** | | | 115.4 | **$91,742.00** |

### The Sultzer Law Group, P.C.

| Name | Title | Rate | Hours | Lodestar |
|---|---|---|---|---|
| Jason Sultzer | Partner | $795 | 5.2 | $4,134.00 |
| Adam Gonnelli | Partner | $795 | 601.5 | $478,192.50 |
| Michael Liskow | Partner | $700 | .3 | $210.00 |
| Jeremy Francis | Associate | $450 | 35.9 | $16,155.00 |
| Richard Todorov | Paralegal | $195 | 75.5 | $14,722.50 |
| **Totals** | | | **718.4** | **$525,871.37** |

### Hagens Berman Sobol Shapiro LLP

| Name | Role | Rate | Hours | Lodestar |
|---|---|---|---|---|
| Leonard Aragon | Partner | $650.00 | 2.30 | $1,495.00 |
| Steve Berman | Partner | $1,075.00 | 62.50 | $67,187.50 |
| Elaine Byszewski | Partner | $700.00 | 11.50 | $8,050.00 |
| Rob Carey | Partner | $800.00 | 114.50 | $91,600.00 |
| John DeStefano | Associate | $550.00 | 0.60 | $330.00 |
| Rachel Fitzpatrick | Associate | $475.00 | 1095.20 | $520,220.00 |
| Sean Matt | Partner | $800.00 | 4.00 | $3,200.00 |
| Jennifer Conte | Paralegal | $300.00 | 2.30 | $690.00 |
| Carrie Flexer | Paralegal | $300.00 | 1.00 | $300.00 |
| Adrian Garcia | Legal Assistant | $175.00 | 37.70 | $6,597.50 |
| Beth Gibson | Paralegal | $290.00 | 167.10 | $48,459.00 |
| Nicolle Grueneich | Paralegal | $250.00 | 15.40 | $3,850.00 |
| Robert Haegele | Paralegal | $250.00 | 26.80 | $6,700.00 |
| Leigha Henson | Paralegal | $250.00 | 71.20 | $17,800.00 |
| Cindy Johnson | Paralegal | $290.00 | 12.00 | $3,480.00 |
| Chan Lovell | Legal Assistant | $175.00 | 0.80 | $140.00 |
| Susan Pearce | Paralegal | $290.00 | 102.10 | $29,609.00 |
| Chad Schaaf | Legal Assistant | $175.00 | 0.60 | $105.00 |

Plaintiffs' Notice of Motion and Motion for Class Counsel Fee and Expense Award
Case No.: 8:17-cv-00838

| Name | Role | Rate | Hours | Lodestar |
|------|------|------|-------|----------|
| Kennedy Skoda | Paralegal | $230.00 | 1.90 | $437.00 |
| Shelby Taylor | Paralegal | $250.00 | 1.00 | $250.00 |
| **Totals** | | | **1730.50** | **$810,500.00** |

## Levin Sedran & Berman LLP

| Name | Role | Rate | Hours | Lodestar |
|------|------|------|-------|----------|
| Howard J. Sedran | Partner | $795 | 4.95 | $3,935.25 |
| Daniel C. Levin | Partner | $975 | 108.50 | $105,787.50 |
| Charles E. Schaffer | Partner | $975 | 9.75 | $9,506.25 |
| Austin B. Cohen | Partner | $975 | 282.00 | $274,950.00 |
| Cheryl Hesson | Paralegal | $450 | 2.00 | $900.00 |
| Jim Rapone | Paralegal | $450 | 343.20 | $154,440.00 |
| Kyle Sentyz | Paralegal | $450 | 29.50 | $13,275.00 |
| **Totals** | | | **779.90** | **$562,794.00** |

## Migliaccio & Rathod LLP

| Name | Role | Rate | Hours | Lodestar |
|------|------|------|-------|----------|
| Nicholas A. Migliaccio | Partner | $759 | 17.6 | $ 13,358.40 |
| Jason S. Rathod | Partner | $759 | 19.3 | $14,648.70 |
| Esfand Y. Nafisi | Of Counsel | $759 | 115.1 | $87,360.90 |
| Erick Quezada | Associate | $378 | 1.75 | $661.50 |
| Kevin Kearns | Paralegal | $206 | 0.80 | $164.89 |
| Bruno Ortega | Law Clerk | $206 | 21.9 | $4,445.70 |
| **Totals** | | | **176.45** | **$120,640.00** |

