QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Shon Morgan (Bar No. 187736)
    shonmorgan@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
  Kari Wohlschlegel (Bar No. 294807)
    kariwohlschlegel@quinnemanuel.com
  Tina Lo (Bar No. 311184)
    tinalo@quinnemanuel.com
  Christine W. Chen (Bar No. 327581)
    christinechen@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| *In re: Hyundai and Kia Engine Litigation* | CASE NO. 8:17-cv-00838<br><br>Member Cases:<br>8:17-cv-01365-JLS-JDE<br>8:17-cv-02208-JLS-JDE<br>2:18-cv-05255-JLS-JDE<br>8:18-cv-00622-JLS-JDE<br><br>Related Case:<br>8:18-cv-02223-JLS-JDE<br><br>**DEFENDANTS' UNOPPOSED NOTICE OF MOTION AND MOTION FOR COURT APPROVAL OF SETTLEMENT WITH OBJECTOR MEGHAN JONES**<br><br>Date: April 9, 2021<br>Time: 10:30 a.m.<br>The Hon. Josephine L. Staton<br>Courtroom: 10A |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on April 9, 2021, at 10:30 a.m. before the Honorable Josephine L. Staton of the United States District Court for the Central District of California, located at Ronald Reagan Federal Building and United States Courthouse, 411 W. Fourth St., Santa Ana, CA, 92701 in Courtroom 10A, 10th Floor, defendants will and hereby move the above-entitled Court to approve of the settlement with objector Meghan Jones pursuant to Fed. R. Civ. P. 23(e)(5)(B)(i).

If the Court determines that the Federal Rules require the Court's agreement to this settlement, the Court should approve because (1) Ms. Jones objected in good faith, and (2) the amount to settle her objection is fair and reasonable.

Plaintiffs do not oppose this motion.

This motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities in support thereof, Ms. Jones' objection letter (Dkt. 150-1, PageID.80), all pleadings on file in this action, such other evidence or arguments as may be presented to the Court, and such other matters of which this Court may take judicial notice.

DATED: November 23, 2020

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Shon Morgan
Shon Morgan
*Attorneys for Hyundai Motor America, Hyundai Motor Company, Kia Motors America, and Kia Motors Corporation.*

## MEMORANDUM OF POINTS AND AUTHORITIES

### The Proposed Settlement With Objector Jones is Fair and Reasonable

As discussed at the final fairness hearing, defendant Hyundai Motor America ("HMA") has reached terms to resolve the concerns of objector Meghan Jones, which related to circumstances particular to her. Although defendants believe Fed. R. Civ. P. 23(e)(5)(B)(i) is not implicated because Ms. Jones did not withdraw her objection before the final approval hearing on November 13, 2020, defendants present this settlement to the Court for full transparency. The settlement warrants approval under Fed. R. Civ. P. 23(e)(5)(B)(i) because Ms. Jones' objection was made in good faith, and the modest settlement amount of $2,522.97 is fair and reasonable.

The Federal Rules require court approval when payment is made in connection with forgoing or withdrawing an objection. Fed. R. Civ. P. 23(e)(5)(B)(i). Court approval ensures that objectors make objections in good faith to assist the settlement review process and not for personal gain. *See* Fed. R. Civ. P. 23(e)(5) Advisory Committee Note to 2018 Amendment; *see also In re Foreign Exch. Benchmark Rates Antitrust Litig.*, 334 F.R.D. 62, 64 (S.D.N.Y. 2019) (citing *In re Petrobras Sec. Litig.*, No. 14 Civ. 9662, 2018 WL 4521211, at *1 (S.D.N.Y. Sept. 21, 2018), *aff'd*, 778 F. App'x 46 (2d Cir. 2019) ("[S]ome objectors seek to pervert the process by filing frivolous objections and appeals, not for the purpose of improving the settlement for the class, but of extorting personal payments in exchange for voluntarily dismissing their appeals.")).

In considering a settlement that relates to withdrawal of a class settlement objection, the Court may examine the substance of the objection and the proposed settlement amount. *See Pearson*, 968 F.3d at 835 (finding that objectors themselves did not believe or take their own objections seriously); *Benchmark Rates*, 334 F.R.D. at 63 (scrutinizing where objector appealed class action settlement on basis that attorney's fees were excessive but sought $300,000 for time spent objecting).

