QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Shon Morgan (Bar No. 187736)
  shonmorgan@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
  Kari Wohlschlegel (Bar No. 294807)
  kariwohlschlegel@quinnemanuel.com
  Tina Lo (Bar No. 311184)
  tinalo@quinnemanuel.com
  Christine W. Chen (Bar No. 327581)
  christinechen@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| *In re: Hyundai and Kia Engine Litigation* | CASE NO. 8:17-cv-00838-JLS-JDE<br><br>Member Cases:<br>8:17-cv-01365-JLS-JDE<br>8:17-cv-02208-JLS-JDE<br>2:18-cv-05255-JLS-JDE<br>8:18-cv-00622-JLS-JDE<br><br>Related Case:<br>8:18-cv-02223-JLS-JDE<br><br>**JOINT NOTICE REGARDING PROPOSED REVISIONS TO THE SETTLEMENT AGREEMENT AND SETTLEMENT CLAIMS PROCESSING**<br><br>The Hon. Josephine L. Staton<br>Courtroom: 10A<br>Trial Date: None Set |

1    Consistent with the parties' Joint Notice Regarding Final Approval (Dkt. 186)
2 and the discussions during the Final Fairness hearing on November 13, 2020, the
3 parties provide the following updates regarding (i) the treatment of certain business
4 entities in the Settlement Agreement; (ii) timing provisions relating to the KSDS
5 update; and (iii) the progress Hyundai Motor America and Kia Motors America
6 have made processing settlement claims.  The proposed revisions to the Settlement
7 Agreement are indicated in redline in Exhibit A to this submission.

8    ***Settlement Treatment of Auto Resellers.***  The parties conferred and agree to
9 exclude from the Settlement Class all business entities that regularly engage in
10 vehicle resales (*e.g.*, used car dealers, leasing companies, brokers).  *See* Exhibit A at
11 4.  As discussed during the Final Fairness hearing, this group poses unique
12 considerations and should be excluded from this consumer-centric settlement.  The
13 number of entities that would be excluded by this revision under this provision
14 appears to be substantially less than 1% of the claims made by the class as there
15 have been fewer than 44 Hyundai claimants and fewer than 200 Kia claimants.

16    With respect to notice issues concerning the now-excluded entities, the parties
17 propose the following: (a) as to those excluded entities that have made, or do make,
18 timely claims under the settlement, a notice will be sent that explains they are now
19 excluded from the settlement but that defendants will, as a goodwill gesture, offer
20 benefits similar to those available under the settlement on a voluntary basis outside
21 the context of the settlement if they will provide a release of their claims; and (b) as
22 to excluded entities that have not made claims, no additional notice is warranted
23 because exclusion serves only to enlarge their rights by not subjecting them to the
24 settlement's release provisions.  *See id.* at 27.[1]

---

[1] The Settlement currently provides that these entities do not receive the Lifetime Warranty; thus any such class member who has not made a reimbursement claim is not deprived of any Settlement benefit by exclusion.

***KSDS Update Timing.*** First, the parties want to clarify that the provision requiring Class Members to obtain the KSDS update within 60 days of the Notice Date does *not* apply to the Lifetime Warranty benefit. *See id.* at 6 ("[T]he 60-days limitation (subsection (b) of I. DEFINITIONS J. Exceptional Neglect) *shall not apply to Class members seeking benefits under the Lifetime Warranty*.") (emphasis added).

In any event, the parties agree to amend the Settlement Agreement to indicate that class members must schedule an appointment to install the KSDS update,[2] as opposed to completing installation of the KSDS update, within 60 days of the Notice Date or the mailing of the KSDS campaign notice, whichever is later. *See id.* at 5. Defendants' KSDS campaigns began as early as August of 2018 for some models. All other campaigns for the 2011-2018 vehicles began before January 2019. *See id.* at 13. Notices were sent to customers at that time notifying them that the KSDS was available for installation.[3] Accordingly, the KSDS update has been available to Class Vehicles with model years 2011-2018 for almost two years. Class Members may still get the KSDS update at any time, and when they do will gain the Lifetime Warranty benefit.

More than 80% of the class has already had the KSDS update installed. Therefore the 60-day provision will not affect the benefits available to most Class Members, and will be relevant only if a class member incurs a "Loss Event" (such as a fire) after class notice but failed to have the KSDS timely installed. The 60-day period (as well as the Pamphlet disseminated after the Effective Date) serves the

---

[2] It is expected that any class member that schedules an appointment will act in good faith to have the KSDS installed on the scheduled date or shortly thereafter, even if the actual installation occurs outside of the 60-day period.

[3] To clarify, these manufacturer notices constituted the "notices" referred to in this provision of the Settlement (*see* Exhibit A at 5), not the pamphlet defendants intend to disseminate following settlement approval. Nevertheless, defendants will consider the Court's guidance in potentially amending the Settlement to include the pamphlets as Notice. Class Counsel support such an amendment.

salutatory function of encouraging the relatively small group of remaining Class Members to have this important preventative measure promptly installed.

