UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| *In re: Hyundai and Kia Engine Litigation* | CASE NO. 8:17-CV-00838-JLS-JDE<br><br>Related Cases:<br>8:17-cv-01365-JLS JDE<br>8:17-cv-02208-JLS-JDE<br>2:18-cv-05255-JLS-JDE<br>8:18-cv-00622-JLS-JDE<br>8:18-cv-02223-JLS-JDE |

## DECLARATION OF KATRI OLSEN REGARDING CLAIMS ADMINISTRATION

I, Katri Olsen, hereby declare and state as follows:

1. I am a Project Manager employed by Epiq Class Action & Claims Solutions, Inc. ("Epiq"). The statements of fact in this declaration are based on my personal knowledge and information provided to me by my colleagues in the ordinary course of business, and if called on to do so, I could and would testify competently thereto.

2. I submit this declaration to supplement the October 16, 2020, *Declaration of Amanda Sternberg Regarding Notice and Claims Administration* and to provide additional information regarding the claims administration.

## CLAIM STATUS

3. As of March 31, 2021, the date of our most recent scheduled reporting to the parties, Epiq had received 42,269 claims.

4. Per paragraphs III.C-H of the Settlement Agreement, all Claims must include supporting documentation for their claimed elections on the Claim Form. A total of 19,571 of the 42,269 claims were received without supporting documentation. This accounts for over 45% of all claim forms received by Epiq. Per Paragraph III.5 of the Settlement Agreement, these claimants

1

were sent written notice that they were required to provide supporting documentation for their claims and instructing them on how to submit this documentation to Epiq. Of those who were sent the notice requesting documentation, 18,584 did not submit documentation by the response deadline, which was within 35 days of the mail date of the determination letter.

5. In addition, there were 744 Claims submitted which listed Vehicle Identification Numbers ("VINs") that did not correspond to a Class Vehicle.

6. Combined, over 47% of all Claim Forms have been denied due to failure to overcome the threshold requirements of providing documentation and claiming a Class Vehicle.

7. Additionally, within the terms of Settlement Agreement negotiated by Parties, those claims where some documentation *has* been supplied have chiefly been denied for the following reasons:

- A lack of a Qualifying Repair on a Repair Order;
- Claimed incidental expenses not reasonably related to obtaining a Qualifying Repair;
- Prior claimant reimbursement by KMA or warranty coverage of the costs related to the Qualifying Repair;
- Repair delay claim not exceeding 60 days in length or not being for a Qualifying Repair;

8. Amongst the remaining claims submitted with documentation, Epiq has approved 3,584 claims totaling $5,938,959.24 in reimbursements.

**COMPLEXITY OF CLAIMS PROCESS**

9. From a claims processing perspective, this matter is much more complex than a typical class action settlement. In most class action settlements, claimants are often asserting only a single type of claim, and may or may not have to prove that claim with documentation. Even when multiple benefit options are available, it's often a simple choice, such as the choice between a smaller payment for an undocumented claim or a more complete reimbursement for a claim where related expenses can be documented. By contrast, for the instant matter, on each Claim Form there could be a combination of seven benefits ("Remedies") for which a Class Member can claim reimbursement, all of which potentially require distinct documentation to be submitted

in support of the Remedy. Epiq processes and validates each Remedy against the various documentation standards enumerated in Paragraphs III.C-H of the Settlement Agreement. Complete review of a claim entails verification of multiple data points.

10. Epiq reviews all claims and documentation received holistically in order to validate each Remedy claimed. Epiq will review documentation as it is provided for each claim and will frequently need to cross-reference multiple documents in order to substantiate a particular expense. The documentation required to do so can come from multiple sources, including affiliated KMA facilities, third-party facilities, bank statements, hotel and rental car receipts, inspection reports or fire origin & cause reports, letters from insurance companies, and narratives from emergency response departments. The verbiage and terminology used on repair order documentation has a real lack of uniformity, even within KMA-affiliated repair facilities. This adds extra complexity to our review, as certain indicia that shows a Qualifying Repair will differ with each Claim reviewed. Epiq must review repair orders to determine whether a Qualifying Repair was performed or to determine whether the Repair Order shows plainly unrelated expenses, such as repairs to head lights or wheel alignments.

11. As there is so much variance in the supporting documentation and language contained therein, thoughtful and fact-intensive judgment calls have been required. This presents an additional challenge as Epiq must maintain consistency across all claims and adhere to the requirements within the Settlement Agreement. With the goal of achieving consistent processing results using documentation that is inherently inconsistent, the result has been a more protracted and detailed claim review process than a typical settlement.

### EPIQ'S COMMITMENT

12. Epiq has and continues to be committed to work with the parties to achieve the fairest possible result consistent with the terms of the Settlement Agreement. In a case of this size and complexity, isolated instances of human error in claims review is unavoidable and Epiq

acknowledges that such errors have occurred. However, if and when errors are identified, Epiq works immediately both with the claimant to rectify the error and internally to review our processes and make adjustments to review procedures and quality assurance review ensure the error or others like it do not recur. Epiq continues to engage in outreach to claimants who have questions about their determination in an effort to achieve the correct result for each claim.

I declare under penalty of perjury under the laws of the United States and the State of California, that the foregoing is true and correct and that this declaration was executed on April 26, 2021, in Portland, Oregon.

*Katri Olsen*
Katri Olsen
Project Manager
Epiq Class Action & Claims Solutions, Inc. ("Epiq")