JASON ARCHINACO
State Bar ID Number: 284396
jarchinaco@archlawgroup.com
THE ARCHINACO FIRM LLC
The Pennsylvanian
1100 Liberty Avenue, Suite C6
Pittsburgh, PA 15222
Telephone: (412) 434-0555
Fax (888) 563-7549

*ATTORNEYS FOR KNIGHT MOTORS, LP*

# IN THE UNITED STATES DISTRICT COURT
# OF THE CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| *In re: Hyundai and Kia Engine Litigation, No. 8:17-cv-00838-JLS-JDE and Flaherty v. Hyundai Motor Company, Inc. et al, No. 18-cv-02223 (C.D. Cal.)* | **KNIGHT MOTORS, LP OBJECTIONS TO DEFENDANTS' NOTICE REGARDING EXCLUSION OF COMMERCIAL ENTITIES AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**JURY TRIAL DEMANDED** |

## OBJECTIONS TO DEFENDANTS' NOTICE REGARDING COMMERCIAL ENTITIES AND MEMORANDUM OF POINTS AND AUTHORITIES

AND NOW COMES, Knight Motors, LP ("Knight Motors") by and through its counsel, The Archinaco Firm LLC and files the within Objections to Defendants' Notice Regarding Exclusion of Commercial Entities and Memorandum of Points and Authorities, averring in support as follows:

### A. THE COMMERCIAL NOTICE IS MISLEADING AND SHOULD NOT BE APPROVED.

Whether someone is a member of the class or not is irrelevant to whether a recalled vehicle must be remedied as the Safety Act and the federal Recalls required both HMA and KIA to provide a remedy for vehicles that are affected by the engine bearing defect. 49 U.S.C. § 30120. Further, HMA is under a secondary obligation to comply with the Safety Act due to the Consent Agreement that it entered into with NHTSA regarding its engine bearing defect. See generally, Consent Order, ¶ 12(a)-(c); See also, ¶ 16 ("Nothing in this Consent Order discharges Hyundai from any obligation to comply with the Safety Act or regulations thereunder, including the obligation to carry out recalls in accordance with law . . . .").[1]

With regard to the Safety Act, 49 U.S.C. § 30120(a) requires that:

> when notification of a defect or noncompliance is required under section 30118(b) or (c) . . . the manufacturer . . . shall remedy the defect or noncompliance without charge when the vehicle or equipment is presented for remedy.

---

[1] The Consent Order is publicly available at NHTSA's website, located at: https://www.nhtsa.gov/sites/nhtsa.gov/files/documents/rq17-004_hyundai_consent_order_executed_11272020.pdf

2
OBJ. RE: DEFENDANTS' COMMERCIAL NOTICE AND MEMO OF PTS. AUTH

Additionally, Section 30120(a)(1)(A)(i)-(iii) provides a manufacturer with multiple methods it can select from to remedy the defect, including by repairing, replacing or providing a refund as set forth in the statute. Although the election of remedy is left to the manufacturer, what is unequivocally clear is that one of the remedies must be provided in a Section 30118(b) scenario as is instantly presented. Indeed, Section 30120 (c)(2) provides that "[f]ailure to repair a motor vehicle or replacement equipment adequately not later than 60 days after its presentation is prima facie evidence of failure to repair within a reasonable time. . . ."

Here, HMA and KIA have crafted a misleading notice to commercial entities that improperly suggests and/or implies that they do not have an affirmative duty to remedy the vehicles. Not only is there no mention of the Safety Act or HMA / KIA's obligations and duties under the Act, but additionally, the notice unequivocally states that remedies offered to commercial entities are "goodwill gestures" only. This is false, as the Safety Act makes clear. Further, there is nothing in the notice that clarifies that both HMA and KIA are obligated under the Safety Act to provide a remedy, independent of any Class Action Settlement, as they are required to do. As such, the notice should not be approved, as it is misleading.

Accordingly, the second bullet point paragraph in particular should be deleted in its entirety, and replaced with appropriate language that includes a statement that while an owner / entity is no longer entitled to benefits under the Settlement Agreement, that an owner / entity is still entitled to have a qualifying automobile remedied by HMA pursuant to 49 U.S.C. § 30120(a)(1)(A)(i)-(iii), and that the owner

/ entity should contact HMA. No language about "goodwill gesture" should be included in the updated notice.

Proposed remedied language for paragraph 2 of the notice is as follows (bold added, strikethrough deleted):

> While you are no longer entitled to the benefits provided by the Settlement, ~~since you have submitted a claim, as a goodwill gesture, Hyundai is willing to offer benefits to you similar to those offered under the Settlement should you be willing to provide a release of your individual claims~~, **you may be entitled to a remedy pursuant to the Safety Act. (See, 49 U.S.C. § 30120(a)(1)(A)(i)-(iii)).** You will need to contact Hyundai about the ~~benefits~~ **remedy** you are seeking by e-mailing settlement@HMAEngineSettlement.com and referencing your receipt of this Notice. Hyundai will consider these requests on a case-by-case basis **consistent with the Safety Act**. Even if your claim was previously denied, Hyundai may ~~reconsider offering benefits to you~~ still provide a remedy to you. This Notice does not obligate Hyundai to provide you with ~~the same benefits for which you may have previously submitted a Settlement claim benefits~~ beyond those conferred and set forth in the Safety Act.

RESPECTFULLY SUBMITTED

By: */s/Jason A. Archinaco*
Jason A. Archinaco
THE ARCHINACO FIRM LLC
1100 Liberty Ave., Suite C-6
Pittsburgh PA 15222
Counsel for Objector Knight Motors, LP

# CERTIFICATE OF SERVICE

I, Jason A. Archinaco, Esquire, hereby certify that a true and correct copy of the foregoing **KNIGHT MOTORS, LP OBJECTIONS TO DEFENDANTS' NOTICE REGARDING EXCLUSION OF COMMERCIAL ENTITIES AND MEMORANDUM OF POINTS AND AUTHORITIES** was served to and upon the following this 24th day of May 2021 through the courts CM/ECF filing system:

Shon Morgan
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Kari Wohlschlegel
Tina Lo
Christine W. Chen
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111

By: /s/ *Jason A. Archinaco*
Jason A. Archinaco