QUINN EMANUEL URQUHART & SULLIVAN, LLP
Shon Morgan (Bar No. 187736)
shonmorgan@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
Kari Wohlschlegel (Bar No. 294807)
kariwohlschlegel@quinnemanuel.com
Tina Lo (Bar No. 311184)
tinalo@quinnemanuel.com
Christine W. Chen (Bar No. 327581)
christinechen@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re: Hyundai and Kia Engine Litigation* | CASE NO. 8:17-cv-00838-JLS-JDE<br><br>Member Cases:<br>8:17-cv-01365-JLS-JDE<br>8:17-cv-02208-JLS-JDE<br>2:18-cv-05255-JLS-JDE<br>8:18-cv-00622-JLS-JDE<br><br>Related Case:<br>8:18-cv-02223-JLS-JDE<br><br>**DEFENDANTS' RESPONSE TO NON-PARTY KNIGHT MOTORS, LP'S OBJECTIONS TO NOTICE REGARDING EXCLUSION OF COMMERCIAL ENTITIES**<br><br>The Hon. Josephine L. Staton<br>Courtroom: 10A<br>Trial Date: None Set |

Despite not being a party or a class member, Knight Motors, LP purports to object to the proposed notice to commercial entities and owners informing them of their exclusion from the Settlement Class. (Dkt. 205.) The Court should strike Knight Motors' objection for lack of standing or overrule the objection on the merits.

## I.   KNIGHT MOTORS LACKS STANDING TO OBJECT IN THIS CASE

Knight Motors is not a party to this action nor a class member. It is well-settled that only class members possess standing to object to a settlement. *See Kim v. Tinder, Inc.*, No. 18 CV 3093 JFW (ASX), 2019 WL 3064464, at *1 (C.D. Cal. May 24, 2019) ("In a class action lawsuit, an objector is a non-named *class member*." (emphasis added)); *Lozano v. AT&T Wireless Servs., Inc.*, No. CV020090CASAJWX, 2010 WL 11515433, at *5 (C.D. Cal. Nov. 22, 2010) (finding non-class members lacked standing to object). As the Court acknowledged in its final approval order, certain commercial entities such as Knight Motors are now excluded from the Class. (Dkt. 202 at 7, 22.) Thus, Knight Motors has no standing to object to any aspect of this settlement.

## II.   THE COMMERCIAL NOTICE IS NOT MISLEADING

In all events, Knight Motors' bases for objecting to the proposed notice are groundless. Knight Motors contends the exclusion notice "improperly suggests and/or implies that [defendants] do not have an affirmative duty to remedy the vehicles" by omitting references to the Safety Act. (Dkt. 205 at 3.) Yet Knight Motors acknowledges that any obligations Hyundai and Kia owe under the Safety Act are "independent of any Class Action Settlement."[1] (*See id.*) Knight Motors unsurprisingly cannot provide authority for the premise that Hyundai and Kia are obligated to inform those who are ***not in the class*** about ***matters outside of and***

---

[1] Defendants also of course dispute Knight Motors' underlying assumption that these non-class members necessarily have a defect in their respective vehicles that might trigger a duties under the Safety Act.

*wholly unrelated to the settlement*.  The case law is clear that due process does not require providing even *class members* with extraneous information in a class notice.  *See Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1044–45 (9th Cir. 2019) (affirming district court did not err in rejecting objectors' proposal to include information about related cases in settlement notice); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 946 (9th Cir. 2015) (quoting *Lane v. Facebook, Inc.*, 696 F.3d 811, 826 (9th Cir. 2012) (stating that notice need only "describe[] 'the *terms of the settlement* in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard'") (emphasis added); *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 962–63 (9th Cir. 2009) (notice about information beyond those specified in Rule 23 not required).  The proposed exclusion notice fully and fairly fulfills its intended purpose: it informs certain businesses that submitted claims that the Settlement Agreement has been amended and no longer binds them.  (*See* Dkts. 204-1, 204-2.)  It would not provide additional clarity to incorporate Knight Motors' proposed revisions—in fact, it would likely foment confusion by conflating the settlement with unrelated issues.  Accordingly, the Court should strike or overrule Knight Motors' objection.

DATED: June 2, 2021            QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Shon Morgan
Shon Morgan
*Attorneys for Hyundai Motor America, Hyundai Motor Company, Kia Motors America, and Kia Motors Corporation.*