Matthew D. Schelkopf (pro hac vice)
SAUDER SCHELKOPF
1109 Lancaster Avenue
Berwyn, Pennsylvania 19312
mds@sstriallawyers.com

Adam Gonnelli (pro hac vice)
LAW OFFICE OF ADAM R. GONNELLI, L.L.C.
7030 E. Genesee Street
Fayetteville, New York 13066
adam@arglawoffice.com

Bonner Walsh (pro hac vice)
WALSH PLLC
1561 Long Haul Road
Grangeville, ID 83530
bonner@walshpllc.com

*[Additional counsel on signature page]*
*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re: Hyundai and Kia Engine Litigation*, | 8:17-cv-00838-JLS-JDE<br><br>Related Cases:<br>8:17-cv-01365-JLS-JDE<br>8:17-cv-02208-JLS-JDE<br>2:18-cv-05255-JLS-JDE<br>8:18-cv-00622-JLS-JDE<br>8:18-cv-02223-JLS-JDE<br><br>**RESPONSE TO MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL FILED BY PAUL A. SAMPSON**<br><br>Hon. Josephine L. Staton<br>Courtroom: 10A |

Plaintiffs submit this filing in response to the Court's Order Requiring Response to Motion for Extension of Time. (ECF No. 215.) On June 10, 2021, the Court entered an Order and Final Judgment ("Order") that granted final approval to a class action settlement. (ECF No. 210). Pursuant to Rules 4(a) and 26(a) of the Federal Rules of Appellate Procedure, any appeals of the Court's order were due to be filed by July 12, 2021. As the Court is aware, no timely appeals were filed. On August 9, 2021, Paul Sampson filed a Motion for Extension of Time to file an appeal to the Court's Order. (ECF No. 214.) Mr. Sampson's motion, however, is untimely and should be denied for three reasons.

*First*, Mr. Sampson failed to object to the settlement and thus lacks standing to appeal. On October 31, 2020, November 6, 2020, and November 8, 2020, Class Counsel filed declarations with the Court listing all objections received. (ECF Nos. 150, 161, 166.) Mr. Sampson did not file an objection, and still has not submitted an objection consistent with the Court's May 7, 2020 Order granting preliminary approval. (ECF No. 132, at 30 ("Class Members must mail any letter objecting to or opting out of the proposed settlement within **sixty (60 days)** after the Notice Date.") (emphasis in original).) The Settlement Agreement states the following:

> Any Class member who fails to file and serve timely a written objection containing all of the information listed in paragraphs 2 and 3 above, including notice of his/her intent to appear at the Final Approval Hearing, shall not be permitted to object to the Settlement and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by any means, including but not limited to an appeal.

(ECF No. 194-1.) The Notice also states that if the class member "does not submit an objection in accordance with the applicable deadlines and specifications, [the class member] will waive all objections."[1]

Mr. Sampson admits in his motion that he learned of the proposed settlement on

---

[1] https://www.kiaenginesettlement.com/Content/Documents/Notice.pdf (last visited Sept. 21, 2021).

May 10, 2020. (ECF No. 214, at 2.) Mr. Sampson was also provided with notice via email on August 28, 2020, and direct notice via U.S. mail on September 17, 2020. Declaration of Katri Olson at ¶¶ 2-5. On page 2 of the notice, in a large box titled "YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT" the deadline to opt-out or object is listed as October 30, 2020.[2] Despite being made aware of the deadline to object, Mr. Sampson failed to do so. Because Mr. Sampson did not object to the settlement, he cannot now appeal it. *See*, *e.g.*, *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 572 (9th Cir. 2004) (holding "non-named class members ... who have objected in a timely manner to approval of the settlement at the fairness hearing have the power to bring an appeal without first intervening") (citation omitted); *Devlin v. Scardelletti*, 536 U.S. 1, 10, 122 S. Ct. 2005, 2011, 153 L. Ed. 2d 27 (2002) ("It is this feature of class action litigation that requires that class members be allowed to appeal the approval of a settlement *when they have objected at the fairness hearing*.") (emphasis added).

