UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:17-cv-00838-JLS-JDE | Date: January 11, 2022 |
| Title:  In re: Kia Engine Litigation | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                          Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL (Doc. 214)**

Before the Court is a Motion for Extension of Time to File Notice of Appeal filed by Paul Sampson, a class member in this automotive class action.  (Mot., Doc. 217.) Class Counsel filed a response opposing Mr. Sampson's Motion, and Defendants joined Class Counsel's response.  (Response to Motion for Extension of Time to File Notice of Appeal Filed by Paul A. Sampson, Doc. 217; Notice of Defendants' Joinder in Class Counsel's Response to Motion for Extension of Time to File Appeal Filed by Paul A. Sampson, Doc. 218.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); L. R. 7-15.  For the following reasons, the Court DENIES Mr. Sampson's Motion.

Mr. Sampson's seeks an extension of time to appeal this Court's order granting final approval to the class action settlement.  (Mot., Doc. 217; Order and Final Judgment, Doc. 210.)  "For an unnamed class member to have standing to appeal a decision in a class action, he or she must have properly raised objections to that decision during the pendency of the litigation."  *In re Plastics Additives Antitrust Litig.*, 2009 WL 405522, at *1 (3d Cir. Feb. 19, 2009); *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 572 (9th Cir. 2004) (holding "non-named class members . . . who have objected in a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-00838-JLS-JDE                                        Date: January 11, 2022
Title:  In re: Kia Engine Litigation

timely manner to approval of the settlement at the fairness hearing have the power to bring an appeal without first intervening" (internal quotation marks omitted)).   Here, Mr. Sampson lacks standing to appeal the class action settlement as he failed to timely object to the class action settlement.

The class action settlement agreement provides that "[a]ny Class member who fails to file and serve timely a written objection . . . shall not be permitted to object to the Settlement and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by any means, including but not limited to an appeal." (Executed Settlement Agreement at 34, Doc. 194-1.)   Mr. Sampson admits that he first knew about the proposed settlement by May 10, 2020.  (Mot. at 1, Doc. 214.)   Moreover, Class Counsel provided Mr. Sampson with notice of the proposed settlement by email on August 28, 2020 and direct notice via U.S. mail on September 17, 2020.  (Declaration of Katri Olson at ¶¶ 2-5, Doc. 217-1.)   The notice advised Mr. Sampson of his deadline to object or opt-out by October 30, 2020.  However, despite having notice of the applicable deadline, Mr. Sampson failed to object.  Accordingly, Mr. Sampson's Motion is DENIED.

                                                                                        Initials of Deputy Clerk: mku