## Bardo Law PC (Local Counsel to Migliaccio & Rathod LLP)

| Name | Role | Rate | Hours | Lodestar |
|------|------|------|-------|----------|
| Stacey Bardo | Partner | $525 | 14.3 | $7,507.50 |
| **Totals** | | | **14.3** | **$7,507.50** |

## Nye, Stirling, Hale & Miller, LLP (Local Counsel to Walsh PLLC)

| Name | Role | Rate | Hours | Lodestar |
|------|------|------|-------|----------|
| Jonathan Miller | Partner | $700 | 38.7 | $27,090.00 |
| Alison Bernal | Partner | $700 | 45.5 | $31,850.00 |
| **Totals** | | | **84.2** | **$58,940.00** |

Hourly rates are set by counsel based on their experience, periodic review of the rates charged by other attorneys involved in complex litigation, and survey results published by trade periodicals like the National Law Journal, and fall within the range of rates prevailing in the relevant legal community. *See Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, No. 8:15-cv-01614-JLS-JCG, 2018 WL 8334858, at \*6 (C.D. Cal. July 30, 2018) (approving billing rates between $600 and $825 per hour for attorneys with more than ten years of experience, and $325 to $575 per hour for attorneys with 10 or fewer years of experience, and $250 per hour for paralegals and clerks).

Class Counsel are respected and accomplished plaintiffs' firms responsible for numerous class action settlements. (Schelkopf Decl. ¶ 8; Berman Decl. ¶¶ 4-5.) Class Counsel's hourly rates are also regularly evaluated and approved as reasonable by California courts and across the country. *See, e.g., Henderson v. Volvo Cars of N. Am., LLC,* No. 09-4146, 2013 WL 1192479, \*15-16 (D.N.J. Mar. 22, 2013); *Yaeger v. Subaru of Am., Inc.,* No. 1:14-cv-4490, 2016 WL 4547126, at \*2 (D.N.J. Aug. 31, 2016); *Fath v. American Honda Motor Co., Inc.*, No. 18-cv-1549, ECF No. 148 (D. Minn. Sept. 11, 2020); *Bang v. BMW of N. Am., LLC*, No. 2:15-cv-6945 (D.N.J. Sept. 11, 2018); *Andrew Tyler Foster, et. al, v. L-3 Communications EOTech Inc. et. al*, No. 6:15-cv-03519-BCW (W.D. Mo. July 7, 2017); *Cameron Park, et. al, v. Zuffa, LLC et. al*, No. 2:17-cv-02282-APG-VCF (D. Nev. July 23, 2018); *Meghan Schmitt, et. al, v. Younique, LLC*, No. 8:17-cv-01397-jvs-jde (C.D. Cal. April 8, 2020; *Hartley v. Sig Sauer, Inc*., No. 4:18-cv-00267-SRB (W.D. Mo., June 25, 2020); *See, e.g., In re McKesson Corp. Derivative Litig.*, No. 4:17-cv-01850-CW (N.D. Cal. Apr. 22, 2020), Doc. 231-1 at 9-10; *In re Hyundai and Kia Fuel Economy Litig.*, 2:13-ml-02424-GW-FFM (C.D. Cal. Nov. 14, 2019), Doc. 593 at 1; *In re Celebrex (Celecoxib) Antitrust Litig.*, No. 2:14-cv-00361-AWA-DEM (E.D. Va. April 18, 2018), Doc. 630 at 6-10; *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and*

*Products Liability Litig.*, No. 8:10-ml-02151-JVS-FMO (C.D. Cal. July 24, 2013),
Doc. 3933 at Attachment 2. The requested rates should be approved.

### 7. A Lodestar Multiplier is Appropriate

After arriving at the total lodestar figure, the court may "increase or decrease
that amount by applying a positive or negative multiplier to take into account a variety
of other factors, including the quality of the representation, the novelty and complexity
of the issues, the results obtained, and the contingent risk provided." *Thomas v.
Cognizant Tech. Sols. U.S. Corp.*, No. SACV111123JSTANX, 2013 WL 12371622, at
*8 (C.D. Cal. June 24, 2013) (quoting *Lealao v. Beneficial California, Inc.*, 82 Cal.
App. 4th 19, 26, 97 Cal. Rptr. 2d 797, 803 (2000)); *see also In re Bluetooth Headset
Prod. Liability Litig.*, 654 F.3d 935, 941-42 (9th Cir. 2011). "Foremost among these
considerations, however, is the benefit obtained for the class." *Thomas*, 2013 WL
12371622, at *8.