Here, Jones' objection was made in good faith. Ms. Jones has never objected to a class action settlement and voiced concern that the settlement purportedly did not "contemplate compensation for individuals in [her] situation." (Dkt. 150-1 at PageID.80.) Specifically, she bought a new 2015 Hyundai Sonata that was involved in an accident, wholly unrelated to the defect, in April 2019 that resulted in a total loss of her Sonata. (*Id.*) She asserted that, at the time of her accident, this action had been pending for over two years and public knowledge about the alleged defect were well-known and therefore negatively impacted her vehicle's market value and reduced the valuation of her vehicle. (*Id.*) Although defendants dispute that her vehicle diminished in value due to news of the recall, they acknowledge Ms. Jones might have had a genuine belief and grievance relating to the specific amount she received for her totaled vehicle. In consideration of her particular circumstances, HMA thus agreed to pay her the modest sum of $2,522.97, which directly relates to the alleged diminished value of her vehicle. *See* Declaration of Shon Morgan ("Morgan Decl."), Exhibit A at 1. This amount contemplates the compensation Ms. Jones would have received had her vehicle been appraised based on the Kelley Blue Book assuming it was in excellent condition. Morgan Decl. ¶ 5. Such individualized consumer accommodations were expressly contemplated and endorsed by the parties' class settlement agreement. (*See* Dkt. 128-1 at 23-24 ("Nothing in this Settlement Agreement shall be read to prevent HMA or KMA from electing, at its sole discretion and on a case-by-case basis, to implement or to continue to implement any customer satisfaction or goodwill policy, program, or procedure at its discretion, that provides consideration to Class members over and above that required by this Settlement, without regard to the Class members' entitlement to relief under the Settlement.").) Moreover, HMA would have considered Ms. Jones's request even if she had not objected to this settlement as part of its routine goodwill practice.

The amount offered to Ms. Jones is small in comparison to payments that

have prompted concern by reviewing courts. *Compare Pearson*, 968 F.3d at 833 (rejecting that three objectors who were paid $130,000 made their objections in good faith); *Benchmark Rates*, 334 F.R.D. at 63 (denying motion where objector's counsel sought $300,000 to be paid out from class counsel's fees); *Hefler v. Wells Fargo & Co.*, No. 16-CV-05479-JST, 2018 WL 6619983, at *11 (N.D. Cal. Dec. 18, 2018), *aff'd sub nom. Hefler v. Pekoc*, 802 F. App'x 285 (9th Cir. 2020) ("The credibility of this objector's claim is also undermined by the fact that he attempted to solicit a $1 million payment from Class counsel to withdraw his objection."). This amount is also substantially less than the objector resolution approved by this Court in *Feller v. Transamerica Life Ins. Co.*, No. 16CV01378CASGJSX, 2019 WL 6605886, at *10 (C.D. Cal. Feb. 6, 2019) (approving withdrawal of objection where objector sought "an amount less than he represented as his lodestar incurred" in a related case).

Nor would approving this resolution reduce funds or benefits distributed to the millions of class members who will benefit from the class settlement, because this is not a limited fund settlement. That is to say, the payment to Ms. Jones would be in addition to all other compensation offered under the settlement to Class Members that experienced a defect. And the amount offered to Ms. Jones is proportionate to benefits widely available to other class members. (*See* Dkt. 143-1 at PageID.79 (estimating $3,500 for engine replacement costs under the Lifetime Warranty coverage offered under the settlement).)

## Conclusion

For the reasons stated above, should the Court determine its approval is required under the Federal Rules, HMA respectfully requests that the Court approve this unopposed settlement with objector Meghan Jones in accordance with Fed. R. Civ. P. 23(e)(5)(B)(i).

| | | |
|---|---|---|
| 1 | DATED: November 23, 2020 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | By /s/ Shon Morgan |
| 4 | | Shon Morgan<br>*Attorneys for Hyundai Motor America, Hyundai Motor Company, Kia Motors America, and Kia Motors Corporation.* |