*Update on Settlement Claims Processing.* In order to be ready to disseminate reimbursement payments to class members following the Effective Date,[4] the companies continue to process class member claims under the Settlement expeditiously. HMA and KMA categorize claims somewhat differently; thus not every statistic provided below is directly comparable. But fairly read, the data confirms that the companies have achieved similar claims processing and approval rates to date.

As background, when a claim is submitted to either HMA or KMA for processing, it is initially reviewed to confirm that the necessary information was provided (*e.g.*, Vehicle Identification Number ("VIN"), dates of repair, amounts claimed, and documentation in support of the claim). If information required to fully assess the claim is missing, the companies will contact the class member, notify them of the issue, and request the missing information. For example, if a class member seeks reimbursement for a Qualifying Repair done at an authorized dealership but submits incomplete documentation or fails to identify the dealership, defendants will contact the class member requesting identifying information, such as the date of the Qualifying Repair and the dealership's name and location. After receiving the identifying dealership information, the companies will then contact the specific dealership and request a copy of the class member's documentation. Class members have at least 35 days to provide any missing information. Exhibit A at 22. Often, this process results in a significant number of claims that will ultimately be approved but are "pending determination" not because of a delay in processing but simply to afford class members this additional window to provide missing

---

[4] Payments to the Class do not begin until 30 days after final approval has been given and any appeals exhausted. (Dkt. 128-1 ¶ 9; Dkt. 128-5 at Section 11; Dkt. 128-3 at Section 11.)

information or documentation (*e.g.*, nearly 62% of the HMA claims received and 85% of the KMA claims received are pending additional information from the claimant). Once all information is received, the companies are able to provide a claim determination to the class member, on average, within 7-14 days. If the class member ultimately fails to provide the requested information, the claim is denied as deficient, and a claimant may challenge the determination through the arbitration provisions of the settlement agreement. If the class member's claim is partially approved (*e.g.*, documents support only some of the benefits sought), class members have 35 days from the date of that determination to accept the partial reimbursement or to provide additional documents to supports the rest of their claim. *Id.* Claims that are pending class member acceptance are not considered final until the 35-day period has closed.

As of December 10, 2020, HMA has received 41,461 claims, while KMA has received 36,437 claims. HMA and KMA continue to strive to process received claims as quickly as possible, but, as noted above, the majority of these claims are still pending at this relatively early stage due to missing information from the claimants or additional documentation being requested at the dealership level.

Of the 784 HMA claims denied, 402 were denied because the claim was submitted more than once; 108 claims were denied because the claim was withdrawn; 261 were denied because the claimant did not qualify for benefits under the settlement (*e.g.*, did not own a class vehicle or had received an individual settlement from HMA); and two were denied because the claimant did not follow up with the information requested.

Of the 2,381 KMA claims denied, 383 were denied because the claimant did not own a class vehicle; and 1,998 were denied because the claimant did not provide the additional information requested.

Additional detail about the claims submitted to HMA and KMA is provided in Exhibits B and C, respectively.

1  Based on this update, and assuming that the Court has no further questions,
2 the settling parties respectfully renew their request that the settlement be given final
3 approval, so that class members can begin receiving reimbursements. The settling
4 defendants also stand ready and willing to provide further reports on the status of
5 claims through the claims deadline on whatever frequency that the Court may
6 desire.

10  DATED: December 17, 2020        QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Shon Morgan
Shon Morgan
*Attorneys for Hyundai Motor America, Hyundai Motor Company, Kia Motors America, and Kia Motors Corporation.*

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED:  December 17, 2020 | SAUDER SCHELKOPF LLC |
| 3 | | |
| 4 | | By */s/ Matthew D. Schelkopf* |
| 5 | | |
| 6 | | Joseph G. Sauder<br>Matthew D. Schelkopf<br>Joseph B. Kenney<br>**SAUDER SCHELKOPF**<br>1109 Lancaster Avenue<br>Berwyn, PA 19312<br>Telephone: (610) 200-0581<br>jgs@sstriallawyers.com<br>mds@sstriallawyers.com<br>jbk@sstriallawyers.com |

Adam Gonnelli (*pro hac vice*)
**THE SULTZER LAW GROUP**
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY 12601
Telephone: (845) 483-7100
Facsimile:  (888) 749-7747
gonnelia@thesultzerlawgroup.com

Bonner Walsh (*pro hac vice*)
**WALSH PLLC**
1561 Long Haul Road
Grangeville, ID 83530
Telephone: (541) 359-2827
Facsimile:  (866) 503-8206
bonner@walshpllc.com

Steve W. Berman (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

1  **ECF ATTESTATION**

2  I, Shon Morgan, attest that all other signatories listed, and on whose behalf
3  the filing is submitted, concur in the filing's content and have authorized the e-filing
4  of the foregoing document in compliance with Local Rule 5-4.3.4(a)(2).

6  By  */s/ Shon Morgan*
       Shon Morgan