      ***Second***, setting aside the fact that Mr. Sampson failed to submit a timely objection, his proposed modifications to the settlement should be rejected on the merits. Mr. Sampson essentially contends that the settlement relief is inadequate and should offer more. The Court previously rejected this category of objection because "[i]n a class comprising several million people, it is expected that not everybody will be completely satisfied with the offered relief." (ECF No. 202, at 25 (citing *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982) ("The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators."); *Hendricks v. Starkist Co.*, No. 13-cv-00729, 2016 WL 5462423, at *6 (N.D. Cal. Sept. 29, 2016) ("That a more favorable result for some Class Members could potentially have been reached is not a sufficient reason to reject an otherwise fair and reasonable settlement.")). Moreover, Mr.

---

[2] https://www.kiaenginesettlement.com/Content/Documents/Notice.pdf (last visited Sept. 21, 2021).

2

Sampson fails to identify how the settlement terms fail to provide adequate relief for "Senior Citizens, Social Security Recipients, AARP Members, Disabled Veterans, disabled non-veterans, and persons qualifying within the Americans with Disability Act." (ECF No. 214, at 2.)

*Third*, Mr. Sampson also failed to file a timely appeal. Appeals must be filed within 30 days after entry of judgment. Fed. R. App. P. 4(a)(1)(A). Motions for an extension of time are permitted if they (1) are filed within 30 days after the deadline to appeal; *and* (2) the party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5).

"The good cause standard applies in situations in which there is no fault—excusable or otherwise," and "the need for an extension is usually occasioned by something that is not within the control of the movant." *United States v. Washington*, No. 3:15-CR-00104-SLG, 2020 WL 7643098, at *1 (D. Alaska Dec. 23, 2020) (quoting Fed. R. App. P. 4, Committee Notes on Rules—2002 Amendment). Mr. Sampson's filing states that he "misread the time deadline for an appeal." (ECF No. 214, at 3.) His failure to timely appeal was within his control, so there is no "good cause."

Next, "[t]he excusable neglect standard applies…where there is fault," and "the need for an extension is usually occasioned by something within the control of the movant." *United States v. Washington*, 2020 WL 7643098, at *1. In determining whether a sufficient showing of excusable neglect has been made, courts weigh the following four factors: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

|     |     |
| --- | --- |
| 1   | Here, there would be enormous prejudice to the non-moving parties and the |
| 2   | class, and allowing an untimely appeal will have an adverse impact on judicial |
| 3   | proceedings. The Settlement was negotiated at length between counsel and via |
| 4   | mediation. Notice went out a year or more ago, and class members immediately began |
| 5   | submitting—and Defendants and Class Counsel processing or assisting—those claims. |
| 6   | The parties have put extensive effort into the settlement and its administration to date. |
| 7   | Over $16 million in payments have already been sent to Class members, and more |
| 8   | payments are being processed.  Pausing or potentially rolling back that process to |
| 9   | permit this appeal would have vast, negative consequences for the Class, including |
| 10  | delaying or denying much-needed monetary relief and vehicle repairs. Class members |
| 11  | had 60 days to submit their objections. A modest number of class members submitted |
| 12  | objections. The Court held its Fairness Hearing on November 13, 2020, and ultimately |
| 13  | overruled the objections, including those that contended the settlement could offer |
| 14  | more relief, as Mr. Sampson belatedly claims now. The proper time for considering |
| 15  | Mr. Sampson's concerns was last fall, and he failed to act. This failure cannot now |
| 16  | derail settlement relief for millions of class members. |
| 17  | Moreover, the basis for Mr. Sampson's extension is that he "has been working |
| 18  | on a proposed Amendment to the Final Judgment intermittently for approx. 6 weeks." |
| 19  | (ECF No. 214, at 3.) There are no details provided regarding the "proposed |
| 20  | Amendment" other than Mr. Sampson's statement that the "case needs at minimum an |
| 21  | addendum to protect Seniors Citizens, Social Security Recipients, AARP Members, |
| 22  | Disabled Veterans, disabled non-veterans, and persons qualifying within the |
| 23  | Americans with Disability Act." (*Id.* at 2.) While these goals are certainly noble, Mr. |
| 24  | Sampson is essentially contending that the settlement should offer more. As set forth |
| 25  | above, similar objections received by the Court were overruled. In addition, there is no |
| 26  | explanation as to why the settlement purportedly fails to protect those persons. |
| 27  | Regarding the third factor, "the stated reason for the delay is the factor |
| 28  | considered to be the linchpin in deciding whether carelessness or neglect is |