Here, the results obtained support the award of a lodestar multiplier, as
discussed in section III.B.1, *supra*. The Settlement offers numerous benefits to ensure
relief for Class members with varying experiences and harms from the alleged defect.
The Settlement provides a lifetime warranty on the engines of roughly 4.1 million
vehicles, a failsafe mechanism for the subset of vehicles in which the defect manifests,
cash payments and reimbursements for out-of-pocket expenses and miscellaneous
inconveniences, compensation for vehicles sold or totaled by the defect, and a rebate
program for losses in vehicle value associated with the defect.

Class Counsel's skill and quality of representation further supports a multiplier.
See section III.B.3, *supra*. They are sophisticated firms regularly engaged in the high-
stakes practice of complex litigation, including automotive class actions. Class
Counsel have successfully resolved cases such as this, while achieving substantial
benefits for the Class. (Schelkopf Decl. ¶ 8; Berman Decl. ¶¶ 4-5; 16.) This

Plaintiffs' Notice of Motion and Motion for Class Counsel Fee and Expense Award
Case No.: 8:17-cv-00838

experience, combined with the significant time and resources investment during the pre-filing investigation, paved the way for successful resolution.

Finally, the novelty and the complexity of the issues also support a lodestar multiplier. Class actions typically entail a high level of risk, expense, and complexity. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998). If the Parties were unable to resolve this case through settlement, the litigation path would have been fraught with risk. Class Counsel frequently litigate automotive defect class actions that take several years to resolve, and some have gone on for over a decade with appeals. *See Horsford v. Bd. of Trustees of California State Univ.*, 132 Cal. App. 4th 359, 399-400, 33 Cal. Rptr. 3d 644, 675-76 (2005) (holding trial court abused discretion in failing to consider relevant factors such as years-long delay in compensation in awarding enhancement multiplier). Before ever approaching trial, Plaintiffs were likely to face expensive and extensive discovery, class certification, summary judgment, and potentially a Rule 23(f) appeal briefing, and expert discovery and *Daubert* motions. It is unlikely the case would reach trial before late 2021, with post-trial activity to follow. By that time, many more Class members will have sold their vehicles, losing the very powertrain warranty being extended indefinitely under the Settlement for both original and subsequent owners. The passage of time would also pose a risk to Class members because of the potential for engine seizure or stalling, which they have now been notified of, and are able to address through free inspections, software updates, and repairs.[7]

**8.     Class Counsel's Lodestar Multiplier is Reasonable**

After determining the lodestar, "the Court divides the total fees sought by the lodestar to arrive at the multiplier. … If the multiplier falls within an acceptable range, it further supports the conclusion that the fees sought are, in fact, reasonable."

---

[7] The remaining factor, the contingent nature of the risk, is addressed in section III.B.4, *infra*.

*Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 690 (N.D. Cal. 2016). Here, the total lodestar for Class Counsel's work, as reflected in the above chart, is $3,539,804.87, and the total fee sought is $6,900,000—yielding a multiplier of 1.94. Over the past three years, Class Counsel has incurred a total of $122,018.50 in litigation expenses to prosecute this case, including expert fees, mediation fees, and travel expenses. (Schelkopf Decl. ¶ 40; Berman Decl. ¶ 19.) The multiplier will decrease in the coming months, even beyond the April 2021 claims deadline, as Class Counsel continues to fulfill their obligations to the Class. (Schelkopf Decl. ¶ 36; Berman Decl. ¶¶ 23, 32.)