excusable." *In re Pelle*, 571 B.R. 846, 853 (Bankr. C.D. Cal. 2017). A detailed explanation for the mistake and delay is required to meet this standard. *See Salinas v. IA Lodging San Diego, L.L.C.*, No. 21-CV-495 JLS (BLM), 2021 WL 1599278, at *2 (S.D. Cal. Apr. 23, 2021) (finding inadequate plaintiff's "conclusory declarations without a detailed description of why counsel's [staff] made a mistake in calendaring") (quoting *Culpepper v. Merit*, No. CV 07-4377R, 2008 WL 11343360, at *1 (C.D. Cal. June 30, 2008)). Here, Mr. Sampson simply states that he "misread the time deadline for an Appeal as 60 days." (ECF No. 214, at 3.) Regardless, Mr. Sampson failed to timely object, or even formally object at all. Mr. Sampson's request is not 25 days late, but rather 280 days late. While Class Counsel does not believe there was a justifiable reason for missing the appellate deadline by 25 days, there is certainly no justifiable reason for failing to timely object, or object at all.

   Finally, Class Counsel does not believe that Mr. Sampson filed his motion in bad faith, and respectfully submits that the fourth factor is neutral. However, because the first three factors weigh against Mr. Sampson's motion for an extension, Mr. Sampson's motion should not be allowed on the basis of excusable neglect.

   While perhaps a noble gesture, Mr. Sampson's motion should be denied because (i) he lacks standing to appeal because he did not object to the settlement; (ii) his objection would have failed on the merits even if timely filed; and (iii) his failure to object or timely appeal is not due to a good cause or excusable neglect.

| | | |
|---|---|---|
| 1 | Dated: September 21, 2021 | Respectfully submitted, |
| 2 | | By: /s/ *Matthew D. Schelkopf* |
| 3 | | Joseph G. Sauder |
| 4 | | Matthew D. Schelkopf |
| | | Joseph B. Kenney |
| 5 | | **SAUDER SCHELKOPF** |
| 6 | | 1109 Lancaster Avenue |
| | | Berwyn, PA 19312 |
| 7 | | Telephone: (610) 200-0581 |
| 8 | | jgs@sstriallawyers.com |
| | | mds@sstriallawyers.com |
| 9 | | jbk@sstriallawyers.com |
| 10 | | |
| 11 | | Adam Gonnelli (*pro hac vice*) |
| 12 | | **LAW OFFICE OF ADAM R. GONNELLI, L.L.C.** |
| 13 | | 7030 E. Genesee Street |
| 14 | | Fayetteville, NY 13066 |
| | | Telephone: (917) 541-7110 |
| 15 | | Facsimile: (315) 446-7521 |
| 16 | | adam@arglawoffice.com |
| 17 | | Bonner Walsh (*pro hac vice*) |
| 18 | | **WALSH PLLC** |
| | | 1561 Long Haul Road |
| 19 | | Grangeville, ID 83530 |
| 20 | | Telephone: (541) 359-2827 |
| 21 | | Facsimile: (866) 503-8206 |
| | | bonner@walshpllc.com |
| 22 | | |
| 23 | | Steve W. Berman (*pro hac vice*) |
| 24 | | **HAGENS BERMAN SOBOL SHAPIRO LLP** |
| 25 | | 1301 Second Avenue, Suite 2000 |
| | | Seattle, WA 98101 |
| 26 | | Telephone: (206) 623-7292 |
| 27 | | Fax: (206) 623-0594 |
| 28 | | steve@hbsslaw.com |

Response to Motion for Extension of Time to File Notice of Appeal
Case No.: 8:17-cv-00838

# CERTIFICATE OF SERVICE

I, Matthew D. Schelkopf, hereby certify that on this 21st day of September, 2021, I caused the foregoing to be filed using the Court's CM/ECF system, and thereby electronically served it upon all registered ECF users in this case.

By:   /s/ *Matthew D. Schelkopf*
       Matthew D. Schelkopf

Response to Motion for Extension of Time to File Notice of Appeal
Case No.: 8:17-cv-00838