The 1.94 lodestar multiplier sought here is well within the range of multipliers awarded in the Ninth Circuit. *See, e.g.*, *Vizcaino*, 290 F.3d at 1051 n.6 (observing that in the Ninth Circuit, multipliers "ranging from one to four are frequently awarded ... when the lodestar method is applied" and approving multiplier of 3.65); *Vandervort v. Balboa Capital Corp.*, 8 F. Supp. 3d 1200, 1210 (C.D. Cal. 2014) (awarding lodestar multiplier of 2.52); *MacDonald v. Ford Motor Co.*, No. 13-cv-2988, 2016 WL 3055643 at *9-10 (N.D. Cal. May 31, 2016) (awarding fee multiplier of 2.0); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 2672 CRB (JSC), 2017 WL 1352859, at *6 (N.D. Cal. Apr. 12, 2017) (awarding 2.0 multiplier); *Spann v. J.C. Penney Corp.*, 211 F. Supp. 3d 1244, 1265 (C.D. Cal. 2016) (awarding 3.07 multiplier).

A 1.94 multiplier raises no concerns of collusion[8] either, as the fees Class Counsel seek—and Defendants agreed to pay—were negotiated only after the

---

[8] In an *en banc* decision recently argued and won by appointed co-Class Counsel Steve Berman, the Ninth Circuit panel found that separate settlement and fee negotiations indicate non-collusiveness. *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 569-70 (9th Cir. 2019) ("The settling parties agreed on the amount of class compensation more than six months *before* negotiating, 'over multiple mediation sessions with a respected and experienced mediator,' the 'reasonable' attorney's fees provided in the settlement agreement.") (emphasis in original).

Settlement terms were reached, and their payment will not dilute the recovery to the Class. (Schelkopf Decl. ¶¶ 21, 38; Berman Decl. ¶¶ 27-29.) *See Laguna v. Coverall North America*, 753 F.3d 918, 922 (9th Cir. 2014) *vac'd as moot*, 772 F.3d 608 (9th Cir. Nov. 20, 2014) (finding district court must account for the fact that "the parties are compromising to avoid litigation" and "need not inquire into the reasonableness of the fees even at the high end with precisely the same level of scrutiny as when the fee amount is litigated.") (quoting *Staton v. Boeing Co*., 327 F.3d 938, 966 (9th Cir. 2003)). Here, the agreed-upon attorneys' fees and costs are the product of non-collusive, adversarial negotiations conducted at arm's-length after multiple mediations before the Hon. Ronald M. Sabraw (Ret.) and the Hon. Edward A. Infante (Ret.).

A 1.94 multiplier is well within, if not lower than, the range of multipliers that the Court could conceivably award in a contested fee motion, and therefore signals Defendants' agreement to pay class counsel fees was a rational decision that may be approved under Rule 23(h).

### 9. The Requested Fee is Also Supported by the Common Fund Approach

Although this Settlement is not a traditional common fund settlement where a certain amount of money is set aside, the $760,000,000 Defendants earmarked to implement the Settlement further demonstrates the reasonableness of the fee request. In the Ninth Circuit, "the 'benchmark' award is 25 percent of the recovery obtained." *Vizcaino*, 290 F.3d at 1047 (citations omitted). Here, Class Counsel's requested fee is just 0.9% of the money set aside by Defendants to honor their obligations under the Settlement, further demonstrating the reasonableness of the fee sought. Moreover, and unlike a traditional common fund settlement, any attorneys' fees award here will not reduce the valuable benefits made available to the Class members.

### 10. Class Counsel's Expenses Are Reasonable.

"Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters." *Kissel,* 2018 WL 6113078, at *6

19

(quoting *In re Omnivision*, 559 F. Supp. 2d 1036, 1048 (C.D. Cal. 2008)). "Expenses such as reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, documents scanning, and visual equipment are typically recoverable." *Rutti v. Lojack Corp., Inc.*, No. SACV 06–350 DOC (JCx), 2012 WL 3151077, *12 (C.D. Cal. July 31, 2012).

To date, Plaintiffs' Counsel have incurred approximately $122,018.50 in properly documented expenses for the common benefit of Class members. (Schelkopf Decl. ¶ 40; Berman Decl. ¶¶ 20-22; 27-29.) Before final approval, Class Counsel expects to incur additional expenses, including expert fees for the Settlement valuation report, objector depositions (one has been taken to date), evidence storage fees, and miscellaneous costs (e.g., contract with BlackBook permitting Class Counsel to crosscheck vehicle valuations for Class members during the claims process). Plaintiffs will file a supplemental declaration updating the costs incurred before final approval, and in any event will not seek more than $175,000 in total costs. Because Class Counsel advanced these expenses without guarantee of repayment, and because they are reasonably incurred expenses typically billed to clients, they should be approved.

## 11.    The Service Awards Are Reasonable

Class Counsel requests the Court authorize service awards of $3,500 to each of the twenty-one Class Representatives.[9] Service awards are fairly typical in class actions, and "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the

---

[9] The Class Representatives are Cara Centko, Jenn Lazar, Christopher Stanczak, Rose Creps, James Kinnick, Wallace Coats, Maryanne Brogan, Andrea Smolek, Danny Dickerson, Robert Fockler, Amy Franklin, Donald House, Dave Loomis, Joseph McCallister, Arron Miller, Ricky Montoya, Lynn North, Mark Rice, Reid Schmitt, James Smith, and Chris Stackhouse.

1    action, and, sometimes, to recognize their willingness to act as a private attorney

2    general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009).

3         Here, the named Plaintiffs agreed to sue Defendants and serve as class

4    representatives on behalf of the Class. They communicated and worked with Class

5    Counsel, presented their individual experiences with Class Vehicles to demonstrate

6    common claims, searched for and provided documentation to support their claims,

7    reviewed pleadings, consulted with Class Counsel regarding potential settlement

8    remedies, and carefully reviewed the Settlement Agreement on behalf of the Class.

9    (Schelkopf Decl. ¶ 42; Berman Decl. ¶¶ 34-36.) Although the case settled before

10   discovery of Plaintiffs, the Class Representatives remained committed to the litigation

11   and were willing to serve for as long as it took, to produce personal documents, to sit

12   for a deposition, and to appear at trial if needed. (*Id.*) Their commitment to the Class's

13   interests and desire to remedy a safety issue, not just for themselves, but also the entire

14   Class was essential to the successful and timely prosecution of this class action and, in

15   Class Counsel's view, warrants recognition in the form of the $3,500 service awards

16   requested here.  (Schelkopf Decl. ¶ 42; Berman Decl. ¶ 37.) *See Ebarle v. Lifelock,*

17   *Inc.*, No. 15-CV-00258-HSG, 2016 WL 5076203, at *12 (N.D. Cal. Sept. 20, 2016)

18   ("Many courts in the Ninth Circuit have held that a $5,000 incentive award is

19   'presumptively reasonable.'"); *Vandervort*, 8 F. Supp. 3d at 1208 (approving $5,000

20   incentive award to plaintiffs).

## IV.   CONCLUSION

22        For the foregoing reasons, Plaintiffs respectfully request that the Court enter the

23   accompanying Order awarding Class Counsel $6,900,000 in attorneys' fees, actual

24   costs up to $175,000, and $3,500 to each named Plaintiff as a service award.

Plaintiffs' Notice of Motion and Motion for Class Counsel Fee and Expense Award
Case No.: 8:17-cv-00838

| | |
|---|---|
| 1 | Dated: September 30, 2020 |

Respectfully submitted,

By:   /s/ *Matthew D. Schelkopf*
Joseph G. Sauder
Matthew D. Schelkopf
Joseph B. Kenney
**SAUDER SCHELKOPF**
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0581
jgs@sstriallawyers.com
mds@sstriallawyers.com
jbk@sstriallawyers.com

Adam Gonnelli (*pro hac vice*)
**LAW OFFICE OF ADAM R. GONNELLI, L.L.C.**
7030 E. Genesee Street
Fayetteville, NY 13066
Telephone: (917) 541-7110
Facsimile:  (315) 446-7521
adam@arglawoffice.com

Bonner Walsh (*pro hac vice*)
**WALSH PLLC**
1561 Long Haul Road
Grangeville, ID 83530
Telephone: (541) 359-2827
Facsimile: (866) 503-8206
bonner@walshpllc.com

Steve W. Berman (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Fax: (206) 623-0594
steve@hbsslaw.com

22

Plaintiffs' Notice of Motion and Motion for Class Counsel Fee and Expense Award
Case No.: 8:17-cv-00838

## **CERTIFICATE OF SERVICE**

I, Matthew D. Schelkopf, hereby certify that on this 30th day of September, 2020, I caused the foregoing to be filed using the Court's CM/ECF system, and thereby electronically served it upon all registered ECF users in this case.


By:   /s/ *Matthew D. Schelkopf*
Matthew D. Schelkopf

Plaintiffs' Notice of Motion and Motion for Class Counsel Fee and Expense Award
Case No.: 8:17-cv-00838